1  David L. Cheng, Bar No. 240926
   dcheng@fordharrison.com
2  FORDHARRISON LLP
   350 South Grand Avenue, Suite 2300
3  Los Angeles, CA  90071
   Telephone:    (213) 237-2400
4  Facsimile:    (213) 237-2401

5  Attorneys for Defendants
   LINCARE INC. and ALPHA RESPIRATORY INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 | CHRISTINA CULLEY, an individual, on          CASE NO.
      behalf of herself and on behalf of all
12 | persons similarly situated,                   **NOTICE OF REMOVAL OF ACTION
                                                    UNDER 28 U.S.C. §§ 1332, 1441(b) AND
13 |              Plaintiff,                        1446 BY DEFENDANTS LINCARE INC.
                                                    AND ALPHA RESPIRATORY INC.;
14 |        v.                                      DECLARATIONS OF DAVID L. CHENG,
                                                    ROBERT REICHARD, PAULA ADAMS
15 | LINCARE INC., a Corporation; ALPHA            AND CASEY NEWMARK IN SUPPORT
      RESPIRATORY INC., a Corporation; and         THEREOF**
16 | DOES 1 through 50, Inclusive,

17 |              Defendants.

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
     LLP
 ATTORNEYS AT LAW
   LOS ANGELES

WSACTIVELLP:7239934.1                      DEFENDANTS' NOTICE OF REMOVAL

                                           DOCUMENT PRINTED ON RECYCLED PAPER

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2    **EASTERN DISTRICT OF CALIFORNIA:**

3        PLEASE TAKE NOTICE that Defendants Lincare Inc. and Alpha Respiratory Inc.

4    ("Defendants") hereby removes the above-entitled action from the Superior Court of the State of

5    California, County of Sacramento, to the United States District Court for the Eastern District of

6    California pursuant to 28 U.S.C. §§ 1332(a) (Diversity of Citizenship), 1332(d), 1441(b), 1446

7    and 1453.

8    **I.    PLEADINGS AND PROCESS, AND ORDERS**

9        1.    On October 21, 2014, Plaintiff Christina Culley ("Plaintiff"), individually and on

10   behalf of others similarly situated, filed a complaint against Defendants entitled "*Christina Culley*

11   *v. Lincare Inc., et al.*," in the Superior Court of California, for the County of Sacramento, Case

12   No. 34-2014-00170400-CU-OE-GDS (hereinafter, the "Complaint").

13       2.    Plaintiff and the members of the putative class she seeks to represent are current

14   and/or former hourly employees who were allegedly employed by Defendants and who work(ed)

15   at Defendants' facilities in California.  The Complaint alleges three causes of action: (1) violation

16   of California Business and Professions Code § 17200, *et seq.* (seeking restitution for violations of

17   California Labor Code §§ 204 (untimely payment of wages), 226.7 (failure to provide meal/rest

18   breaks), 510 (unpaid overtime), 512 (failure to provide meal breaks), 1194 (unpaid minimum

19   wages), 1197 (unpaid minimum wages) & 1198 (unpaid overtime); (2) violation of California

20   Labor Code § 510 (unpaid overtime); and (3) violation of California Labor Code § 226 (non-

21   compliant wage statements).

22       3.    True and correct copies of Plaintiff's Complaint and summons are attached to the

23   Declaration of David L. Cheng ("Cheng Decl.") as Exhibit A.  The allegations in the Complaint

24   are incorporated for reference in this notice of removal but are not admitted.

25       4.    A true and correct copy of the Civil Case Cover Sheet, which was filed with the

26   state court on October 21, 2014, is attached to the Cheng Decl. as Exhibit B.

27       5.    A true and correct copy of the Notice of Assignment to Department 35 for

28

WSACTIVELLP:7239934.1                -1-              DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

1   Complex Case Management Determination, which was issued by the state court on December 23,

2   2014, is attached to the Cheng Decl. as Exhibit C.

3         6.     A true and correct copy of the Clerk's Certificate of Service by Mail, which was

4   issued by the state court clerk on December 29, 2014, is attached to the Cheng Decl. as Exhibit D.

5         7.     A true and correct copy of Defendants' Answer, which was filed by Defendants on

6   January 8, 2015, is attached to the Cheng Decl., as Exhibit E.

7         8.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process,

8   pleadings and orders served on or received by Defendants in this action. To Defendants'

9   knowledge, no further process, pleadings, or orders related to this case have been filed in Superior

10  Court of California, Sacramento County or served by any party.

11  **II.     TIMELINESS OF REMOVAL**

12        9.     Defendants were served with and received the summons and original complaint

13  through personal service on CT Corporation on December 12, 2014.  This notice of removal is

14  timely filed as it is filed within thirty (30) days of the receipt of the summons and original

15  complaint on Defendants, accounting for weekends. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc.

16  6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13,

17  2011).

18  **III.    VENUE**

19        10.    Sacramento County, California is located within the Eastern District of California.

20  Thus, venue is proper pursuant to 28 U.S.C. § 84(a) because this is the "district and division

21  embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a).

22  **IV.    INTRA-DISTRICT ASSIGNMENT**

23        11.    Pursuant to E.D. Cal. Civ. L.R. 120(d), because this action arises in Sacramento

24  County, it should be assigned to the Sacramento Division or Redding Division.

25  **V.     STATEMENT OF JURISDICTION**

26        12.    This Court has original jurisdiction over this action under the diversity of

27  citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district

28

1   courts original jurisdiction over civil actions where the matter in controversy allegedly exceeds

2   the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different

3   states.  As set forth below, this case meets all of the diversity statute's requirements for removal

4   and is timely and properly removed by the filing of this notice.

5          13.    This Court also has original jurisdiction over the case pursuant to 28 U.S.C. §

6   1332(d), the Class Action Fairness Act of 2005 ("CAFA").  CAFA provides the federal district

7   courts with original jurisdiction over civil class action lawsuits filed under federal or state law in

8   which any member of a class of plaintiffs is a citizen of a state different from any defendant, and

9   where the amount in controversy exceeds $5 million exclusive of interest and costs.  28 U.S.C. §

10   1332(d)(2).  Here, removal is proper under CAFA because, as set forth below, the case is filed as

11   a civil class action, the amount in controversy allegedly exceeds $5 million exclusive of interest

12   and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state

13   different from Defendants.  The exceptions set forth in 28 U.S.C. § 1332(d)(3)-(5) are not

14   applicable here.

15   **IV.**     **DIVERSITY OF CITIZENSHIP**

16          14.    The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant part:

17          The district courts shall have original jurisdiction of all civil actions where the matter in

18   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

19              (1) citizens of different States. . . .

20        **A.**     **Citizenship of Parties**

21          15.    To establish citizenship for diversity purposes, a natural person must be both a

22   citizen of the United States and a domiciliary of a particular state.  *Kantor v. Wellesley Galleries,*

23   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

24          16.    Plaintiff is a resident of Butte County, California, and is, therefore, a citizen of the

25   State of California and a citizen of the United States.  (Newmark Decl. ¶ 3.)

26          17.    Defendant Lincare Inc. is a Delaware corporation having its principal place of

27   business in the State of Florida.  (Reichard Decl. ¶ 3.)  Accordingly, Lincare is considered a

28

1   citizen of Delaware and Florida.   28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props.*

2   *Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the state

3   where its principal place of business is located, and (2) the state in which it is incorporated").

4         18.   Defendant Alpha Respiratory Inc. is a Delaware corporation having its principal

5   place of business in the State of Florida.  (Adams Decl. ¶ 3.)  Accordingly, Alpha Respiratory is

6   considered a citizen of Delaware and Florida.  28 U.S.C. § 1332(c)(1); *Johnson v. Columbia*

7   *Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the

8   state where its principal place of business is located, and (2) the state in which it is

9   incorporated").

10         19.   Defendants are not citizens of the State of California, where this action is currently

11   pending, and thus there is complete diversity between the parties.

12         20.   The presence of Doe defendants in this case has no bearing on diversity with

13   respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

14   citizenship of defendants sued under fictitious names shall be disregarded").

15         **B.**    **Amount in Controversy Regarding Plaintiff's Individual Claims**

16         21.   Without specifying the exact amount in monetary damages sought, Plaintiff alleges

17   that the damages are less than $75,000 for Plaintiff.  (Complaint ¶¶ 21, 22, Cheng Decl., Exh. A.)

18   Plaintiff's assertion that the amount in controversy is less than the applicable jurisdictional

19   threshold does not deprive this Court of jurisdiction or bar removal.  *See Guglielmino v. McKee*

20   *Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007); *Quintana v. Claire's Stores, Inc.*, No. 13-

21   0368, 2013 WL 1736671, at *2 (N.D. Cal. Apr. 22, 2013).

22         22.   A defendant's notice of removal need include only a plausible allegation that the

23   amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is

24   required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart*

25   *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014).  As

26   noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount

27   in controversy requirement has been met.  Rather, defendants may simply allege or assert that the

28

1    jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In

2    case of a dispute, the district court must make findings of jurisdictional fact to which the

3    preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal

4    Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).[1]

5    Here, Defendants can plausibly allege, based on Plaintiff's complaint and her prayer for relief that

6    the amount in controversy for Plaintiff's individual claims exceeds $75,000.  The assertions of

7    Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data

8    currently available to Defendants.

9         23.    Plaintiff alleges that she has been employed by Defendants in California as a non-

10   exempt employee since September of 2010.  (Complaint at ¶ 5, Cheng Decl., Exh. A.)  Through

11   her Complaint, Plaintiff seeks, in part, compensatory damages, including damages for regular

12   wages, reporting time wages, and overtime compensation—both for purposes of recovery of

13   wages and for purposes of restitution under Cal. Bus. & Prof. Code § 17200.  (*See* Complaint at

14   Prayer for Relief and at pp. 34-35, Cheng Decl., Exh. A.)  Plaintiff also seeks wage statement

15   penalties pursuant to Cal. Lab. Code § 226(e) on behalf of herself.  *See id.*  Accordingly, based on

16   the statutes of limitations applicable to Plaintiff's individual claims, she seeks recovery of wages

17   and/or restitution going back one, three and four years prior to the date Plaintiff filed this action,

18   or October 21, 2013, October 21, 2011 and October 21, 2010, respectively.  Cal. Code Civ. Proc.

19   § 338(a) (three years for wages); *id.* at § 340 (one year for wage statement penalties); Cal. Bus. &

20   Prof. Code § 17208 (four years).  During her employment, Plaintiff earned on average $23.31 per

21   hour and typically worked an 8-hour workday approximately 5 days per week.  (Newmark Decl.

22   ¶ 4.)  Consequently, her overtime rate of pay would be on average $34.97 per hour and her

23   double-time rate of pay would be on average $46.62.  Additionally, Plaintiff specifically worked

24   as a Healthcare Specialist at Alpha Respiratory's facilities in Chico, California.  During her

25   employment, given the size of the Chico facility and the fact that Plaintiff was one of only two

26   Healthcare Specialists for the facility, Plaintiff was expected to frequently be on-call.  (Newmark

27   ───────────────
[1] The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those
28   allegations." *Dart Cherokee*, 135 S. Ct. at 554.

1   Decl. ¶ 5.)

2       24.    The damages and penalties claims by Plaintiff include the following, which is not

3   an exhaustive compilation:

4       25.    In her Complaint, Plaintiff alleges the Defendants failed to pay her overtime and

5   wages for all hours worked in that Plaintiff was "sometimes required to remain on 'stand-by' or

6   'on-call' twenty-four (24) hours per day throughout the year pursuant to [Defendants'] on-call

7   policy." (Complaint at ¶ 17, Cheng Decl., Exh. A.)  Plaintiff further alleges that, "after returning

8   home from at least an eight (8) hour work day, the designated [employee, including Plaintiff] is

9   required to remain on-call for the entire night, every night of the week, for the entire week

10  without additional compensation."  (*Id.*)  Plaintiff's claims for unpaid overtime and wages are

11  pleaded without specificity.  Additionally, Plaintiff was expected to frequently be on-call given

12  the size of the Chico facility and that Plaintiff was one of only two Healthcare Specialists for the

13  facility.  (Newmark Decl. ¶ 5.)  Assuming *arguendo* that Plaintiff was on-call at least one week

14  every month, during the relevant four-year statute of limitations, Plaintiff's claims for her "on-

15  call" time would be estimated at $259,587.80 ([8 hours x $23.31 + 32 hours x $34.97 + 88 hours

16  x $46.62] x 12 times per year x 4 years).[2]

17      26.    In her Complaint, Plaintiff also alleges that Plaintiff "[was] also from time to time

18  unable to take off-duty meal and rest breaks and [was] not fully relieved of duty for meal

19  periods." (Complaint at ¶ 16, Cheng Decl., Exh. A.)  Where an employer fails to provide a meal

20  period or rest period, "the employer shall pay the employee one additional hour of pay at the

21  employee's regular rate of compensation for each workday that the meal or rest … period is not

22  provided."  Cal. Lab. Code § 226.7(c).  Additionally, the California Court of Appeal has held that

23  Cal. Lab. Code § 226.7 authorizes separate premium payments for failure to provide both meal

24  periods and rest periods.  *United Parcel Service, Inc. v. Superior Court*, 196 Cal.App.4th 57, 60

25  (2011).  Plaintiff's claims for unprovided meal and rest breaks are pleaded without specificity.

---

26  [2] Given Plaintiff's allegation that she was expected to be "on-call," 24-hours per day, for an entire
    week (Complaint at ¶ 17, Cheng Decl., Exh. A.), and given her typical work schedule being 8
27  hours per day and 5 days per week, Plaintiff appears to be claiming that she is owed, for every
    week she was "on-call," an additional 8 hours of straight time hourly pay, 32 hours of
28  daily/weekly/seventh-day overtime pay, 88 hours of daily/seventh-day double-time pay.

1   Therefore, assuming *arguendo* 1 meal break was missed per month, Plaintiff may seek individual

2   relief for meal breaks, pursuant to Cal. Lab. Code § 226.7, in an estimated amount totaling

3   $1,118.88 ($23.31 x 12 times per year x 4 years).   Additionally, and assuming *arguendo* 1 rest

4   break was missed per month, Plaintiff may seek individual relief for rest breaks, pursuant to Cal.

5   Lab. Code § 226.7, in an estimated amount totaling $1,118.88 ($23.31 x 12 times per year x 4

6   years).

7         27.     In her Complaint, Plaintiff also alleges that Defendants "fail[ed] to provide an

8   accurate wage statement" when Plaintiff "work[ed] overtime, reported to work twice in one

9   workday, and/or miss meal periods." (Complaint at ¶ 79.) Because Labor Code section 226(e)(1)

10   provides for a penalty of up to $4,000, the total amount of potential penalties for Plaintiff would

11   be $4,000.[3] *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir.

12   2000) (stating that in determining the jurisdictional amount in controversy has been satisfied,

13   courts may consider the maximum statutory penalty available).

14         28.     In her Complaint, Plaintiff also alleges that Defendants failed to pay Plaintiff with

15   reporting time pay "when [Defendants] require[d] Plaintiff … to respond [sic] calls and engage in

16   additional work performing medical support, [thus resulting] in a second reporting for work in a

17   single workday." (Complaint at ¶ 19.)  "If an employee is required to report for work a second

18   time in any one workday and is furnished less than two (2) hours of work on the second reporting,

19   said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall

20   not be less than the minimum wage." 8 Cal. Code Regs. § 11050, § 5(B).  Plaintiff's claims for

21   reporting time pay are pleaded without specificity.  Therefore, assuming *arguendo* Plaintiff

22   reported for work a second time once a month, but in each of those instances, worked only half-

23   an-hour, Plaintiff may seek individual relief for reporting time pay in an estimated amount

24   totaling $1,678.32 during the relevant 4-year statute of limitations ($23.31 x 12 times per year x 4

25   years x 1.5 hours of reporting time pay).

26         29.     Plaintiff also seeks an award of reasonable attorneys' fees.  (*See* Complaint at

27   [3] Wage statement claims are subject to a one-year statute of limitations. *See, e.g., Elliot v.*
*Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1179 (C.D. Cal. 2008) (citing Cal. Code Civ.

28   Proc. § 340, which governs the statutes of limitations for claims seeking penalties).

WSACTIVELLP:7239934.1                                    - 7 -                    DEFENDANT'S NOTICE OF REMOVAL

1   Prayer for Relief and at p. 25, Cheng Decl., Exh. A [citing Cal. Lab. Code §§ 218.5, 226 and

2   1194.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the

3   calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite

4   jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

5   ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or

6   discretionary language, such fees may be included in the amount in controversy"); *Brady v.*

7   *Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in

8   controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be

9   recovered by plaintiff if she were to prevail). While Plaintiff's attorneys' fees cannot be precisely

10  calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR*

11  *Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002). Additionally, courts in this circuit have

12  held that, for purposes of calculating the amount in controversy in wage-and-hour-class actions,

13  removing defendants can reasonably assume plaintiffs are entitled to attorney fees valued at

14  approximately 25% of projected damages. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th

15  Cir. 2003). Considering the sum of the potential damages from above, estimated to be at least

16  $267,503.90, it is reasonable to assume *arguendo* that the potential attorneys' fees would be

17  $66,875.97 ($267,503.90 x 25%).

18          30.     Defendants do not concede Plaintiff's claims have any merit, however, when the

19  relief sought is taken as a whole, the amount in controversy for Plaintiff's claims more likely than

20  not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court

21  has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of

22  citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

23          Summing the foregoing amounts yields the following:

24          California overtime and wages                    $259,587.80

25          Meal period premiums                             $1,118.88

26          Rest period premiums                             $1,118.88

27          Wage statement penalties                         $4,000.00

28          Reporting time pay                               $1,678.32

WSACTIVELLP:7239934.1                    - 8 -          DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

| | |
|---|---|
| Attorneys' fees | $66,875.97 |
| **Total Potential Amount in Controversy** | **$334,379.90** |

Accordingly, the potential amount in controversy is in excess of the $75,000 threshold for diversity jurisdiction.

## VI.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

31.     This action was initially brought pursuant to California Code of Civil Procedure § 382 on behalf of a putative California class and California Labor subclass, the sizes of which are not specified and/or are unknown to Plaintiff.  (Complaint at ¶¶ 22, 24, 36, Cheng Decl., Ex. A.)  However, Plaintiff claims the putative classes are so numerous that the individual joinder of all members is impracticable.  *Id.* at ¶¶ 30, 39.

32.     This Court has original jurisdiction over the case under 28 U.S.C. § 1332(d)(2) because the case is filed as a civil class action, the amount in controversy exceeds $5 million exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from Defendants.

### A.     Citizenship of Parties

33.     Defendants re-assert and incorporate by this reference, as though fully set forth herein, paragraphs 15 through 20 of this Notice of Removal.

34.     Pursuant to 28 U.S.C. § 1453(b), "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  CAFA's diversity requirement is satisfied when any member of a class of citizens is a citizen of a State different from any defendant.  28 U.S.C. § 133(d)(2).

35.     Plaintiff is a resident of Butte County, California, and is, therefore, a citizen of the State of California and a citizen of the United States.  (Newmark Decl. ¶ 3.)

36.     Defendant Lincare Inc. is a Delaware corporation having its principal place of

DOCUMENT PRINTED ON RECYCLED PAPER

1   business in the State of Florida. (Reichard Decl. ¶ 3.) Accordingly, Lincare is considered a

2   citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props.*

3   *Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the state

4   where its principal place of business is located, and (2) the state in which it is incorporated").

5       37.   Defendant Alpha Respiratory Inc. is a Delaware corporation having its principal

6   place of business in the State of Florida. (Adams Decl. ¶ 3.) Accordingly, Alpha Respiratory is

7   considered a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia*

8   *Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the

9   state where its principal place of business is located, and (2) the state in which it is

10  incorporated").

11      38.   Defendants are not citizens of the State of California, where this action is currently

12  pending, and thus there is complete diversity between the parties.

13      39.   The presence of Doe defendants in this case has no bearing on diversity with

14  respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

15  citizenship of defendants sued under fictitious names shall be disregarded").

16      40.   Here, diversity of citizenship is met because Plaintiff and at least some, if not all of

17  the putative class members are citizens of California while Defendants are citizens of Delaware

18  and Florida. *See* 28 U.S.C. § 1332(d)(2)(A).

19      **B.   The Amount in Controversy Exceeds $5 Million**

20      41.   Without specifying the exact amount in monetary damages sought, Plaintiff alleges

21  that the damages are less than $5 million in the aggregate for the entire class. (Complaint ¶¶ 6,

22  22, 36, Cheng Decl., Exh. A). Plaintiff's assertion that the amount in controversy is less than the

23  applicable jurisdictional threshold does not deprive this Court of jurisdiction or bar removal. *See*

24  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007); *Quintana v. Claire's*

25  *Stores, Inc.*, No. 13-0368, 2013 WL 1736671, at *2 (N.D. Cal. Apr. 22, 2013).

26      42.   A defendant's notice of removal need include only a plausible allegation that the

27  amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is

28

DOCUMENT PRINTED ON RECYCLED PAPER

1    required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart*

2    *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014).  As

3    noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount

4    in controversy requirement has been met.  Rather, defendants may simply allege or assert that the

5    jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In

6    case of a dispute, the district court must make findings of jurisdictional fact to which the

7    preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal

8    Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011).

9    Here, Defendants can plausibly allege, based on Plaintiff's complaint and her prayer for relief that

10   the amount in controversy for Plaintiff's class-wide claims exceeds $5 million.  The assertions of

11   Defendants herein are limited to their preliminary understanding of Plaintiff's claims and data

12   currently available to Defendants.

13           43.     According to Plaintiff, the sizes of the putative classes are unknown but are so

14   numerous that the individual joinder of all members is impracticable.  (Complaint at ¶¶ 30, 39,

15   Cheng Decl., Ex. A.)   Plaintiff proposes a class consisting of "all individuals who are or

16   previously were employed by [Defendants] in California classified as non-exempt employees …

17   at any time during the period beginning four (4) years prior to the filing of this Complaint and

18   ending on the date as determined by the Court." *Id.* at ¶ 24 (the "CALIFORNIA CLASS").

19   Plaintiff also proposes a subclass consisting of "all members of the CALIFORNIA CLASS

20   classified as non-exempt employees … at any time during the period beginning three (3) years

21   prior to the filing of the complaint and ending on the date as determined by the Court." *Id.* at

22   ¶ 36.  Defendants assert that 485 individuals worked as hourly employees in California within

23   four years prior to the filing of this Complaint until the present, and that 401 individuals worked

24   as hourly employees in California within three years prior to the filing of this Complaint until the

25   present.  (Reichard Decl. ¶¶ 5, 7; Adams Decl. ¶¶ 5, 7.)   Additionally, Defendants assert that 194

26   individuals whom worked as hourly employees in California were terminated within three years

27   prior to the filing of this Complaint until the present, and that 289 individuals worked as hourly

28   employees in California within one year prior to the filing of this Complaint until the present.

WSACTIVELLP:7239934.1                      - 11 -              DEFENDANT'S NOTICE OF REMOVAL

1   (Reichard Decl. ¶¶ 8-9; Adams Decl. ¶¶ 8-9.)  Additionally, the estimated workforce in California

2   during the alleged four-year period was 27 for Alpha Respiratory and 262 for Lincare,

3   respectively; and the average hourly rates of pay during the alleged four-year period was $17.56

4   for Alpha Respiratory and $16.78 for Lincare, respectively.  (Reichard Decl. ¶¶ 6, 10-11; Adams

5   Decl. ¶¶ 6, 10-11.)

6          44.     Through her Complaint, Plaintiff seeks, in part, compensatory damages on behalf

7   of the class, including damages for regular wages, reporting time wages, and overtime

8   compensation—both for purposes of recovery of wages and for purposes of restitution under Cal.

9   Bus. & Prof. Code § 17200.  (*See* Complaint at Prayer for Relief and at pp. 34-35, Cheng Decl.,

10   Exh. A.)  Plaintiff also seeks waiting time penalties pursuant to Cal. Lab. Code § 203 and wage

11   statement penalties pursuant to Cal. Lab. Code § 226(e) on behalf of the class.  *See id.*

12   Accordingly, based on the statutes of limitations applicable to Plaintiff's individual claims, she

13   seeks recovery of wages and/or restitution going back one, three and four years prior to the date

14   Plaintiff filed this action, or October 21, 2013, October 21, 2011 and October 21, 2010,

15   respectively.  Cal. Code Civ. Proc. § 338(a) (three years for wages); *id.* at § 340 (one year for

16   wage statement penalties); Cal. Bus. & Prof. Code § 17208 (four years); Cal. Lab. Code § 203(b)

17   (three years for Cal. Lab. Code § 203 penalties).

18          45.     The damages and penalties claims by Plaintiff on behalf of the class include the

19   following, which is not an exhaustive compilation:

20          46.     In her Complaint, Plaintiff alleges the Defendants failed to pay her and class

21   members overtime and wages for all hours worked in that Plaintiff and the putative class were

22   "sometimes required to remain on 'stand-by' or 'on-call' twenty-four (24) hours per day

23   throughout the year pursuant to [Defendants'] on-call policy." (Complaint at ¶ 17, Cheng Decl.,

24   Exh. A.)  Plaintiff further alleges that, "after returning home from at least an eight (8) hour work

25   day, the designated [employee, including Plaintiff] is required to remain on-call for the entire

26   night, every night of the week, for the entire week without additional compensation." (*Id.*)

27   Plaintiff's claims for unpaid overtime and wages are pleaded without specificity.  Assuming

28   *arguendo* that putative class members were on-call at least four times per year, during the

1    relevant four-year statute of limitations, the claims for the putative class' "on-call" time would be

2    estimated at $13,717,194.72 (([8 hours x $16.78 + 32 hours x $25.17 + 88 hours x $33.56] x 4

3    times per year x 4 years x 262 [estimated size of workforce for Lincare]) + (8 hours x $17.56 + 32

4    hours x $26.32 + 88 hours x $35.12] x 4 times per year x 4 years x 27 [estimated size of

5    workforce for Alpha Respiratory])).[4]  (Reichard Decl. ¶¶ 6, 10; Adams Decl. ¶¶ 6, 10.)

6        47.     In her Complaint, Plaintiff also alleges that Plaintiff and the putative class "were

7    also from time to time unable to take off-duty meal and rest breaks and were not fully relieved of

8    duty for meal periods." (Complaint at ¶ 16, Cheng Decl., Exh. A.)  Where an employer fails to

9    provide a meal period or rest period, "the employer shall pay the employee one additional hour of

10   pay at the employee's regular rate of compensation for each workday that the meal or rest …

11   period is not provided." Cal. Lab. Code § 226.7(c).  Additionally, the California Court of Appeal

12   has held that Cal. Lab. Code § 226.7 authorizes separate premium payments for failure to provide

13   both meal periods and rest periods. *United Parcel Service, Inc. v. Superior Court*, 196

14   Cal.App.4th 57, 60 (2011).  Plaintiff's claims for unprovided meal and rest breaks are pleaded

15   without specificity.  Therefore, assuming *arguendo* 1 meal break was missed per month for each

16   member of the putative class, the putative class may seek individual relief for meal breaks,

17   pursuant to Cal. Lab. Code § 226.7, in an estimated amount totaling $233,783.04 (($16.78 x 12

18   times per year x 4 years x 262 [estimated size of workforce for Lincare]) + ($17.56 x 12 times per

19   year x 4 years x 27 [estimated size of workforce for Alpha Respiratory]).  (Reichard Decl. ¶¶ 6,

20   10; Adams Decl. ¶¶ 6, 10.)  Additionally, and assuming *arguendo* 1 rest break was missed per

21   month for each member of the putative class, the putative class may seek individual relief for rest

22   breaks, pursuant to Cal. Lab. Code § 226.7, in an estimated amount totaling $233,783.04 (($16.78

23   x 12 times per year x 4 years x 262 [estimated size of workforce for Lincare]) + ($17.56 x 12

24   times per year x 4 years x 27 [estimated size of workforce for Alpha Respiratory]).  (Reichard

25

[4] Given Plaintiff's allegation that she and others were expected to be "on-call," 24-hours per day, for an entire week (Complaint at ¶ 17, Cheng Decl., Exh. A.), and assuming employees' typical work schedules being 8 hours per day and 5 days per week, Plaintiff appears to be claiming that putative class members are owed, for every week they were "on-call," an additional 8 hours of straight time hourly pay, 32 hours of daily/weekly/seventh-day overtime pay, 88 hours of daily/seventh-day double-time pay.

1  Decl. ¶¶ 6, 10; Adams Decl. ¶¶ 6, 10.)

2       48.    In her Complaint, Plaintiff also alleges that Defendants "fail[ed] to provide an

3  accurate wage statement" when Plaintiff and putative class members "work[ed] overtime,

4  reported to work twice in one workday, and/or miss meal periods." (Complaint at ¶ 79.)  Because

5  Labor Code section 226(e)(1) provides for a penalty of up to $4,000, the total amount of potential

6  penalties for the putative class would be $1,156,000 (($4000 x 262 [number of putative class

7  members within 1-year statute of limitations for Lincare) + ($4000 x 27 [number of putative class

8  members within 1-year statute of limitations for Alpha Respiratory)).[5]  (Reichard Decl. ¶ 8;

9  Adams Decl. ¶ 8.)  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th

10  Cir. 2000) (stating that in determining the jurisdictional amount in controversy has been satisfied,

11  courts may consider the maximum statutory penalty available).

12       49.    In her Complaint, Plaintiff also alleges that Defendants failed to pay Plaintiff and

13  other putative class members with reporting time pay "when [Defendants] require[d] Plaintiff and

14  other [putative class members] to respond [sic] calls and engage in additional work performing

15  medical support, [thus resulting] in a second reporting for work in a single workday." (Complaint

16  at ¶ 19.)  "If an employee is required to report for work a second time in any one workday and is

17  furnished less than two (2) hours of work on the second reporting, said employee shall be paid for

18  two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum

19  wage." 8 Cal. Code Regs. § 11050, § 5(B).  Plaintiff's claims for reporting time pay are pleaded

20  without specificity.  Therefore, assuming *arguendo* that each putative member reported for work

21  a second time once a month, but in each of those instances, worked only half-an-hour, the

22  putative class may seek individual relief for reporting time pay in an estimated amount totaling

23  $350,614.80 during the relevant 4-year statute of limitations (($16.78 x 12 times per year x 4

24  years x 1.5 hours of reporting time pay x 262 [estimated size of workforce for Lincare]) + ($17.56

25  x 12 times per year x 4 years x 1.5 hours of reporting time pay x 27 [estimated size of workforce

26  for Alpha Respiratory).  (Reichard Decl. ¶¶ 6, 10; Adams Decl. ¶¶ 6, 10.)

27  [5] Wage statement claims are subject to a one-year statute of limitations. *See, e.g., Elliot v.
28  Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1179 (C.D. Cal. 2008) (citing Cal. Code Civ.
Proc. § 340, which governs the statutes of limitations for claims seeking penalties).

DOCUMENT PRINTED ON RECYCLED PAPER

50.     Plaintiff also claims that the putative class is entitled to waiting time penalties pursuant to Cal. Lab. Code § 203, which provides that employees may recover up to 30 days' wages if an employer willfully fails to pay all wages owing at the time of termination. (Complaint at ¶ 76.)  Plaintiff claims the final paychecks issued to putative class members were insufficient based on the alleged failure to pay all due and payable overtime compensation owed. *Id.*  Additionally, Plaintiff claims that Defendants "systematically, unlawfully and unilaterally fails to accurate calculate wages for overtime worked by [Plaintiff and the putative class] in order to avoid paying these employees the correct overtime compensation."  Specifically, Plaintiff alleges that Defendants maintain a "non-discretionary bonus program" that "provides all employees paid on an hourly basis with bonus compensation when the employees meet the various performance goals set by [Defendants]," and that "when calculating the regular rate of pay in order to pay overtime to [Plaintiff and the putative class, Defendants] fails to include the bonus compensation as part of the employees' 'regular rate of pay' for purposes of calculating overtime pay."  *Id.* at ¶ 8.  From October 21, 2011 to the present, at total of 194 putative class members terminated employment with Defendants.   (Reichard Decl. ¶ 9; Adams Decl. ¶ 9.) Based on an eight-hour day at an estimated average hourly wage of $17.11 during the relevant three-year statute of limitations period, Plaintiff's class claims during the relevant three-year time period may total $796,886.40 (($17.02 x 8 hours / day x 30 days [maximum amount of waiting penalties allows under Section 203] x 173 [number of terminated employees during 3-year statute of limitations period for Lincare]) + ($17.90 x 8 hours / day x 30 days [maximum amount of waiting penalties allows under Section 203] x 21 [number of terminated employees during 3-year statute of limitations period for Alpha Respiratory])).   (Reichard Decl. ¶¶ 9, 11; Adams Decl. ¶¶ 9, 11.)

51.     Plaintiff also seeks an award of reasonable attorneys' fees for the putative class. (*See* Complaint at Prayer for Relief and at p. 25, Cheng Decl., Exh. A [citing Cal. Lab. Code §§ 218.5, 226 and 1194.)  It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d

DOCUMENT PRINTED ON RECYCLED PAPER

1    1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys'

2    fees, either with mandatory or discretionary language, such fees may be included in the amount in

3    controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal.

4    2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable

5    attorneys' fees likely to be recovered by plaintiff if she were to prevail).   While Plaintiff's

6    attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a

7    damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

8    Additionally, courts in this circuit have held that, for purposes of calculating the amount in

9    controversy in wage-and-hour-class actions, removing defendants can reasonably assume

10   plaintiffs are entitled to attorney fees valued at approximately 25% of projected damages. *See,*

11   *e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).   Considering the sum of the

12   potential damages from above, estimated to be at least $16,488,321.76, it is reasonable to assume

13   *arguendo* that the potential attorneys' fees would be $4,122,080.44 ($16,488,321.76 x 25%).

14          52.     Defendants do not concede Plaintiff's claims have any merit, however, when the

15   relief sought on behalf of the putative class is taken as a whole, the amount in controversy for

16   Plaintiff's class claims more likely than not exceeds the $5 million jurisdiction requirement,

17   exclusive of interest and costs.   Thus, this Court has original jurisdiction over the claims asserted

18   by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§

19   1332(d)(2) and 1441(a).   *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the

20   individual class members shall be aggregated to determine whether the matter in controversy

21   exceeds the sum or value of $5 million, exclusive of interest and costs.")

22          Summing the foregoing amounts yields the following:

| | |
|---|---|
| 23   California overtime and wages | $13,717,194.72 |
| 24   Meal period premiums | $233,783.04 |
| 25   Rest period premiums | $233,783.04 |
| 26   Wage statement penalties | $1,156,000.00 |
| 27   Reporting time pay | $350,674.56 |
| 28   Waiting time penalties | $796,886.40 |

WSACTIVELLP:7239934.1                          - 16 -            DEFENDANT'S NOTICE OF REMOVAL

1   Attorneys' fees                                    $4,122,080.44

2   **Total Potential Amount in Controversy for Class** $20,610,402.20

3   Accordingly, the potential amount in controversy is in excess of the $5 million threshold for

4   CAFA jurisdiction.

5   **VII.    NOTICE OF REMOVAL**

6       53.    A copy of this notice of removal will be filed with the Clerk of the Superior Court

7   of the State of California, County of Sacramento.

8       54.    By removing the action to this Court, Defendants do not waive any defenses,

9   objections, or motions available to them under state or federal law.  Defendants expressly reserve

10  the right to require that the claims of Plaintiff and/or all members of the putative class be decided

11  on an individual basis.

12      WHEREFORE, Defendants pray that the Court remove this civil action from the Superior

13  Court of the State of California, Sacramento County, to the United States District Court for the

14  Eastern District of California.

15

16  Dated:  January 12, 2015                 Respectfully submitted,

17                                           FORD & HARRISON LLP

18

19  By: _____

20      David L. Cheng
        Attorneys for Defendant LINCARE INC. AND
21      ALPHA RESPIRATORY INC.

22

23

24

25

26

27

28

WSACTIVELLP:7239934.1            - 17 -      DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PRINTED ON RECYCLED PAPER

## DECLARATION OF DAVID L. CHENG

I, David L. Cheng, declare as follows:

1.      I am an attorney at law, licensed to practice in the state of California.  I am a senior associate with the law firm of Ford & Harrison LLP, counsel of record for Defendants Lincare Inc. and Alpha Respiratory Inc. ("Defendants"), in this action and make this declaration in support of their notice of removal.  All of the information set forth herein is based on my personal knowledge and, if called as a witness, I could competently testify thereto.

2.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff Christina Culley's complaint and summons in this matter, filed with the state trial court on October 21, 2014.

3.      Attached hereto as Exhibit "B" is a true and correct copy of the Civil Case Cover Sheet, filed with the state trial court on October 21, 2014.

4.      Attached hereto as Exhibit "C" is a true and correct copy of the Notice of Assignment to Department 35 for Complex Case Management Determination, which was issued by the state court on December 23, 2014.

5.      Attached hereto as Exhibit "D" is a true and correct copy of Clerk's Certificate of Service by Mail, which was issued by the state court clerk on December 29, 2014.

6.      Attached as Exhibit "E" is a true and correct copy of Defendants' Answer, which was filed by Defendants on January 8, 2015.

7.      To my knowledge, the foregoing documents are all of the filed pleadings and orders that have been issued in the Sacramento Superior Court in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 12th day of January, 2015, in Los Angeles, California.



David L. Cheng

**EXHIBIT A**

#1
12-72-14
11:20 AM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINCARE INC., a Corporation; ALPHA RESPIRATORY INC., a
Corporation; and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTINA CULLEY, an individual, on behalf of herself and on behalf
of all persons similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
Superior Court Of California,
Sacramento
10/21/2014
amocanu
By _____, Deputy
Case Number:
**34-2014-00170400**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER:
*(El nombre y dirección de la corte es):* | *(Número del Caso):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
Gordon D. Schaber Sacramento County Courthouse
720 9th Street, Sacramento, CA 95814
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal (Bar # 68687)                Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik                  Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037
DATE:                          Clerk, by  **A. MOCANU**  , Deputy
*(Fecha)*                      *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LINCARE INC.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

*FY*
*12-12-14*
*11:20*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINCARE INC., a Corporation; ALPHA RESPIRATORY INC., a
Corporation; and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTINA CULLEY, an individual, on behalf of herself and on behalf
of all persons similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**FILED**
Superior Court Of California,
Sacramento
10/21/2014
amocanu
By _____ , Deputy
Case Number:
**34-2014-00170400**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO <br> Gordon D. Schaber Sacramento County Courthouse <br> 720 9th Street, Sacramento, CA 95814 | CASE NUMBER: <br> *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal     (Bar # 68687)                Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik                     Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: _____     Clerk, by _____ **A. MOCANU**, Deputy
*(Fecha)*                 *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  ALPHA RESPIRATORY INC.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              IN AND FOR THE COUNTY OF SACRAMENTO

13

14

15  CHRISTINA CULLEY, an individual, on          Case No._____
    behalf of herself and on behalf of all
16  persons similarly situated,                  **CLASS ACTION COMPLAINT FOR:**

17              Plaintiff,                        1.  UNFAIR COMPETITION IN
                                                  VIOLATION OF CAL. BUS. & PROF.
18  vs.                                           CODE §§ 17200, *et seq.*;

19  LINCARE INC., a Corporation; ALPHA            2.  FAILURE TO PAY OVERTIME
    RESPIRATORY INC., a Corporation; and          WAGES IN VIOLATION OF CAL. LAB.
20  Does 1 through 50, Inclusive,                 CODE §§ 510, *et seq.*; and,

21              Defendants.                       3.  FAILURE TO PROVIDE
                                                  ACCURATE ITEMIZED STATEMENTS
22                                                IN VIOLATION OF CAL. LAB. CODE §
                                                  226.
23

24                                                **DEMAND FOR A JURY TRIAL**

25

26

27

28                                  1
                         CLASS ACTION COMPLAINT

1       Plaintiff Christina Culley ("PLAINTIFF"), an individual, on behalf of herself and all
2   other similarly situated current and former employees, alleges on information and belief, except
3   for her own acts and knowledge which are based on personal knowledge, the following:

4

5                                   **THE PARTIES**

6       1.      Defendant Lincare Inc. is a corporation and at all relevant times mentioned herein
7   conducted and continues to conduct substantial and regular business throughout California.

8       2.      Defendant Alpha Respiratory Inc. is a wholly owned subsidiary of Defendant
9   Lincare Inc. and at all relevant times mentioned herein conducted and continues to conduct
10  substantial and regular business throughout California.

11      3.      Defendants Lincare Inc. and Alpha Respiratory Inc. are the joint employers of
12  PLAINTIFF as evidenced by paychecks and by the company the PLAINTIFF performs work
13  for respectively, and are therefore jointly responsible as employers for the conduct alleged
14  herein, and are therefore collectively referred to herein as "LINCARE" or "DEFENDANT."

15      4.      LINCARE provides oxygen, respiratory, and other chronic therapy services to
16  patients in the home. Its principal products and services include home oxygen equipment, such
17  as oxygen concentrators, which are stationary units that provide a continuous flow of oxygen
18  by filtering ordinary room air, and liquid oxygen systems that are thermally insulated containers
19  of liquid oxygen. The company also offers respiratory and chronic therapy services, including
20  nebulizers and associated respiratory medications that provide aerosol therapy for customers
21  suffering from chronic obstructive pulmonary disease (COPD) and asthma.   The company
22  serves customers in the home health care market through approximately 1,108 operating centers
23  in the United States and Canada.

24      5.      Plaintiff Christina Culley has been employed by LINCARE in California as a non-
25  exempt employee entitled to overtime pay and meal and rest periods since September of 2010.
26  PLAINTIFF has at all times relevant mentioned herein classified by LINCARE as a non-exempt
27  employee paid in whole or in part on an hourly basis and received additional compensation from

28
                                         2
                                 CLASS ACTION COMPLAINT

1  LINCARE in the form of non-discretionary bonuses.

2      6.      PLAINTIFF brings this Class Action on behalf of herself and a California class,

3  defined as all individuals who are or previously were employed by DEFENDANT in California

4  classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

5  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

6  determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy

7  for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

8  ($5,000,000.00).

9      7.      State law provides that employees must be paid overtime at one-and-one-half

10  times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are

11  compensated at an hourly rate plus bonus pay that is tied to specific elements of an employee's

12  performance.

13     8.      The second component of PLAINTIFF's and other CALIFORNIA CLASS

14  Members' compensation is LINCARE's non-discretionary bonus program that pays the

15  PLAINTIFF and other CALIFORNIA CLASS Members bonus wages based on their

16  performance for LINCARE. The non-discretionary bonus program provides all employees paid

17  on an hourly basis with bonus compensation when the employees meet the various performance

18  goals set by LINCARE. However, when calculating the regular rate of pay in order to pay

19  overtime to PLAINTIFF and other CALIFORNIA CLASS Members, LINCARE fails to include

20  the bonus compensation as part of the employees' "regular rate of pay" for purposes of

21  calculating overtime pay. Management and supervisors described the bonus program to

22  potential and new employees as part of the compensation package. As a matter of law, the

23  bonus compensation received by the PLAINTIFF and other CALIFORNIA CLASS Members

24  must be included in the "regular rate of pay." The failure to do so has resulted in a systematic

25  underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS

26  Members by LINCARE.

27     9.      When the PLAINTIFF and other CALIFORNIA CLASS Members work

28

3

CLASS ACTION COMPLAINT

1  overtime, miss meal periods, and/or report to work twice in one workday, the wage statements

2  issued to PLAINTIFF and other CALIFORNIA CLASS Members violated California law, and

3  in particular, Labor Code Section 226(a) because the wage statements failed to provide, among

4  other things, the applicable overtime rates and correct amount of gross wages earned for

5  particular pay periods during the CALIFORNIA CLASS PERIOD. As a result, DEFENDANT

6  from time to time provides the PLAINTIFF and the other members of the CALIFORNIA

7  CLASS with wage statements which violated Cal. Lab. Code § 226.

8      10.    PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA

9  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

10  the CALIFORNIA CLASS PERIOD caused by LINCARE's uniform policy and practice which

11  fails to lawfully compensate these employees for all their overtime worked.  LINCARE's

12  uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice

13  whereby LINCARE retained and continues to retain wages due PLAINTIFF and the other

14  members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the

15  CALIFORNIA CLASS seek an injunction enjoining such conduct by LINCARE in the future,

16  relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who

17  have been economically injured by LINCARE's past and current unlawful conduct, and all other

18  appropriate legal and equitable relief.

19      11.    The true names and capacities, whether individual, corporate, subsidiary,

20  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

21  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

22  pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek leave to amend this

23  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

24  are ascertained. PLAINTIFF is informed and believes, and based upon that information and

25  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,

26  inclusive, are responsible in some manner for one or more of the events and happenings that

27  proximately caused the injuries and damages hereinafter alleged.

28

12.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime worked. DEFENDANT systematically, unlawfully and unilaterally fails to accurately calculate wages for overtime worked by the PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime compensation. As a result, the PLAINTIFF and the other members of the CALIFORNIA CLASS forfeit wages due them for working overtime without compensation at the correct overtime rates. DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with applicable law is evidenced by DEFENDANT's business records.

14.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically fails to compensate the PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allows DEFENDANT to illegally profit and

5

1  gain an unfair advantage over competitors who complied with the law.  To the extent equitable

2  tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

3  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

4       15.   When the PLAINTIFF and other CALIFORNIA CLASS Members work overtime

5  and/ or miss meal periods, DEFENDANT also fails to provide the PLAINTIFF and the other

6  members of the CALIFORNIA CLASS with complete and accurate wage statements which fail

7  to show, among other things, the correct overtime rate for overtime worked, including, work

8  performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek,

9  and the correct penalty payments or missed meal and rest periods.  Cal. Lab. Code § 226

10  provides that every employer shall furnish each of his or her employees with an accurate

11  itemized wage statement in writing showing, among other things, gross wages earned and all

12  applicable hourly rates in effect during the pay period and the corresponding amount of time

13  worked at each hourly rate.  As a result, DEFENDANT provides the PLAINTIFF and the other

14  members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code §

15  226.

16       16.   As a result of their rigorous work schedules, PLAINTIFF and other

17  CALIFORNIA CLASS Members are also from time to time unable to take off duty meal and

18  rest breaks and are not fully relieved of duty for meal periods.  PLAINTIFF and other

19  CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANT

20  for more than five (5) hours during a shift without receiving a meal break as evidenced by daily

21  time reports for these employees. DEFENDANT has no policy in place to compensate these

22  employees for these missed meal and rest breaks as required by law.  PLAINTIFF and the other

23  CALIFORNIA CLASS Members therefore forfeit meal and rest breaks without additional

24  compensation and in accordance with DEFENDANT's strict corporate policy and practice.

25       17.   The work schedule for the PLAINTIFF and other CALIFORNIA CLASS

26  Members requires them from time to time to work at least eight (8) hours in a workday and/or

27  forty (40) hours in a workweek. The PLAINTIFF and other CALIFORNIA CLASS Members

28

CLASS ACTION COMPLAINT

1   are then sometimes required to remain on "stand-by" or "on-call" twenty-four (24) hours per

2   day throughout the year pursuant to DEFENDANT's on-call policy.   According to the

3   DEFENDANT's on-call policy, each CALIFORNIA CLASS Member must be available via

4   telephone or company-provided beeper to provide service at all times as follows: telephone

5   response within thirty (30) minutes; on-site response within two (2) hours as necessary.  During

6   this time, after returning home from at least an eight (8) hour work day, the designated

7   CALIFORNIA CLASS Member is required to remain on-call for the entire night, every night

8   of the week, for the entire week without additional compensation.  DEFENDANT fails to

9   accurately record the time worked by PLAINTIFF and other CALIFORNIA CLASS Members

10   during their on-call shifts and as a result, these employees are uniformly underpaid for overtime

11   work and therefore do not receive all of the overtime compensation to which they are entitled

12   by law.

13       18.     The effect of DEFENDANT's on-call system is that the PLAINTIFF and other

14   CALIFORNIA CLASS Members must stay in close proximity to their assigned area where they

15   must respond to patient's homes to perform their on-call duties.  The CALIFORNIA CLASS

16   Members are therefore effectively precluded from engaging in any activity outside of work that

17   would hinder his or her ability to immediately respond to DEFENDANT's call.  As a result,

18   their on-call time is predominantly spent for the benefit of DEFENDANT.  The CALIFORNIA

19   CLASS Member's movements are also severely geographically restricted by DEFENDANT's

20   requirement that they respond to any work request to the person requesting within thirty (30)

21   minutes.  Any personal activities which require longer than thirty (30) minutes to perform

22   without interruption, and/or required more than thirty (30) minutes to travel to and from,

23   including, but not limited to, going to see a movie in a theater, dining at a restaurant, engaging

24   in organized sporting activities, attending classes, participating in weddings, supplementing

25   one's income with a second job, and/or attending to medical issues with the assistance of a

26   doctor, dentist, or other professional, has to be eliminated while on-call.  Another severe

27   imposition placed upon PLAINTIFF and the CALIFORNIA CLASS Members is the inability

28

7

CLASS ACTION COMPLAINT

1  to enjoy an entire night of uninterrupted sleep, as the calls often come in late into the night and

2  early in the morning.  Despite these demanding conditions imposed by DEFENDANT, regular

3  and overtime compensation for the time worked during the on-call shifts is withheld by

4  DEFENDANT from PLAINTIFF and the other CALIFORNIA CLASS Members.

5       19.    In addition, when DEFENDANT requires PLAINTIFF and other CALIFORNIA

6  CLASS Members to respond calls and engage in additional work performing medical support,

7  this results in a second reporting for work in a single workday.  In such a circumstance of a

8  second reporting for work in a single workday, DEFENDANT fails to pay these employees

9  reporting time pay as required by Cal. Code Regs., tit. 8, § 11040. Subdivision 5(B) states: "If

10  an employee is required to report for work a second time in any one workday and is furnished

11  less than two (2) hours of work on the second reporting, said employee shall be paid for two (2)

12  hours at the employee's regular rate of pay, which shall not be less than the minimum wage."

13  Cal. Code Regs., tit. 8, § 11040, subd. 5(B).

14       20.    By reason of this uniform conduct applicable to PLAINTIFF and CALIFORNIA

15  CLASS Members, DEFENDANT committed acts of unfair competition in violation of the

16  California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by

17  engaging in a company-wide policy and procedure which fails to accurately calculate and record

18  the correct overtime rate for the overtime worked by the PLAINTIFF and other CALIFORNIA

19  CLASS Members.  The proper calculation of these employees' overtime hour rates is the

20  DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation

21  to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime

22  compensation for work performed by the members of the CALIFORNIA CLASS and violated

23  the California Labor Code and regulations promulgated thereunder as herein alleged.

24       21.    Specifically as to PLAINTIFF's pay, DEFENDANT provides compensation to

25  her in the form of two components. One component of PLAINTIFF's compensation is a base

26  hourly wage. The second component of the PLAINTIFF's compensation is a non-discretionary

27  performance bonus. DEFENDANT pays the bonus, so long as the PLAINTIFF meets certain

28

8

1    predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility

2    performance requirements in various pay periods throughout her employment with

3    DEFENDANT and DEFENDANT paid PLAINTIFF the performance bonus wage. During

4    these pay periods in which PLAINTIFF was paid the non-discretionary performance bonus by

5    DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never

6    included the bonus compensation in PLAINTIFF's regular rate of pay for the purposes of

7    calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid

8    the PLAINTIFF for overtime worked throughout her employment with DEFENDANT. The

9    bonus compensation paid by DEFENDANT constituted wages within the meaning of the

10    California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of

11    pay." PLAINTIFF is also required to perform work as ordered by the DEFENDANT for more

12    than five (5) hours during a shift without receiving a meal or rest break as evidenced by daily

13    time reports for PLAINTIFF. This practice is a direct result of DEFENDANT's uniform policy

14    and practice of denying PLAINTIFF uninterrupted, off duty thirty (30) minute meal breaks prior

15    to her fifth (5th) hour of work each day. PLAINTIFF therefore forfeits meal breaks without

16    additional compensation and in accordance with DEFENDANT's strict corporate policy and

17    practice. When PLAINTIFF works overtime, misses meal periods, and/or reports to work twice

18    in one workday, DEFENDANT also provides PLAINTIFF with a paystub that fails to accurately

19    display PLAINTIFF's correct rates of overtime pay for certain pay periods in violation of Cal.

20    Lab. Code § 226(a). The amount in controversy for PLAINTIFF individually does not exceed

21    the sum or value of $75,000.

22

23                           **JURISDICTION AND VENUE**

24        22.    This Court has jurisdiction over this Action pursuant to California Code of Civil

25    Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

26    action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

27    of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

28

9

23.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because the DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

24.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

25.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

26.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

27.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT systematically fails to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers to permit this overtime work.

28.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the bonus compensation that PLAINTIFF and members of the CALIFORNIA CLASS are awarded by DEFENDANT. The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, et seq. (the "UCL") as causation, damages, and reliance are not elements of this claim.

29.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code

11

CLASS ACTION COMPLAINT

1  §§ 204 and 510, *et seq*.  At no time during the CALIFORNIA CLASS PERIOD was the

2  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

3  as to include all earnings in the overtime compensation calculation as required by California

4  Labor Code §§ 510, *et seq*.

5       30.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

6  CLASS Members is impracticable.

7       31.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

8  California law by:

9            (a)   Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

10                 §§ 17200, *et seq*., by unlawfully, unfairly and/or deceptively having in

11                 place company policies, practices and procedures that fail to pay all wages

12                 due the CALIFORNIA CLASS for all overtime worked, and fail to

13                 accurately record the applicable rates of all overtime worked by the

14                 CALIFORNIA CLASS;

15            (b)   Committing an act of unfair competition in violation of the California

16                 Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by

17                 unlawfully, unfairly, and/or deceptively having in place a company policy,

18                 practice and procedure that fails to correctly calculate overtime

19                 compensation due to PLAINTIFF and the members of the CALIFORNIA

20                 CLASS; and,

21            (c)   Committing an act of unfair competition in violation of the California

22                 Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by

23                 failing to provide mandatory meal and/or rest breaks to the PLAINTIFF

24                 and the CALIFORNIA CLASS members.

25       32.   This Class Action meets the statutory prerequisites for the maintenance of a Class

26  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27            (a)   The persons who comprise the CALIFORNIA CLASS are so numerous

28

12

CLASS ACTION COMPLAINT

1  that the joinder of all such persons is impracticable and the disposition of

2  their claims as a class will benefit the parties and the Court;

3  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

4  that are raised in this Complaint are common to the CALIFORNIA

5  CLASS will apply uniformly to every member of the CALIFORNIA

6  CLASS;

7  (c)  The claims of the representative PLAINTIFF are typical of the claims of

8  each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

9  other members of the CALIFORNIA CLASS, is a non-exempt employee

10  paid on an hourly basis and paid an additional non-discretionary

11  performance bonus wage who has been subjected to the DEFENDANT's

12  practice and policy which fails to pay the correct rate of overtime wages

13  due to the CALIFORNIA CLASS for all overtime worked by the

14  CALIFORNIA CLASS and thereby systematically underpays overtime

15  compensation to the CALIFORNIA CLASS.  PLAINTIFF sustained

16  economic injury as a result of DEFENDANT's employment practices.

17  PLAINTIFF and the members of the CALIFORNIA CLASS were and are

18  similarly or identically harmed by the same unlawful, deceptive, unfair

19  and pervasive pattern of misconduct engaged in by DEFENDANT; and,

20  (d)  The representative PLAINTIFF will fairly and adequately represent and

21  protect the interest of the CALIFORNIA CLASS, and has retained

22  counsel who are competent and experienced in Class Action litigation.

23  There are no material conflicts between the claims of the representative

24  PLAINTIFF and the members of the CALIFORNIA CLASS that would

25  make class certification inappropriate.  Counsel for the CALIFORNIA

26  CLASS will vigorously assert the claims of all CALIFORNIA CLASS

27  Members.

28

CLASS ACTION COMPLAINT

33.  In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)  Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)  Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be

14

1    necessary to prevent and remedy the conduct declared to constitute

2    unfair competition;

3    (c)    Common questions of law and fact exist as to the members of the

4    CALIFORNIA CLASS, with respect to the practices and violations of

5    California law as listed above, and predominate over any question

6    affecting only individual CALIFORNIA CLASS Members, and a Class

7    Action is superior to other available methods for the fair and efficient

8    adjudication of the controversy, including consideration of:

9    1)    The interests of the members of the CALIFORNIA CLASS in

10    individually controlling the prosecution or defense of separate

11    actions in that the substantial expense of individual actions will be

12    avoided to recover the relatively small amount of economic losses

13    sustained by the individual CALIFORNIA CLASS Members when

14    compared to the substantial expense and burden of individual

15    prosecution of this litigation;

16    2)    Class certification will obviate the need for unduly duplicative

17    litigation that would create the risk of:

18    A.    Inconsistent or varying adjudications with respect to

19    individual members of the CALIFORNIA CLASS, which

20    would establish incompatible standards of conduct for the

21    DEFENDANT; and/or,

22    B.    Adjudications with respect to individual members of the

23    CALIFORNIA CLASS would as a practical matter be

24    dispositive of the interests of the other members not parties

25    to the adjudication or substantially impair or impede their

26    ability to protect their interests;

27    3)    In the context of wage litigation because a substantial number of

28

15

CLASS ACTION COMPLAINT

individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

34. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

16

1  able to obtain effective and economic legal redress unless the action is

2  maintained as a Class Action;

3  (e)  There is a community of interest in obtaining appropriate legal and

4  equitable relief for the acts of unfair competition, statutory violations and

5  other improprieties, and in obtaining adequate compensation for the

6  damages and injuries which DEFENDANT's actions have inflicted upon

7  the CALIFORNIA CLASS;

8  (f)  There is a community of interest in ensuring that the combined assets of

9  DEFENDANT are sufficient to adequately compensate the members of

10  the CALIFORNIA CLASS for the injuries sustained;

11  (g)  DEFENDANT has acted or refused to act on grounds generally applicable

12  to the CALIFORNIA CLASS, thereby making final class-wide relief

13  appropriate with respect to the CALIFORNIA CLASS as a whole;

14  (h)  The members of the CALIFORNIA CLASS are readily ascertainable from

15  the business records of DEFENDANT.  The CALIFORNIA CLASS

16  consists of all individuals who are or previously were employed by

17  DEFENDANT in California classified as non-exempt employees during

18  the CALIFORNIA CLASS PERIOD; and,

19  (i)  Class treatment provides manageable judicial treatment calculated to bring

20  a efficient and rapid conclusion to all litigation of all wage and hour

21  related claims arising out of the conduct of DEFENDANT as to the

22  members of the CALIFORNIA CLASS.

23  35.  DEFENDANT maintains records from which the Court can ascertain and identify

24  by job title each of DEFENDANT's employees who as have been systematically, intentionally

25  and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

26  alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles

27  of similarly situated employees when they have been identified.

28

17

CLASS ACTION COMPLAINT

1

2              **THE CALIFORNIA LABOR SUB-CLASS**

3       36.    PLAINTIFF further brings the Second and Third Causes of Action on behalf of

4 a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-

5 exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period

6 three (3) years prior to the filing of the complaint and ending on the date as determined by the

7 Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ.

8 Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR

9 SUB-CLASS Members is under five million dollars ($5,000,000.00).

10       37.    DEFENDANT, as a matter of company policy, practice and procedure, and in

11 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

12 requirements, and the applicable provisions of California law, intentionally, knowingly, and

13 wilfully, engages in a practice whereby DEFENDANT fails to correctly calculate overtime

14 compensation for the overtime worked by the PLAINTIFF and the other members of the

15 CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoys the benefit of this

16 work, requires employees to perform this work and permits or suffers to permit this overtime

17 work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS

18 Members overtime wages at the correct amount to which these employees are entitled in order

19 to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates

20 to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

21 CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

22       38.    DEFENDANT maintains records from which the Court can ascertain and identify

23 by name and job title, each of DEFENDANT's employees who have been systematically,

24 intentionally and uniformly subjected to DEFENDANT's company policy, practices and

25 procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include

26 any additional job titles of similarly situated employees when they have been identified.

27       39.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

28                          18

1    CALIFORNIA LABOR SUB-CLASS Members is impracticable.

2         40.    Common questions of law and fact exist as to members of the CALIFORNIA

3    LABOR SUB-CLASS, including, but not limited, to the following:

4            (a)    Whether DEFENDANT unlawfully fails to correctly calculate and pay

5                 regular, overtime, and reporting time compensation to members of the

6                 CALIFORNIA LABOR SUB-CLASS in violation of the California Labor

7                 Code and California regulations and the applicable California Wage

8                 Order;

9            (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

10                entitled to overtime compensation for overtime worked under the overtime

11                pay requirements of California law;

12           (c)    Whether DEFENDANT fails to accurately record the applicable overtime

13                rates for all overtime worked by the PLAINTIFF and the other members

14                of the CALIFORNIA LABOR SUB-CLASS;

15           (d)    Whether DEFENDANT fails to provide the PLAINTIFF and the other

16                members of the CALIFORNIA LABOR SUB-CLASS with accurate

17                itemized wage statements;

18           (e)    Whether DEFENDANT's policy and practice of failing to pay members

19                of the CALIFORNIA LABOR SUB-CLASS all wages when due within

20                the time required by law after their employment ended violates California

21                law;

22           (f)    Whether DEFENDANT has engaged in unfair competition by the

23                above-listed conduct;

24           (g)    The proper measure of damages and penalties owed to the members of the

25                CALIFORNIA LABOR SUB-CLASS; and,

26           (h)    Whether DEFENDANT's conduct was willful.

27        41.    When PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

28

CLASS ACTION COMPLAINT

1  work overtime, DEFENDANT, as a matter of company policy, practice and procedure, fails to

2  accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS

3  Members and fails to provide accurate records of the applicable overtime rates for the overtime

4  worked by these employees.   All of the CALIFORNIA LABOR SUB-CLASS Members,

5  including the PLAINTIFF, are non-exempt employees who are paid on an hourly basis, are paid

6  for overtime worked, and are paid additional non-discretionary performance bonus wages by

7  DEFENDANT according to uniform and systematic company procedures as alleged herein

8  above.   This business practice is uniformly applied to each and every member of the

9  CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be

10  adjudicated on a class-wide basis.

11       42.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

12  under California law by:

13       (a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay the

14             PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

15             CLASS the correct overtime pay for which DEFENDANT is liable

16             pursuant to Cal. Lab. Code § 1194; and,

17       (b)   Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and

18             the members of the CALIFORNIA LABOR SUB-CLASS with an

19             accurate itemized statement in writing showing all accurate and applicable

20             overtime rates in effect during the pay period and the corresponding

21             number of hours worked at each overtime rate by the employee.

22       43.   This Class Action meets the statutory prerequisites for the maintenance of a Class

23  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

24       (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

25             so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

26             Members is impracticable and the disposition of their claims as a class

27             will benefit the parties and the Court;

28                          20

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, is a non-exempt employee paid on an hourly basis and paid an additional non-discretionary performance bonus wage who has been subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

44.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive,

21
CLASS ACTION COMPLAINT

statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-

CLASS ACTION COMPLAINT

CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative

23

litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

45.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

    (f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

24

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

### FIRST CAUSE OF ACTION

#### For Unlawful Business Practices

#### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

#### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

46.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 45 of this Complaint.

47.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

48.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

25

edgeDrawable

1
2
3
4

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

5   Cal. Bus. & Prof. Code § 17203.

6        49.    By the conduct alleged herein, DEFENDANT has engaged and continues to

7   engage in a business practice which violates California law, including but not limited to, the

8   applicable Wage Order(s), the California Code of Regulations and the California Labor Code

9   including Sections 204, 226.7, 510, 512, 1194, 1197 & 1198, for which this Court should issue

10  declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

11  necessary to prevent and remedy the conduct held to constitute unfair competition, including

12  restitution of wages wrongfully withheld.

13       50.    By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair

14  in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous

15  or substantially injurious to employees, and are without valid justification or utility for which

16  this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

17  California Business & Professions Code, including restitution of wages wrongfully withheld.

18       51.    By the conduct alleged herein, DEFENDANT's practices are deceptive and

19  fraudulent in that DEFENDANT's uniform policy and practice fails to pay PLAINTIFF, and

20  other members of the CALIFORNIA CLASS, wages due for overtime worked, fails accurately

21  to record the applicable rate of all overtime worked, fails to pay wages due for on-call time

22  worked, fails to pay reporting time pay, and fails to provide the required amount of overtime

23  compensation due to a systematic miscalculation of the overtime rate that cannot be justified,

24  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in

25  violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive

26  and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

27  wrongfully withheld.

28

52. By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices cause the PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

53. By the conduct alleged herein, DEFENDANT's practices are also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures fail to provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA CLASS members.

54. Therefore, the PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

55. PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

56. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

57. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

58. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

1   and do, seek such relief as may be necessary to restore to them the money and property which

2   DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

3   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

4   unfair business practices, including earned but unpaid wages for all time worked, and reporting

5   time pay.

6       59.   PLAINTIFF and the other members of the CALIFORNIA CLASS are further

7   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

8   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

9   engaging in any unlawful and unfair business practices in the future.

10      60.   PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

11  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

12  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

13  As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and

14  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

15  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

16  engage in these unlawful and unfair business practices.

17

18                    **SECOND CAUSE OF ACTION**

19           **For Failure To Pay Minimum and Overtime Compensation**

20                **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

21         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22                               **Defendants)**

23      61.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

24  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

25  60 of this Complaint.

26      62.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

27  bring a claim for DEFENDANT's willful and intentional violations of the California Labor

28                                    28

1  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

2  accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other

3  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

4  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

5  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

6  any workweek.

7      63.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

8  public policy, an employer must timely pay its employees for all hours worked.

9      64.    Cal. Lab. Code § 510 further provides that employees in California shall not be

10  employed more than eight (8) hours per workday and more than forty (40) hours per workweek

11  unless they receive additional compensation beyond their regular wages in amounts specified

12  by law.

13      65.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

14  including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

15  Code § 1198 further states that the employment of an employee for longer hours than those

16  fixed by the Industrial Welfare Commission is unlawful.

17      66.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF

18  and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the

19  correct applicable overtime rate for the number of overtime they worked. As set forth herein,

20  DEFENDANT's uniform policy and practice is to unlawfully and intentionally deny timely

21  payment of wages due for the overtime worked by the PLAINTIFF and the other members of

22  the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact fails to pay these

23  employees the correct applicable overtime wages for all overtime worked.

24      67.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

25  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

26  result of implementing a uniform policy and practice that denies accurate compensation to the

27  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all

28                                          29

overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  In addition, DEFENDANT failed to pay the minimum wages required by law for reporting time pay and work performed while on standby.

68.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the applicable overtime rates and consequently underpays the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

69.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive full compensation for all overtime worked.

70.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

71.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that they are entitled to, constituting a failure to pay all earned wages.

72.    DEFENDANT fails to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA LABOR

30

1   SUB-CLASS are required to work, and do in fact work, overtime as to which DEFENDANT

2   fails to accurately record and pay using the applicable overtime rate as evidenced by

3   DEFENDANT's business records and witnessed by employees.

4        73.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

5   compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

6   CLASS for the true time they work, the PLAINTIFF and the other members of the

7   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

8   injury in amounts which are presently unknown to them and which will be ascertained

9   according to proof at trial.

10        74.   DEFENDANT knew or should have known that the PLAINTIFF and the other

11   members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

12   worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

13   nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

14   practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

15   pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the

16   applicable overtime rate.

17        75.   In performing the acts and practices herein alleged in violation of California labor

18   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

19   all time worked and provide them with the requisite overtime compensation, DEFENDANT

20   acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF

21   and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

22   utter disregard for their legal rights, or the consequences to them, and with the despicable intent

23   of depriving them of their property and legal rights, and otherwise causing them injury in order

24   to increase company profits at the expense of these employees.

25        76.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

26   therefore request recovery of all unpaid wages, including overtime wages, according to proof,

27   interest, statutory costs, as well as the assessment of any statutory penalties against

28

1  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

2  statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA

3  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

4  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

5  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

6  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

7  conduct as alleged herein was willful, intentional and not in good faith.   Further, the

8  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

9  recover statutory costs.

10

11  ## THIRD CAUSE OF ACTION

12  ### For Failure to Provide Accurate Itemized Statements

13  ### [Cal. Lab. Code § 226]

14  ### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

15  ### Defendants)

16  77.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

17  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

18  76 of this Complaint.

19  78.   Cal. Labor Code § 226 provides that an employer must furnish employees with

20  an "accurate itemized" statement in writing showing:

21  (1) gross wages earned,

22  (2) total hours worked by the employee, except for any employee whose compensation

23  is solely based on a salary and who is exempt from payment of overtime under

24  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

25  Commission,

26  (3) the number of piecerate units earned and any applicable piece rate if the employee

27  is paid on a piece-rate basis,

28

CLASS ACTION COMPLAINT

1    (4) all deductions, provided that all deductions made on written orders of the employee

2    may be aggregated and shown as one item,

3    (5) net wages earned,

4    (6) the inclusive dates of the period for which the employee is paid,

5    (7) the name of the employee and his or her social security number, except that by

6    January 1, 2008, only the last four digits of his or her social security number or an

7    employee identification number other than a social security number may be shown on

8    the itemized statement,

9    (8) the name and address of the legal entity that is the employer, and

10   (9) all applicable hourly rates in effect during the pay period and the corresponding

11   number of hours worked at each hourly rate by the employee.

12        79.    When the PLAINTIFF and other CALIFORNIA CLASS Members work

13   overtime, report to work twice in one workday, and/or miss meal periods, DEFENDANT

14   violated Cal. Lab. Code § 226 in that DEFENDANT fails to provide an accurate wage statement

15   in writing that properly and accurately itemized the effective overtime rates of pay for overtime

16   worked by the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

17   and thereby also fails to set forth the correct overtime wages earned by the employees.

18        80.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code

19   § 226, causing injury and damages to the PLAINTIFF and the other members of the

20   CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

21   expended calculating the correct rates for the overtime worked and the amount of employment

22   taxes which were not properly paid to state and federal tax authorities. These damages are

23   difficult to estimate. Therefore, the PLAINTIFF and the other members of the CALIFORNIA

24   LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

25   initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

26   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

27   to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the

28

1   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

2

3                              **PRAYER FOR RELIEF**

4          WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

5   severally, as follows:

6   1.      On behalf of the CALIFORNIA CLASS:

7          A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

8                CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

9          B)    An order temporarily, preliminarily and permanently enjoining and restraining

10               DEFENDANT from engaging in similar unlawful conduct as set forth herein;

11         C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

12               withheld from compensation due to PLAINTIFF and the other members of the

13               CALIFORNIA CLASS; and,

14         D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

15               for restitution of the sums incidental to DEFENDANT's violations due to

16               PLAINTIFF and to the other members of the CALIFORNIA CLASS.

17  2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

18         A)    That the Court certify the Second and Third Causes of Action asserted by the

19               CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of

20               Civ. Proc. § 382;

21         B)    Compensatory damages, according to proof at trial, including compensatory

22               damages for regular wages, reporting time wages, and overtime compensation

23               due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

24               CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD

25               plus interest thereon at the statutory rate;

26         C)    The wages of all terminated employees in the CALIFORNIA LABOR

27               SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

28                                         34
                                  CLASS ACTION COMPLAINT

1   until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

2   and,

3   D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

4   in which a violation occurs and one hundred dollars ($100) per each member of

5   the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

6   period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

7   an award of costs for violation of Cal. Lab. Code § 226.

8   3.   On all claims:

9   A)   An award of interest, including prejudgment interest at the legal rate;

10   B)   Such other and further relief as the Court deems just and equitable; and,

11   C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

12   including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

13

14   Dated:   October 16, 2014          BLUMENTHAL, NORDREHAUG & BHOWMIK

15

16   By:

17   Norman B. Blumenthal
     Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223      FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiff Christina Culley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

**FILED**
**Superior Court Of California**
**Sacramento**
**10/21/2014**
amocanu
By_____, Deputy
**Case Number:**
**34-2014-00170400**

CASE NAME:
## CULLEY v. LINCARE

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **34-2014-00170400**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): THREE (3)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 16, 2014

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

RECEIVED
CIVIL DROP BOX

2014 OCT 21  PM 2: 55

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

**EXHIBIT "C"**



FILED/ENDORSED

DEC 2 3 2014

By M. Milbourne, Deputy Clerk

1

2

3

4

5

6

7

8                          SUPERIOR COURT OF CALIFORNIA

9                             COUNTY OF SACRAMENTO

10

11

12   CHRISTINA CULLEY, et. al.;  Plaintiffs,        No. 34-2014-00170400

13   v.                                              NOTICE OF ASSIGNMENT TO
                                                     DEPARTMENT 35 FOR COMPLEX CASE
14   LINCARE, INC., et. al., Defendants              MANAGEMENT DETERMINATION

15

16

17

18        THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER

19   PARTIES. ANYONE WHO HEREAFTER SERVES A NEW PARTY SHALL SERVE A

20   COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND

21   COMPLAINT OR CROSS-COMPLAINT.

22        1.      This matter has been assigned to Department 35, Judge Alan G. Perkins presiding, to

23   determine whether the case should be designated, and treated, as complex. If it is determined to be

24   complex, this department will be the court's complex case department pursuant to the Local Rules,

25   including Local Rule 2.46.

26        2.      All counsel are required to appear in Department 35 on __August 28, 2015__ at

27   __10:30__ a.m.

28

November 1, 2012 Rev.

(a) If the case has been designated as complex, and no counter-designation has been filed, the Court will hold its first case management conference at that time.

(b) If the case has been assigned to Department 35 on a preliminary basis, the Court will hold a hearing to determine if the matter is, or is not, complex. If the matter is determined to be complex, the Court will then proceed with the first case management conference.

3.    Each party shall file and serve a Case Management Conference Statement fifteen (15) days before this hearing and be prepared to participate effectively in the conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4.    Prior to the conference, counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the issues in the case, discuss the possibility of early mediation, the identities of possible other parties, their respective plans for discovery, and whether or not the parties will be requesting that a special master be appointed.

5.    Tentative Rulings.

The court may determine that a case management conference on the assigned date is not necessary or should be postponed. The court may also issue tentative rulings on motions that are assigned to it. To determine whether an appearance is required the parties must check the court's tentative rulings after 2 p.m. the court day before the conference date to see if a tentative ruling is posted. Tentative rulings are posted on the court's website at www.saccourt.ca.gov. On many occasions the court will not post a tentative ruling.

6.    Law and Motion Matters.

The Local Rules state that the civil law and motion departments hear most types of law and motion matters, even in complex cases, unless the Presiding Judge has specifically assigned a case to one judge for all purposes. A designation of a case as complex is not an automatic assignment to the complex judge for all purposes.

The complex case management department will accept stipulations to stay, stipulations to appoint a special master, stipulated case management orders (even if they include discovery cut-offs and

November 1, 2012 Rev.

other limitations), and proposed orders from special masters. The complex case management department may also hear motions relating to class action certification. All other motions except trial motions should be filed with the law and motion departments or presiding judge as specified in the Local Rules.

       7.    <u>Filings.</u>

           Except for filings for motions to be heard in the law and motion departments, all filings in complex cases assigned to Department 35 should be filed directly with this department. If a complex case designation is removed the parties should thereafter comply with the Local Rules regarding the filing of documents for civil actions.

       8.    <u>Typical Case Progress.</u>

           a.    In most cases the initial status conference or a subsequent conference will result in an initial case management order being issued. The breadth of those orders may vary depending on factors such as the complexity of the case and the status of service on anticipated parties to the action. The court may eventually issue a more detailed case management order that could address topics such as discovery cut-offs, phased discovery, disclosure dates, settlement conference dates and trial dates. Many of these topics are deferred in cases in which special masters are used.

           b.    This department will usually be the trial department for complex cases assigned to this department. However cases may be transferred to the presiding judge for assignment to another department for trial if there may be a conflict with another trial or if the needs of the court so require.

           c.    If the trial is to be held in this department the court will often hold a pre-trial/case readiness type of conference several weeks before trial. Topics generally addressed at such conferences include review of witness and exhibit lists, motions in limine, proposed jury instructions, witness timing issues and other trial procedure issues. The goal is to get such issues resolved at that time and any later motions in limine or other motions are not favored. In many cases the court may order that discovery must be completed at least four to six weeks before the trial date and around the time when the initial papers are due for the pre-trial conference.

       //

       9.    Until the time of the conference, the following INTERIM ORDERS shall be in effect:

A.     Plaintiff(s) shall diligently locate and serve each defendant.  It is the Court's intention that each party be served in sufficient time to have entered an appearance within the time allowed by law and to attend the first conference.

B.     Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

10.     The court strongly encourages the parties to engage in early and meaningful mediation. Either private or judicial mediation is acceptable.

Date: December 23, 2014

Alan G. Perkins, Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Culley vs. Lincare Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL (Minute Order)** | CASE NUMBER:<br>**34-2014-00170400-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following
standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The
mailing and this certification occurred at Sacramento, California, on 12/30/2014.

Clerk of the Court, by:  */s/ M. Milbourne*  , Deputy

NORMAN  B BLUMENTHAL
2255  CALLE CLARA
LA JOLLA, CA 92037

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

**EXHIBIT "D"**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720 Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Culley vs. Lincare Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL (Minute Order)** | CASE NUMBER:<br>**34-2014-00170400-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 12/30/2014.

Clerk of the Court, by: _/s/ M. Milbourne_ _____ , Deputy

NORMAN B BLUMENTHAL
2255 CALLE CLARA
LA JOLLA, CA 92037

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a

**EXHIBIT "E"**

1   David L. Cheng, Bar No. 240926
    dcheng@fordharrison.com
2   FORDHARRISON LLP
    350 South Grand Avenue, Suite 2300
3   Los Angeles, CA 90071
    Telephone:   (213) 237-2400
4   Facsimile:   (213) 237-2401

5   Attorneys for Defendants
    LINCARE INC. and ALPHA RESPIRATORY
6   INC.

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SACRAMENTO

10

11  CHRISTINA CULLEY, an individual,          CASE NO. 34-2014-00170400-CU-OE-GDS
    on behalf of herself and on behalf of all
12  persons similarly situated,               Assigned for all Purposes to:
                                              Hon. Gordon D. Schaber, Dept. 35
13                     Plaintiff,

14       v.                                   DEFENDANTS LINCARE INC.'S AND
                                              ALPHA RESPIRATORY INC.'S
15  LINCARE INC., a Corporation; ALPHA        ANSWER TO PLAINTIFF CHRISTINA
    RESPIRATORY INC., a Corporation;          CULLEY'S UNVERIFIED COMPLAINT
16  and DOES 1 through 50, Inclusive,

17                     Defendants.
                                              Complaint filed:  October 21, 2014
18                                            Trial Date:       None Set

19

20

21       Defendants LINCARE INC. and ALPHA RESPIRATORY INC. ("Defendants"),

22  by and through their counsel of record, hereby answer the unverified complaint

23  ("Complaint") of Plaintiff CHRISTINA CULLEY ("Plaintiff"), as follows:

24                                **GENERAL DENIAL**

25       Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

26  Defendants deny generally and specifically each and every allegation contained in the

27  Complaint.  In addition, Defendant denies that Plaintiff and/or putative class members

28  have sustained, or will sustain, any loss or damage in the manner alleged, or otherwise, by

FORD & HARRISON
     LLP            WSACTIVELLP:7234214.1
ATTORNEYS AT LAW   /CASE NO. 34-2014-00170400-CU-OE-GDS
  LOS ANGELES            DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
                                              DOCUMENT PRINTED ON RECYCLED PAPER

1    reason of any act or omission, or any other conduct or absence thereof, on the part of

2    Defendants or anyone acting on their behalf.   Without conceding that they have the

3    burden of proof or persuasion, Defendants also assert the following Affirmative Defenses:

4                                **<u>AFFIRMATIVE DEFENSES</u>**

5                            **FIRST AFFIRMATIVE DEFENSE**

6             **(Facts Insufficient to State Any Cause of Action)**

7         1.      The Complaint as a whole, and each purported cause of action alleged

8    therein, fails to state facts sufficient to constitute any cause of action against Defendants

9    upon which relief may be granted.

10                      **SECOND AFFIRMATIVE DEFENSE**

11                        **(Statute of Limitations)**

12         2.      The Complaint as a whole, and each purported cause of action alleged and

13    remedy sought therein, is barred in whole or in part by the applicable statute of

14    limitations, including but not limited to California Code of Civil Procedure sections 203,

15    337, 337.1, 338, 339, 340 and 343, as well as California Business and Professions Code

16    section 17208.

17                      **THIRD AFFIRMATIVE DEFENSE**

18           **(Penalties and Premium Pay Not Available)**

19         3.      Plaintiff's and putative class members' claims for penalties, including but

20    not limited to penalties under Labor Code sections 226 and 203 are barred in whole or in

21    part, because Plaintiff and putative class members have not alleged, and cannot allege,

22    facts demonstrating that Defendants' conduct was willful or harmful.   Without admitting

23    any facts pled in the Complaint, Defendants allege that they engaged in lawful conduct

24    that was with cause and justification, and Defendants are not liable for any purported

25    injuries or claims which Plaintiff and putative class members now declare.

26    \ \ \

27    \ \ \

28    \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

- 2 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1
2

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

3      4.      Plaintiff's allegations, including, but not limited to, her allegations regarding

4  her prayer for recovery are barred, in whole or in part, because Plaintiff and/or putative

5  class members lack standing to assert or recover them.

6

## FIFTH AFFIRMATIVE DEFENSE

7

### (No Unfair Competition)

8      5.      Plaintiff's purported first cause of action is barred because the alleged

9  practices are not unlawful or unfair, the public is not likely to be deceived by any alleged

10 practices, Defendants gained no competitive advantage by such alleged practices and the

11 benefits of the alleged practices outweigh any alleged harm or other impact it may cause.

12

## SIXTH AFFIRMATIVE DEFENSE

13

### (Failure to Mitigate)

14      6.      Without admitting any facts pled by Plaintiff, Defendants allege that if

15 Plaintiff and/or putative class members have sustained any loss, injury or damages either

16 as alleged in the Complaint or at all, which Defendants expressly deny, the same were

17 directly and proximately caused and/or exacerbated by Plaintiff's and/or putative class

18 members' own conduct, promises and representations to Defendants, and failure to take

19 actions to mitigate these losses, injuries, or damages.

20

## SEVENTH AFFIRMATIVE DEFENSE

21

### (Waiver)

22      7.      The Complaint, and each purported cause of action alleged therein, is barred

23 on the ground that Plaintiff and/or putative class members have expressly and/or impliedly

24 waived the right to assert such causes of action by virtue of their verbal and/or written

25 expressions or conduct.

26 \ \ \

27 \ \ \

28 \ \ \

WSACTIVELLP:7234214.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Estoppel and Res Judicata)**

3      8.      By virtue of their conduct and/or in light of Plaintiff's Complaint that have

4   been previously adjudicated, Plaintiff and/or putative class members must be estopped

5   from asserting any of the causes of action and/or issues in the Complaint against

6   Defendants.

7

**NINTH AFFIRMATIVE DEFENSE**

8

**(Laches)**

9      9.      Plaintiff and putative class members are barred from proceeding with this

10   action on the ground that Plaintiff and/or putative class members are guilty of laches in

11   failing to timely commence this action, which have prejudiced Defendants in their ability

12   to discover adequate witnesses, testimony, facts, and evidence to support Defendants'

13   defenses.

14

**TENTH AFFIRMATIVE DEFENSE**

15

**(Unclean Hands)**

16      10.      Defendants are informed and believe and thereon allege that Plaintiff and

17   putative class members, by their own conduct, are guilty of unclean hands, which

18   completely bar or reduce recovery, if any, to which they may be entitled, all in accordance

19   with proof at trial.

20

**ELEVENTH AFFIRMATIVE DEFENSE**

21

**(Consent)**

22      11.      The Complaint, and each purported cause of action alleged therein, is barred

23   on the ground that at all times alleged in the Complaint, Plaintiff and/or putative class

24   members expressly or impliedly assented to, ratified, or concurred with the conduct

25   alleged to be unlawful.

26   \ \ \

27   \ \ \

28   \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

- 4 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

12.    Plaintiff and/or other putative class members failed to exhaust available administrative remedies and is therefore precluded from obtaining any relief under her alleged causes of action in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Right to Offset)**

13.    Defendants allege that they have suffered damages by reason of Plaintiff's and/or putative class members' conduct, and Defendants have a right to offset their damages against the damages, if any, of Plaintiff and/or other putative class members.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages and/or Penalties)**

14.    Plaintiff and/or putative class members are precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

15.    The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff and/or putative class members have released and waived any and all claims they may have against Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Third Parties)**

16.    Defendants allege that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff and/or putative class members were not the result of any acts, omissions or other conduct of Defendants. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

\ \ \

WSACTIVELLP:7234214.1

- 5 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Compliance and Good Faith)

3      17.    Defendants allege that the Complaint, and each purported cause of action

4    contained therein, is barred in whole or in part because Defendants exercised reasonable

5    care and compensated Plaintiff and/or putative class members in a manner that Defendants

6    believed, in good faith, complied with the applicable laws and provisions, including the

7    Labor Code and the IWC Wage Orders.  As such, a good faith dispute exists as to alleged

8    monies, wages and/or penalties owed.  Moreover, any alleged deficiencies were subject to

9    cure, and therefore any penalties would be barred.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

### (Lack of Knowledge)

12      18.    Defendants allege that the Complaint, and each purported cause of action

13    contained therein, is barred in whole or in part and limited by their lack of actual or

14    constructive knowledge.  Plaintiff and/or other putative class members did not inform

15    Defendants of alleged failure to pay wages or premium wages, failure to provide meal

16    and/or rest periods, or any alleged inaccuracies regarding their pay stubs, prior to filing a

17    lawsuit.  Plaintiff and/or other putative class members, therefore, did not provide

18    Defendants with an opportunity to correct any alleged violations and provide the

19    appropriate remedy, if any, to Plaintiff and/or other putative class members prior to the

20    time the Complaint was filed.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

### (De Minimis Claims)

23      19.    Defendants allege that Plaintiff's and/or other putative class members'

24    claims are barred, or at least limited, because the alleged uncompensated work time is/was

25    de minimis.

26    \ \ \

27    \ \ \

28    \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

- 6 -

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Continuing Violations)

20.    Defendants allege the Complaint, and each purported cause of action contained therein, or some of them, for restitution and/or injunctive relief is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Authorization, Adoption, or Ratification)

21.    Defendants allege the Complaint, and each purported cause of action contained therein, or some of them, are barred because assuming arguendo that Plaintiff and/or other putative class members engaged in any of the acts alleged in the Complaint, such actions were committed outside the course and scope of such employee's employment, were not authorized, adopted or ratified by Defendants, and/or Defendants did not know, nor should it have known of such conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Show Non-Payment of Overtime)

22.    Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay overtime is barred because Plaintiff and/or all other putative class members were not entitled to overtime compensation under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Show Any Facts of Refusal to Make Payment
### or False Denial of the Amount or Validity of Wages)

23.    Defendants allege that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendants exercised reasonable care and compensated Plaintiff and/or other putative class members in a manner that Defendants believed, in good faith, complied with the applicable laws and provisions,

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1                                    - 7 -
/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1   including the Labor Code and the IWC Wage Orders.  Plaintiff and/or putative class

2   members have failed to allege facts showing that any person, agent, manager,

3   superintendent, or officer of Defendants willfully, knowingly or intentionally refused to

4   pay wages due and payable after a demand had been made or falsely denied the amount or

5   validity thereof, with the intent to secure for themselves any discount upon which such

6   indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud the person

7   to whom indebtedness is due.  As such, a good faith dispute exists as to alleged monies,

8   wages and/or penalties owed.  Moreover, any alleged deficiencies were subject to cure,

9   and therefore any penalties would be barred.

10  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  **(Failure to Show Intentional Violation of Wage Statements)**

12  24.   Plaintiff's Complaint, and each claim contained therein, is barred to the

13  extent that Plaintiff and/or putative class members have failed to allege any facts showing

14  that Defendants, or any officer, agent, employee, fiduciary, or other person who has the

15  control, receipt, custody, or disposal of, or pays the wages due an employee, willfully,

16  knowingly and intentionally violated the provisions of California Labor Code section 226.

17  Plaintiff and/or putative class members, therefore, have no claim pursuant to California

18  Labor Code sections 226(e) and/or 226.6.

19  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

20  **(Failure to Show Injury Based on Inaccurate Wage Statements)**

21  25.   Plaintiff's Complaint, and each claim contained therein, is barred to the

22  extent that Plaintiff and/or putative class members cannot show that she and/or the

23  putative class members have suffered the requisite "injury" required to have standing to

24  maintain a claim for failure to provide accurate wage statements pursuant to California

25  Labor Code section 226(e).

26  \ \ \

27  \ \ \

28  \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

- 8 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Show Failure to Provide Meal/Rest Periods)

26.    Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff and/or putative class members cannot allege facts that show that Defendant failed to provide meal/rest periods in accordance with applicable IWC Wage Orders and/or California Labor Code section 512.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver of Meal Periods)

27.    Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff or other putative class members signed legally valid written waivers of any meal periods or voluntarily or orally waived meal periods.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Written Acknowledgment of an On-Duty Meal Period)

28.    Plaintiff's Complaint, and each claim contained therein, is barred to the extent that the nature of the work required an on-duty meal period, which was acknowledged in writing, and could later be revoked.  To the extent that Plaintiff or other employees signed a written acknowledgment for an on-duty meal period, there can be no claim for alleged meal period violations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Show Violation of Statute, Provision or Public Policy
### of State of California)

29.    Defendants cannot be found liable because Defendants did not violate any statute or constitutional provision or public policy of the State of California.

## THIRIETH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

30.    To the extent the Complaint seeks injunctive relief, the Complaint is barred because Plaintiff and/or putative class members have an adequate and complete remedy at law.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Comply with the Employer's Directions)**

31.     Without admitting an y facts pled by Plaintiff, Defendants allege that if Plaintiff and/or putative class members have sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendants expressly deny, Plaintiff and other putative class members failed to comply with the directions of Defendants concerning the service on which they were engaged and such obedience to Defendants' directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.  To the extent Plaintiff and/or putative class members have sustained any loss, injury or damages either as alleged in the Complaint, they were directly and proximately caused and/or exacerbated by Plaintiff's or putative class members' own conduct, promises and representations to Defendants, and failure to take actions to mitigate these losses, injuries, or damages.  To the extent that Plaintiff and/or putative class members failed to follow Defendants' directions regarding meal periods, rest periods, time keeping and recording, reporting time pay, they are barred from seeking recovery pursuant to California Labor Code section 2856.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Plaintiff's Action is Frivolous and in Bad Faith)**

32.     Defendants allege that they are entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiff and Plaintiff's counsel in that Plaintiff's Complaint and each purported cause of action as alleged therein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendants.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Lawful Part of Business Operations)**

33.     Defendants allege the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendants' business operations and/or consistent with industry practice.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
WSACTIVELLP:7234214.1      - 10 -
/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (No Right to a Jury Trial)

3    34.    Plaintiff's Complaint, and each cause of action alleged therein, fails to the

4    extent that Plaintiff seeks a jury trial for claims that are of a nature or right that did not

5    provide for a jury trial at common law prior to the adoption of the California Constitution.

6    To the extent that Plaintiff seeks a jury trial for such claims, there is no such jury trial

7    right.

8

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

9

### (No Reporting Time Pay Owed)

10    35.    Plaintiff's Complaint for, and each cause of action alleged therein, related to

11    the recovery of reporting time pay fails to the extent that facts exist demonstrating the

12    operations cannot or could not commence or continue due to threats to employees or

13    property; or when recommended by civil authorities; or public utilities fail to supply

14    electricity, water or gas, or there is a failure in the public utilities, or sewer system; or the

15    interruption of Plaintiff and/or putative class members' work is and/or was caused by an

16    Act of God or other cause not within the employer's control; and/or Plaintiff and/or

17    putative class members are employees on paid standby status who are called to perform

18    assigned work at a time other than their scheduled reporting time.

19

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

20

### (Failure to State Facts Warranting Class Certification

21

### and Class Damages or Any Other Representative Action)

22    36.    This case is not appropriate for class certification because the Complaint as

23    a whole, and each purported cause of action alleged therein, fails to state facts sufficient to

24    constitute a class action against Defendants.

25    \ \ \

26    \ \ \

27    \ \ \

28    \ \ \

WSACTIVELLP:7234214.1

- 11 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Adequate Class Counsel)**

3        37.    This case is not appropriate for class certification because neither Plaintiff

4    nor Plaintiff's Counsel are able to fairly and adequately protect the interests of all

5    members of the putative class.

6

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

7

**(Lack of Numerosity)**

8        38.    This case is not appropriate for class certification because the members of

9    the proposed class are not so numerous that joinder of all members would be

10   impracticable.

11

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

12

**(Lack of Typical and Adequate Class Representative)**

13       39.    This case is not appropriate for class certification because Plaintiff is not a

14   typical or adequate representative of the purported class members of the Complaint or any

15   alleged cause of action asserted therein.

16

**FORTIETH AFFIRMATIVE DEFENSE**

17

**(Failure to State Facts Warranting a Predominance of**

18

**Common Questions of Fact and Law)**

19       40.    This case is not appropriate for class action because common questions of

20   fact do not predominate over individual questions of fact raised in each of the alleged

21   causes of action in the Complaint.

22

**FORTY-FIRST AFFIRMATIVE DEFENSE**

23

**(Lack of Superiority of Class Action Device)**

24       41.    This case is not appropriate for class certification because class treatment is

25   not the superior method for resolving the alleged claims, including but not limited to the

26   administrative remedy provided by the California State Labor Commissioner that is

27   available to Plaintiff and each alleged putative class member.

28   \ \ \

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7234214.1

- 12 -

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1                    **FORTY-SECOND AFFIRMATIVE DEFENSE**

2                  **(Existence of Class/Collective Action Waiver)**

3        42.     This case is not appropriate for class-, collective- and/or representative-wide

4 adjudication because Plaintiff and/or putative class members had entered into written

5 agreements that, as a condition of employment, they agreed to waive any right they may

6 have to be a lead and/or member of a class/collective/representative action lawsuit or a

7 representative of a class/collective/representative action lawsuit against Defendants.

8                    **FORTY-THIRD AFFIRMATIVE DEFENSE**

9                    **(Lack of Employment Relationship)**

10        43.     Plaintiff's and/or certain putative class members' claims against Defendants

11 fail on the grounds and to the extent that either Defendant Lincare Inc. or Defendant

12 Alpha Respiratory Inc. are not their employer(s).

13                    **FORTY-FOURTH AFFIRMATIVE DEFENSE**

14                    **(Unstated Affirmative Defense)**

15        44.     Defendants allege that they may have additional, as yet unstated, defenses

16 available. Defendants have not completed their investigation of the facts of this case,

17 have not completed discovery in this matter, and have not completed their preparation for

18 trial. The affirmative defenses asserted herein are based on Defendants' knowledge,

19 information and belief at this time, and Defendants specifically reserve the right to

20 modify, amend, or supplement any affirmative defenses contained herein at any time.

21 Defendants reserve the right to assert additional defenses as information is gathered

22 through discovery and investigation. In asserting these defenses, Defendants do not allege

23 or admit that they have the burden of proof and/or persuasion with respect to any of these

24 matters and do not assume the burden of proof and/or persuasion with respect to any

25 matter as to which Plaintiff and/or putative class members have the burden of proof or

26 persuasion.

27 \\\

28 \\\

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1

## PRAYER

2      WHEREFORE, Defendants pray that:

3      1.      The Complaint be dismissed in its entirety with prejudice, and that Plaintiff

4   and/or putative class members take nothing by the Complaint;

5      2.      Judgment be entered against Plaintiff and in favor of Defendants;

6      3.      Defendants be awarded their costs of suit and reasonable attorneys' fees if

7   allowable by law, including without limitation, pursuant to California Labor Code section

8   218.5; and

9      4.      The Court award Defendants such other and further relief as it deems

10  appropriate.

11

12  Dated: January 8, 2015                    Respectfully submitted,

13                                            FORD & HARRISON LLP

14

15  By:

16        David L. Cheng
          Attorneys for Defendants
17        LINCARE INC. and ALPHA RESPIRATORY
          INC.

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1                          **PROOF OF SERVICE**

2         I, Elsa Lanz, declare:

3         I am a citizen of the United States and employed in Los Angeles County,
California.  I am over the age of eighteen years and not a party to the within-entitled

4 action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles,
California 90071.  On January 8, 2015, I served a copy of the within document(s):

5

6       **DEFENDANTS LINCARE INC.'S AND ALPHA RESPIRATORY
INC.'S ANSWER TO PLAINTIFF CHRISTINA CULLEY'S
UNVERIFIED COMPLAINT**

7

8      ☐    by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m.

9      ☒    by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States mail at Los Angeles, California

10                 addressed as set forth below.  I am readily familiar with the firm's practice of
collection and processing correspondence for mailing.  Under that practice it

11                 would be deposited with the U.S. Postal Service on that same day with
postage thereon fully prepaid in the ordinary course of business.  I am aware

12                 that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of

13                 deposit for mailing in affidavit.

14      ☐    by placing the document(s) listed above in a sealed Norco Overnite Express
envelope and affixing a pre-paid air bill, and causing the envelope to be

15                 delivered to a Norco agent for delivery.

16      ☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

17

18 Norman B. Blumenthal, Esq.         Attorneys for Plaintiff
Kyle R. Nordrehaug, Esq.           CHRISTINA CULLEY

19 Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik

20 2255 Calle Clara
La Jolla, CA 92037

21 Tel:  (858) 551-1223
Fax:  (858) 551-1232

22         I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

23

24         Executed on January 8, 2015, at Los Angeles, California.

25

26                                        *Elsa Lanz*
                                       Elsa Lanz

27

28

WSACTIVELLP:7234214.1

/CASE NO. 34-2014-00170400-CU-OE-GDS
DEFENDANTS' ANSWER TO PLAINTIFF CHRISTINA CULLEY'S UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

### DECLARATION OF ROBERT REICHARD

I, Robert Reichard, declare:

1.      I have personal knowledge of the following, or knowledge based upon records which are within my custody and control.  If called and sworn as a witness, I could and would competently testify thereto.

2.      I am currently employed as Payroll Manager, and currently oversee payroll for Lincare Inc.  I am authorized to make this declaration on behalf of Defendant Lincare Inc. ("Lincare").

3.      In my position as Payroll Manager, I am familiar with where Lincare is incorporated and the location of its principal place of business.  Lincare is incorporated in the State of Delaware.  The principal place of business of Lincare is in the State of Florida.

4.      I have reviewed payroll records kept in the normal course of business that relate to persons employed by Lincare Inc. in California as non-exempt hourly employees from October 21, 2010 to the present.  From those records, I have ascertained the following:

5.      During that time period, 440 individuals were employed in non-exempt hourly positions for Lincare.

6.      At any given time from October 21, 2010 to the present, the approximate size of the non-exempt hourly workforce for Lincare is, on average, 262 individuals.

7.      From October 21, 2011 to the present, 361 individuals were employed in non-exempt hourly positions for Lincare.

8.      From October 21, 2013 to the present, 262 individuals were employed in non-exempt hourly positions for Lincare.

9.      From October 21, 2011 to the present, approximately 173 individuals employed in non-exempt hourly positions for Lincare were terminated.

10.     Individuals employed in non-exempt hourly positions earned approximately $16.78 per hour at Lincare during the period from October 21, 2010 to the present.

\ \ \

1    11.    From October 21, 2011 to the present, the average hourly pay for individuals

2  employed in non-exempt hourly positions was approximately $17.02 at Lincare.

3    I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5    Executed this 12 day of January, 2015, in Pinollas County, Florida

6

7

8                            ROBERT REICHARD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 20 -        DEFENDANT'S NOTICE OF REMOVAL

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

                                            DOCUMENT PRINTED ON RECYCLED PAPER

# DECLARATION OF PAULA ADAMS

I, Paula Adams, declare:

1.     I have personal knowledge of the following, or knowledge based upon records which are within my custody and control.  If called and sworn as a witness, I could and would competently testify thereto.

2.     I am currently employed as Director of Employee Relations, and currently oversee employee relations for Alpha Respiratory Inc.  I am authorized to make this declaration on behalf of Defendant Alpha Respiratory Inc. ("Alpha Respiratory").

3.     In my position as Director of Employee Relations, I am familiar with where Alpha Respiratory is incorporated and the location of its principal place of business.  Alpha Respiratory is incorporated in the State of Delaware.  The principal place of business of Alpha Respiratory is in the State of Florida.

4.     I have reviewed payroll records kept in the normal course of business that relate to persons employed by Alpha Respiratory Inc. in California as non-exempt hourly employees from October 21, 2010 to the present.  From those records, I have ascertained the following:

5.     During that time period, 45 individuals were employed in non-exempt hourly positions for Alpha Respiratory.

6.     At any given time from October 21, 2010 to the present, the approximate size of the non-exempt hourly workforce for Alpha Respiratory is, on average, 27 individuals.

7.     From October 21, 2011 to the present, 40 individuals were employed in non-exempt hourly positions for Alpha Respiratory.

8.     From October 21, 2013 to the present, 27 individuals were employed in non-exempt hourly positions for Alpha Respiratory.

9.     From October 21, 2011 to the present, approximately 21 individuals employed in non-exempt hourly positions for Alpha Respiratory were terminated.

10.     Individuals employed in non-exempt hourly positions earned approximately $17.56 per hour at Alpha Respiratory during the period from October 21, 2010 to the present.

1      11.    From October 21, 2011 to the present, the average hourly pay for individuals

2   employed in non-exempt hourly positions was approximately $17.90 per hour at Alpha

3   Respiratory.

4          I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6          Executed this 12th day of January, 2015, in Pinellas County      .

7

8          *Paula K Adams*

9                             PAULA ADAMS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

                                - 22 -        DEFENDANT'S NOTICE OF REMOVAL

                                              DOCUMENT PRINTED ON RECYCLED PAPER

## DECLARATION OF CASEY NEWMARK

I, Casey Newmark, declare:

1.     I have personal knowledge of the following, or knowledge based upon records which are within my custody and control.  If called and sworn as a witness, I could and would competently testify thereto.

2.     I am currently employed as the Center Manager for Defendant Alpha Respiratory, Inc. ("Alpha Respiratory") at its facility located in Chico, California.  I am authorized to make this declaration on behalf of Alpha Respiratory.

3.     I have access to and am familiar with Plaintiff Christina Culley's employment with Alpha Respiratory and its related records as they are kept in the regular course of business.  I also am familiar with general operations and staffing at the Chico, California facility from where Ms. Culley works.  Based on my review of these records, Ms. Culley is currently employed as a Healthcare Specialist for Alpha Respiratory and is working at one of its facilities located in Chico, California.  According to her records, Ms. Culley currently uses an address in Chico, California as the location of her residence, which is located in Butte County, California.

4.     Ms. Culley began her employment in or about September 2010.  During her employment, Ms. Culley was assigned to work an 8-hour shift, five days a week.  On average, Plaintiff earned $23.31 per hour.  As a Healthcare Specialist, she was expected to be on-call evenings and weekends on an as-scheduled basis.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

1    5.    During her employment, Ms. Culley was one of only two Healthcare Specialists

2 employed for that facility. Because of the size of the Chico facility, Plaintiff was expected to

3 frequently be on-call.

4    I declare under penalty of perjury under the laws of the United States of America that the

5 foregoing is true and correct.

6    Executed this 12 day of January, 2015, in ___Butte County___

7

8    _____
        CASEY NEWMARK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7239934.1                     - 24 -            DEFENDANT'S NOTICE OF REMOVAL

                                                    DOCUMENT PRINTED ON RECYCLED PAPER

**PROOF OF SERVICE**

1

2          I, Elsa Lanz, declare:

3          I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California  90071.  On January 12, 2015, I served a copy of the within document(s):

4

5

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANTS LINCARE INC. AND ALPHA RESPIRATORY INC.; DECLARATIONS OF DAVID L. CHENG AND PAULA ADAMS IN SUPPORT THEREOF**

6

7

8          **ELECTRONICALLY:**  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

9

10

11      X      by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

12

13            by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14

15   Norman B. Blumenthal, Esq.                    Attorneys for Plaintiff CHRISTINA
     Kyle R. Nordrehaug, Esq.                      CULLEY
16   Aparajit Bhowmik, Esq.
     Blumenthal, Nordrehaug & Bhowmik
17   2255 Calle Clara
     La Jolla, CA 92037
18   Tel:   (858) 551-1223
     Fax:   (858) 551-1232
19

20          I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

21

22          Executed on January 12, 2015, at Los Angeles, California.

23

24                                                         Elsa Lanz

25

26

27

28

WSACTIVELLP:7239934.1                    - 25 -          DEFENDANT'S NOTICE OF REMOVAL