IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA CULLEY,   No. 2:15-CV-0081-GEB-CMK

    Plaintiff,

  vs.   ORDER

LINCARE, INC., et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding with retained counsel, brings this civil action for violation of California Business and Professions Code § 17200, et seq., as well as California Labor Code §§ 204, 226, 226.7, 510, 512, 1194, 1197, and 1198.  The case was removed from Sacramento County Superior Court based on diversity.  Pending before the court are the following motions: (1) plaintiff's motion to compel further discovery responses from defendant Alpha Respiratory, Inc. ("Alpha") (Doc. 17); and (2) plaintiff's motion to compel further discovery responses from defendant Lincare, Inc. ("Lincare") (Doc. 23).  Following oral arguments before the undersigned on August 19, 20015, (as to Alpha) and October 21, 2015, (as to Lincare), the matters were submitted.

/ / /

# I. BACKGROUND

In her complaint, plaintiff claims: (1) defendants deprived her of overtime wages as a result of defendant's failure to include certain bonuses into the regular rate of pay; (2) defendants deprived her meal and rest breaks and/or related compensation; and (3) defendants failed to pay "reporting time pay." Generally, plaintiff alleges that she and similarly situated employees were required to remain on "stand-by" or "on-call" status for 24 hours per day and that defendants failed to pay her overtime wages. Plaintiff seeks class certification and defines the putative class as "herself and all other similarly situated current and former employees" of defendants Lincare and Alpha.[1]

As to defendant Alpha, plaintiff seeks further responses to requests for production 2, 3, 4, 10, 12, 13, 30, 34, and 35, and interrogatories 5, 6, and 7. As to defendant Lincare, plaintiff seeks further responses to requests for production 2, 3, 10, 12, 13, 30, 34, and 35, and interrogatories 5, 6, and 7. Plaintiff groups these discovery requests into seven categories:

| | |
|---|---|
| Payroll and Time Records | Requests for production 2, 4 (Alpha only), and 35. |
| Wage Statements | Requests for production 3 and 34. |
| Contact Information | Request for production 10.<br>Interrogatory 7. |
| Compensation Policies | Requests for production 12 and 13. |
| Wage and Hour Complaints | Request for production 30. |
| Relationship with Co-Defendant | Request for production 31. |
| Contention Interrogatories | Interrogatories 5 and 6. |

Additionally, plaintiff seeks an order compelling the deposition of defendants' Federal Rule of Civil Procedure 30(b)(6) witnesses.

///

---

[1] In the complaint, plaintiff alleges that defendant Alpha is a wholly-owned subsidiary of defendant Lincare and refers to defendants collectively as joint employers.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), permissible discovery consists broadly of "any non-privileged matter that is relevant to any party's clam for defense. . . ." Relevant information includes that which is "reasonably calculated to lead to the discovery of admissible evidence." In order to obtain class certification, plaintiff must establish numerosity, commonality, typicality, and adequate representation. See Fed. R. Civ. P. 23(a). The court must provide an opportunity to present all information relevant in making a class certification determination. See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1312-1313 (9th Cir. 1977). Through the pending motions, plaintiff seeks to discover such information.

### A.   Written Discovery Propounded to Defendant Alpha

#### 1.   Payroll and Time Records

In dispute are requests for production 2, 4, and 35.

##### Request for Production 2

Produce, in electronic format, all payroll records for the plaintiff during the relevant time period.

##### Request for Production 4

Produce, in electronic format, documents sufficient to evidence the hours worked by plaintiff, including time and clock-in records, during the relevant time period.

##### Request for Production 35

Produce, in electronic format, documents sufficient to evidence the hours worked by the class members, including time and clock-in records, during the relevant time period.

Defendant Alpha agreed to provide plaintiff's payroll records and time and clock-in records subject to an agreement on format (which the parties were unable to reach). Defendant Alpha objects to providing records in response to request for production 35 because the information sought relating to putative class members is not relevant and the request is overbroad.

/ / /

1    Regarding format, defendant Alpha maintains that the requested records – both as
2 to plaintiff and putative class members – exist only on paper and that producing the requested
3 records in electronic format as plaintiff seeks would be overly burdensome.  According to
4 plaintiff, it is simply unbelievable that the information does not exist in electronic format,
5 particularly given that the records were initially created by logging in and out via an electronic
6 system.  Plaintiff argues that defendant Alpha has provided no evidence to meet its burden in
7 sustaining its objection.
8    The question is whether defendant Alpha has established the factual basis for its
9 objection – that the information requested does not exist in electronic format because it was not
10 electronically created and/or stored.  Defendant Alpha argues:

> . . .Specifically, and as explained in the declaration of Paula Adams [defendant Alpha's Director of Employee Relations], the payroll records of Plaintiff and other employees are not kept and maintained by defendant, but instead kept and maintained by a third-party payroll processor, ADP. (Citations to Adams declaration omitted).  Those records are only accessible to Defendant in PDF format.  When attempting to convert the earnings statements to Excel-readable format like Plaintiff's, the results of the conversion become jumbled and not all the lines appear in the correct order.  As a result, the conversion process is unduly burdensome for Defendant in that it would be require [sic] significant about [sic] of time to first convert the records into Excel, then manually review each record with the corresponding converted record to correct any errors.

18 In her declaration, Ms. Adams states: "The earning statements for Plaintiff and other employees
19 are kept and maintained by a third-party payroll services processor, ADP.  Those statements are
20 only accessible to Defendant [Alpha] in PDF format."
21    Defendant Alpha's evidence – consisting entirely of Ms. Adams' declaration – is
22 insufficient.  First, the evidence does not speak to all of the documents requested.  Specifically,
23 plaintiff requested payroll, time, and clock-in records.  Ms. Adams, however, only addresses
24 "earnings statements," which would be most akin to payroll records.  Defendant does not provide
25 any evidence regarding time record and clock-in records.  Next, as to earnings statements, while
26 Ms. Adams states that ADP keeps and maintains those records, she does not state which format

1  ADP uses to keep and maintain records.  Ms. Adams states merely that the records are "only
2  accessible to Defendant" in PDF format.  ADP, however, is presumably paid by defendant Alpha
3  for payroll-related services and is, therefore, defendant Alpha's agent.  Defendant Alpha does not
4  explain whether its agent ADP maintains defendant Alpha's records in electronic format and, if
5  so, why its agent ADP cannot provide them to defendant Alpha in electronic format.  Defendant
6  Alpha's objection as to format is overruled.

7  Because defendant Alpha has agreed to provide plaintiff's payroll, time, and
8  clock-in records, and because its objections as to format are overruled, the next issue is whether
9  defendant Alpha's objections to request for production 35 – seeking records of class members –
10 should be sustained.  Plaintiff argues that the records sought are relevant to the class certification
11 determination, and that any privacy concerns can be cured through redaction or protective order.
12 As to class certification, plaintiff contends that the records sought are relevant to the issues of
13 commonality and numerosity.

14 Defendant argues that plaintiff has failed to make a prima facie showing that the
15 class certification requirements have been met, or that the discovery sought is likely to
16 substantiate her class certification request.  As indicated above, however, plaintiff is to be
17 afforded the opportunity to discover and present evidence which may be helpful to the court in
18 determining whether to approve class certification.  Moreover, documents consisting of time and
19 wage records are relevant for purposes of showing numerosity and commonality.  See Hill v.
20 Eddie Bauer, 242 F.R.D. 556, 561-62 (C.D. Cal. 2007).

21 Likewise, defendant has not addressed why privacy concerns which might
22 outweigh relevance cannot be addressed by redaction, protective order, or some other
23 mechanism.  At the August 2015 hearing, the parties indicated that defendant Alpha maintains
24 eight facilities in California employing a total of 45 people who would be part of the putative
25 class.  Given the relatively small number of individuals involved, a protective order would be
26 sufficient to address privacy concerns.

Finally, as to the remaining objection that the request for production 35 is overbroad, defendant Alpha argues that production should be limited in scope to documents relating to plaintiff's facility given plaintiff's deposition testimony that she lacks knowledge of practices at defendant Alpha's other facilities. This objection is overruled given the representation that defendant Alpha maintains only eight facilities employing 45 people.

### 2. Wage Statements

In dispute are requests for production 3 and 34.

<u>Request for Production 3</u>

Produce copies of the itemized wages statements that were provided to plaintiff during the relevant time period.

<u>Request for Production 34</u>

Produce copies of the itemized wages statements that were provided to the class members during the relevant time period.

Again, defendant Alpha agreed to provide plaintiff's records in response to request for production 3, subject to an agreement on format (which is not an issue as to requests for production 3 and 34 because plaintiff did not request any specific format). With respect to class member records in response to request for production 34, defendant Alpha stated in its response that no records will be produced absent a protective order.

Because plaintiff has not requested her wage statements in any particular format, defendant Alpha's objection as to format is overruled. The documents remaining in dispute – the itemized wage statements of class members – are relevant to showing numerosity and commonality. See Hill, 242 F.R.D. at 561-62. Defendant Alpha's relevance objection is overruled notwithstanding its assertion that plaintiff's complaint does not assert a stand-alone wage statement claim (which plaintiff disputes). Defendant offers no argument in support of its objection that the request for class member wage statements is burdensome and oppressive, and the objection is overruled. As to privacy, defendant Alpha merely repeats the argument discussed above without addressing potential methods of protecting class members' privacy

interests, such as a protective order which is appropriate given the relatively small number of records at issue.

### 3. Contact Information

In dispute are request for production 10 and interrogatory 7.

#### Request for Production 10

Produce, in electronic, Excel spreadsheet format, documents sufficient to evidence the names and dates of employment, last known telephone numbers, last known addresses, and last known e-mail addresses of every class member who worked for you during the relevant time period.

#### Interrogatory 7

Identify all class members by providing the person's full legal name, last known address, last known telephone number(s), last known e-mail address(es), dates of employment, rate(s) of pay for each pay period, and job title(s) held during each pay period.

As to request for production 10, defendant Alpha objected to the request as: (1) overbroad and not reasonably calculated to lead to the discovery of admissible evidence; (2) seeking information protected by the attorney-client and attorney work-product privileges; (3) burdensome and oppressive; and (4) as seeking information that is confidential and/or private. As to interrogatory 7, defendant Alpha objected that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

As to relevance, plaintiff cites Hill as well as Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812 (C.D. Cal. 2007), for the proposition that she is entitled to contact information for putative class members as a due process right in litigating a class action lawsuit. Defendant does not respond other than referring the court to its response regarding request for production 34, discussed above. The court finds that the discovery sought is relevant. Defendant Alpha's relevance objections are overruled.

/ / /

/ / /

1         Regarding privacy issues, plaintiff argues that a protective order can address
2  defendant Alpha's concerns, and the court agrees.  Defendant does not respond to this position.
3  Defendant Alpha also offers no argument in support of its objection that the requests at issue here
4  are burdensome, nor does defendant Alpha support its objection that the information sought is
5  protected by either the attorney-client or work-product privileges.   These objections are
6  overruled.
7         While the requests are somewhat duplicative of one another (though defendant
8  does not object on this ground), plaintiff is entitled to a contact list.  Defendant Alpha should
9  provide plaintiff with the raw documents in response to request for production 10 from which she
10 can derive a contact list, or defendant Alpha should itself provide a contact list in response to
11 interrogatory 7.  Defendant Alpha will not, however, be required to do both.

    4.  <u>Compensation Policies</u>

In dispute are requests for production 12 and 13.

  <u>Request for Production 12</u>

  Produce all documents constituting defendant's policies with respect to providing bonus compensation to the class members during the relevant time period.

  <u>Request for Production 13</u>

  Produce all documents constituting defendant's policies with respect to providing all forms of compensation to the class members during the relevant time period.

According to defendant Alpha, the parties have agreed on the scope of these requests and defendant Alpha has already produced responsive documents.  Plaintiff's motion seeking further responses from defendant Alpha as to these requests is, therefore, moot.

/ / /

/ / /

/ / /

/ / /

### 5. Wage and Hour Complaints

In dispute is request for production 30.

> Request for Production 30
>
> Produce all documents that evidence or show any and all claims submitted to any state or federal court or federal, state, or local governmental agencies or entities including, without limitation, the California Labor Commissioner and the California Division of Labor Standards and Enforcement, regarding defendant's wage and hour practices relating to the class members during the last ten years.

Plaintiff states that the scope of this request has been limited by agreement during the meet-and-confer process to only those complaints that alleged bonus miscalculation, missed meal and/or breaks, and/or reporting time issues.

According to plaintiff, while these documents may be public records, "Defendant is in the best position to produce such documents. . . ." Defendant Alpha offers no rebuttal. Similarly, defendant Alpha makes no effort to support its objections based on privilege or relevance. Rather, defendant Alpha states that, based on the agreed limitation in the scope of the request, it is still in the process of identifying responsive documents and that it will supplement its responses. Plaintiff's motion seeking further responses from defendant Alpha to request for production 30 will be denied without prejudice to seeking a further response after defendant Alpha supplements its initial response.

### 6. Relationship with Co-Defendant Lincare

In dispute is request for production 31.

> Request for Production 31
>
> Produce documents sufficient to evidence the relationship between defendant and Lincare, Inc., during the relevant time period.

Defendant Alpha objected to this request on the grounds that: (1) the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence; (2) the documents requested are publically available records equally available to plaintiff; (3) the request requires

Defendant to expend substantial time and resources in order to obtain the information necessary to provide a full and complete response, and/or are voluminous, and therefore the request is burdensome and oppressive; and (4) the request seeks information that is confidential and/or constitutes business proprietary and/or trade secret information.

Plaintiff contends that, despite defendants' assertion that Lincare was not plaintiff's employer, employment documents such as paystubs and the like reflect Lincare's logo. Plaintiff argues that she is entitled to know the business relationship between the two entities in order to determine whether Lincare is a proper defendant. Plaintiff also argues that any privacy concerns have been rendered moot by a protective order already entered in the case.

The court agrees with plaintiff that she is entitled to discovery concerning the relationship between Lincare and Alpha, particularly given the dispute that appears to exist as to whether defendants can be considered co-employers. As to defendant Alpha's specific objections, in the current motion defendant Alpha argues only that the request is vague, though it did not object on this basis. Defendant Alpha does not offer any support for the objections it did assert, which are overruled.

       7.     <u>Contention Interrogatories</u>

In dispute are interrogatories 5 and 6.

<u>Interrogatory 5</u>

> State all facts which support any of the reasons why you contend that the claims of plaintiff are not typical of the claims of the class members for purposes of class certification.

<u>Interrogatory 6</u>

> State all facts which support any of the reasons why you contend that common questions of law and fact do not predominate in this action for purposes of class certification.

Defendant Alpha objected on the following grounds: (1) the requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence; (2) the requests seek information protected by the attorney-client and attorney work-product privileges; (3) the

requests seeks to elicit a legal opinion or conclusion; and (4) the requests are premature.

The court finds that the interrogatories at issue here clearly seek facts supporting a legal defense, not legal opinions or conclusions. Such contention interrogatories are appropriate. As to defendant Alpha's argument that they are premature, plaintiff correctly notes that defendant Alpha has taken plaintiff's deposition and all employer-related documents are already in its possession. Defendant Alpha's argument that it does not know what plaintiff will assert in the class certification motion is unpersuasive given that Rule 23 outlines exactly what plaintiff must show in such a motion. Finally, defendant Alpha cites no in-circuit authority for its privilege objections. Defendant Alpha will be required to provide supplemental responses to interrogatories 5 and 6.

### B. Discovery Propounded to Defendant Lincare

#### 1. Payroll and Time Records

In dispute are requests for production 2 and 35.

Request for Production 2

Produce, in electronic format, all payroll records for the plaintiff during the relevant time period.

Request for Production 35

Produce, in electronic format, documents sufficient to evidence the hours worked by the class members, including time and clock-in records, during the relevant time period.

In response to request for production 2, defendant Lincare stated that it has no responsive documents in its possession, custody, or control because it is not plaintiff's employer. In response to request for production 35, defendant Lincare refused to provide any documents because it is not plaintiff's employer and, thus, plaintiff has no standing to pursue claims against it. Defendant Lincare also argues that the records of its employees are not relevant to plaintiff's claims or request for class certification.

/ / /

As to request for production 2, defendant Lincare responded that it has no payroll documents in its possession. The motion for further responses from defendant Lincare is denied as to request for production 2.

As to request for production 35 – which seeks information regarding employees of defendant Lincare – defendant Lincare argues that such discovery is not relevant to plaintiff's claims with respect to individuals who were never employed by Alpha. Defendant states: "Not relevant to this case. . . are any of the policies, procedures, or practices which relate solely to Defendant [Lincare] and its own employees." Defendant Lincare further states that, as to documents relating to individuals who were employed by Alpha, those materials may be obtained by way of discovery directed to Alpha (which, again, is the subject of the companion motion as to Alpha, discussed above). In making these arguments, defendant Lincare notes that plaintiff has defined the class in this case as individuals who were jointly employed by Lincare and Alpha. Thus, defendant concludes, plaintiff is not entitled to any information regarding individuals who were not jointly employed.

Defendant's argument is persuasive as to request for production 35 to the extent it seeks information regarding individuals who are not part of the purported class of people working jointly for Alpha and Lincare. Plaintiff is not entitled to discovery concerning people who are not part of the class, i.e., individuals employed solely by Lincare. The motion for further responses from defendant Lincare as to request for production 35 is denied.

    2.  <u>Wage Statements</u>

In dispute are requests for production 3 and 34.

<u>Request for Production 3</u>

Produce copies of the itemized wages statements that were provided to plaintiff during the relevant time period.

<u>Request for Production 34</u>

Produce copies of the itemized wages statements that were provided to the class members during the relevant time period.

Defendant Lincare responded to request for production 3 by stating that it has no responsive documents in its possession, custody, or control because it is not plaintiff's employer. Defendant Lincare refused to provide any documents in response to request for production 34 because documents related to individuals employed solely by Lincare are not relevant.

   Defendant Lincare's objections as to requests for production 3 and 34 are sustained.

   3. <u>Contact Information</u>

   In dispute are request for production 10 and interrogatory 7.

   <u>Request for Production 10</u>

   Produce, in electronic, Excel spreadsheet format, documents sufficient to evidence the names and dates of employment, last known telephone numbers, last known addresses, and last known e-mail addresses of every class member who worked for you during the relevant time period.

   <u>Interrogatory 7</u>

   Identify all class members by providing the person's full legal name, last known address, last known telephone number(s), last know e-mail address(es), dates of employment, rate(s) of pay for each pay period, and job title(s) held during each pay period.

Again, defendant Lincare objected based on relevance. The objection is sustained for the reasons discussed above.

   4. <u>Compensation Policies</u>

   In dispute are requests for production 12 and 13.

   <u>Request for Production 12</u>

   Produce all documents constituting defendant's policies with respect to providing bonus compensation to the class members during the relevant time period.

   <u>Request for Production 13</u>

   Produce all documents constituting defendant's policies with respect to providing all forms of compensation to the class members during the relevant time period.

13

Defendant Lincare's objection based on relevance is sustained.

### 5. Wage and Hour Complaints

In dispute is request for production 30.

### Request for Production 30

Produce all documents that evidence or show any and all claims submitted to any state or federal court or federal, state, or local governmental agencies or entities including, without limitation, the California Labor Commissioner and the California Division of Labor Standards and Enforcement, regarding defendant's wage and hour practices relating to the class members during the last ten years.

Defendant Lincare's objection based on relevance is sustained.

### 6. Relationship with Co-Defendant Alpha

In dispute is request for production 31.

### Request for Production 31

Produce documents sufficient to evidence the relationship between defendant and Alpha Respiratory, Inc., during the relevant time period.

As with plaintiff's request for production 31 propounded to defendant Alpha, discussed above, the court finds that plaintiff is entitled to the documents sought in this request, particularly given that defendant Lincare is defendant Alpha's parent company.[2]

### 7. Contention Interrogatories

In dispute are interrogatories 5 and 6.

### Interrogatory 5

State all facts which support any of the reasons why you contend that the claims of plaintiff are not typical of the claims of the class members for purposes of class certification.

///

---

[2] The court recognizes that, to some extent, the same documents will be responsive as to both defendants.

Interrogatory 6

State all facts which support any of the reasons why you contend that common questions of law and fact do not predominate in this action for purposes of class certification.

As with contention interrogatories propounded to defendant Alpha, discussed above, plaintiff is entitled to further responses to these interrogatories. Defendant Lincare will be required to provide supplemental responses to interrogatories 5 and 6.

### C.     Depositions of Defendants' Rule 30(b)(6) Witnesses

In her motions, plaintiff seeks an order directing defendants to produce their respective Federal Rule of Civil Procedure 30(b)(6) witnesses. Because the record shows that defendant Alpha's corporate witness was deposed on August 13, 2015, plaintiff's request with respect to defendant Alpha is denied as moot.

Turning to defendant Lincare, plaintiff states that she served a deposition notice for defendant Lincare's corporate witness on April 16, 2015, and that the parties agreed that the deposition would take place on July 31, 2015. Plaintiff further states that, on June 15, 2015, defendant Lincare served an objection to plaintiff's deposition notice stating that no witness would be produced to testify on behalf of defendant Lincare on any topic. Defendant Lincare cited its relevance objection discussed above. No witness was produced on July 31, 2015.

As plaintiff notes, Rule 30(b)(6) authorizes a party to take the deposition of a corporate witness and that such witness must testify about information known or reasonably available to the company on whose behalf the witness testifies. While defendant Lincare's relevance objection relating to discovery of material relating to individuals employed solely by Lincare is well taken, it is not a basis to refuse to produce its corporate witness. Such an objection would more appropriately be raised at the deposition in the context of specific questions posed by plaintiff's counsel to Lincare's corporate witness.

/ / /

/ / /

1   Further, though a Lincare employee was designated by defendant Alpha as it's
2 corporate witness, and though such witness was deposed on August 13, 2015, concerning
3 defendant Alpha, this is not to say that plaintiff has had an opportunity to obtain relevant
4 deposition testimony concerning Lincare (for example, its corporate relationship with Alpha).
5 This could be either because a different Lincare employee would be designated as the personnel
6 most knowledgeable on behalf of defendant Lincare, or because the scope of the August 13,
7 2015, deposition was limited to defendant Alpha.  In any event, the court finds that plaintiff is
8 entitled to take the deposition of a witness (and it may be the same witness who was deposed on
9 August 13, 2015) who will testify on behalf of defendant Lincare.

      **D.**     **Sanctions**

In both motions, plaintiff seeks sanctions, presumably under Federal Rule of Civil Procedure 37(a)(5), though she does not specify the statutory authority for the request. Defendants object to plaintiff's requests on the basis that plaintiff has failed to demonstrate that her counsel's rate is consistent with prevailing rates in the community.  The court agrees. Plaintiff's counsel states that her hourly rate is $395.00 per hour.  Plaintiff has not, however, made any showing that this rate is in line with the prevailing rate.  For this reason, plaintiff's requests for sanctions are denied.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973 (9th Cir. 2008).

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel (Doc. 17) as to defendant Alpha is granted in part and denied in part as follows:

      a.    Defendant Alpha shall serve supplemental responses to requests for production 2, 4, and 35, in electronic format as maintained by ADP;

      b.    Defendant Alpha shall serve supplemental responses to

        requests for production 3 and 34;

    c.    Defendant Alpha shall serve a supplement response to request for production 10 <u>or</u> interrogatory 7;

    d.    Defendant Alpha shall serve a supplemental response to request for production 31;

    e.    Defendant Alpha shall serve supplemental responses to interrogatories 5 and 6;

    f.    Defendant Alpha shall serve its supplemental responses, and produce responsive documents, within 21 days of the date of this order;

    g.    Documents produced by defendant Alpha in compliance with this order which relate to individuals other than plaintiff shall be subject to a stipulated protective order; and

    h.    The parties shall meet and confer and submit to the court a proposed stipulated protective order within 14 days of the date of this order;

    2.    Plaintiff's motion to compel (Doc. 23) as to defendant Lincare is granted in part and denied in part as follows;

    a.    Defendant Lincare shall serve a supplemental response to request for production 31;

    b.    Defendant Lincare shall serve supplemental responses to interrogatories 5 and 6;

    c.    Defendant Lincare shall serve its supplemental responses, and produce responsive documents, within 21 days of the date of this order; and

    d.    On notice pursuant to Federal Rule of Civil Procedure 30(b)(1), defendant Lincare shall produce its corporate witness for deposition, such deposition to occur within 21 days of the date of this order.

DATED: November 2, 2015

                                                                      **CRAIG M. KELLISON**
                                                                      UNITED STATES MAGISTRATE JUDGE