UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, | No. 2:15-cv-00081-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LINCARE INC., et al., | |
| Defendants. | |

Plaintiff Christina Culley ("Plaintiff") brought this putative class action alleging that her employers, Defendants Lincare Inc. and Alpha Respiratory, Inc., (collectively "Defendants") violated various provisions of the California Labor Code and the California Business and Professions Code.  Plaintiff has been employed by Defendants since September 2010 and contends she was entitled to be paid for overtime and to receive meal and rest breaks, but Defendants miscalculated Plaintiff's and the class members' regular rate of pay, failed to provide the appropriate rest periods, and failed to pay reporting time pay.

///

///

///

///

Presently before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 36. Defendants timely opposed the Motion in part, and Plaintiff replied. ECF Nos. 37-38. For the following reasons, Plaintiff's Motion is GRANTED.[1]

## ANALYSIS

Courts should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has noted that the policy is one "to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In exercising its discretion to permit or deny a party to amend its pleading, this Court considers five factors: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff seeks to amend her complaint to: (1) reflect the removal of this case to federal court; (2) remove the cause of action alleging that Defendants failed to pay Plaintiff and class members for their on-call hours; (3) include a cause of action averring that Defendants failed to pay minimum compensation; and (4) include a cause of action under the California Labor Code Private Attorneys General Act ("PAGA") on behalf of all aggrieved current and former employees of Defendants. Defendants oppose only the final proposed change, arguing that Plaintiff is pursuing this amendment in bad faith and

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

that they will be prejudiced by Plaintiff's undue delay in seeking leave to amend.  On balance, the above factors favor Plaintiff.

Plaintiff has not previously been granted leave to amend and nothing in the record supports the conclusion that Plaintiff acted in bad faith in filing the instant Motion.  Nor does it appear to the Court that amendment will necessarily be futile.

Moreover, Plaintiff persuasively argues that she did not unduly delay in seeking leave to amend because she brought her Motion before the Court imposed any deadline and only after she received discovery confirming the proposed amendment's propriety.  Although the parties dispute when Plaintiff first possessed sufficient facts to support a PAGA cause of action and who is responsible for her failure to previously assert it, the Court does not find that Plaintiff unduly delayed the filing of this Motion.  Moreover, even assuming that Plaintiff had unduly delayed in some regard, "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712–13 (9th Cir. 2001) (alterations in original) (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)).

Finally, the Court finds any purported prejudice to Defendants insufficient to prevent amendment because:  (1) the Court has not set any deadline regarding amendment to the complaint; (2) all other dates previously set in this matter were vacated on January 12, 2016, upon reassignment of this case to the undersigned; and (3) the proposed amendment does not alter the necessary discovery because it does not add any new factual allegations.  While Defendants contend that they will be required to change their defense strategy in light of Plaintiff's new PAGA cause of action, they have not explained how that is the case.  Defendant has thus failed to establish that granting Plaintiff's Motion will result in undue prejudice, and, consistent with the foregoing, amendment shall be granted.

///

///

///

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 36) is GRANTED.  Not later than five (5) days following the date this Memorandum and Order is electronically filed, Plaintiff is directed to file her First Amended Complaint.

IT IS SO ORDERED.

Dated:  April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT