UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, | No. 2:15-cv-00081-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LINCARE INC.; ALPHA RESPIRATORY INC.; and DOES 1 THROUGH 50, | |
| Defendants. | |

This putative class action proceeds on Plaintiff Christina Culley's ("Plaintiff") First Amended Complaint ("FAC") against her employers, Defendants Lincare Inc. and Alpha Respiratory Inc. (collectively, "Defendants").[1]  Presently before the Court are: (1) Plaintiff's Motion for Class Certification (ECF No. 44); (2) Defendants' Objection and Counter-Motion to Strike the Declaration of Eric Lietzow (ECF No.50-5); (3) Defendants' Objections and Counter-Motion to Strike the Declarations of Aaron Huff and Michael Zachwieja (ECF Nos. 50-4); and (4) Plaintiff's Objections to Defendants' Evidence In Support Of Opposition to Motion for Class Certification (ECF No. 53).  For the following

///

///

---

[1] Defendant Alpha Respiratory Inc. is a wholly-owned subsidiary of Defendant Lincare Inc.

1

reasons, Plaintiff's Class Certification Motion is GRANTED, Defendants' counter-motions are DENIED, and Plaintiff's objections are OVERRULED.[2]

## BACKGROUND

Defendants employed Plaintiff as a Healthcare Specialist from September 2010 through September 2015. Culley Decl. ¶ 2, ECF No. 44-4. According to Plaintiff, she was a non-exempt employee entitled to overtime pay and meal and rest breaks. FAC ¶ 5, ECF No. 43. Defendant Lincare Inc. paid her on an hourly basis, and she received a bonus as additional compensation. Id.

In her FAC, Plaintiff brings the following causes of action against Defendants: (1) Unlawful Business Practices ("UCL") on behalf of herself and a California class, Cal. Bus. & Prof. Code § 17200, et seq.; (2) Failure to Pay Minimum and Overtime Compensation on behalf of herself and a California Labor sub-class, Cal. Lab. Code §§ 204, 510, 1194, 1198; (3) Failure to Provide Accurate Itemized Statements on behalf of herself and a California Labor sub-class, Cal. Lab. Code § 226; and (4) violation of the California Labor Code Private Attorneys General Act on behalf of herself, Cal. Lab. Code § 2698, et seq. Presently before the Court is Plaintiff's request to certify the above classes. Defendants timely opposed certification and filed counter motions to strike a portion of Plaintiff's evidence. For her part, Plaintiff objects to Defendants' evidence as well. The Court will address the evidentiary arguments first.

///
///
///
///
///

---

[2] Because oral argument would not have been of material assistance, this matter was submitted on the briefs. E.D. Cal. L.R. 230(g).

**ANALYSIS**

### A. Defendants' Objection and Counter-Motion to Strike the Declaration of Eric Lietzow

Defendants move to strike the declaration of Plaintiff's accounting expert Eric Lietzow under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Federal Rules of Civil Procedure 26 and 37 and Federal Rules of Evidence Rules 702 and 703.[3]  Defs.' Objection & Notice of Counter-Mot. & Counter-Mot. to Strike Decl. of Eric Lietzow ("Lietzow Counter-Mot."), ECF No. 50-5.  However, "[a]t this early stage, robust gatekeeping of expert evidence is not required; rather, the court should ask only if expert evidence is useful in evaluating whether class certification requirements have been met." Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 492–93 (C.D. Cal. 2012) (quotation marks and citations omitted).  "Any determination the court makes regarding the admissibility of expert testimony (other than a finding that an expert is not qualified), is not a final conclusion that will control the admissibility of the expert's testimony at trial." Cholakyan v. Mercedes-Benz, USA, LLC, 281 F.R.D. 534, 542 n.53 (C.D. Cal. 2012).

Defendants argue Lietzow's opinion is unreliable for a number of reasons.  For example, with regard to the meal period claim, Defendants contend he erroneously used "work day" instead of "work period" for his calculation and did not account for "how or why" employees missed meal breaks. Lietzow Counter-Mot. 1:13–23.  For the reporting time claim, Defendants contend Lietzow failed to account for whether employees reported to any worksite or whether Defendant Alpha Respiratory Inc. exercised control over the nature and duration of service calls. Id. at 1:24–2:2.  For the overtime claim, they contend he did not determine whether the bonus was discretionary or non-discretionary and incorrectly used the earnings code "Bonus OT" instead of also using "Bonus." Id. at 2:3–11.  Plaintiff opposes Defendants' motion, arguing that Lietzow's

---

[3] Unless otherwise noted, all subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

opinion is a reliable projection of class damages, he is well-qualified to testify as an expert, and that by way of the instant Motion Defendants are really attacking the merits of Plaintiff's suit.  Pl.'s Response to Defs.' Objection to Decl. & Report of Eric R. Lietzow & Opp'n to Lietzow Counter-Mot., ECF No. 54.

First, the reasons for unreliability identified by Defendants are in part contested issues in this case, going to the ultimate liability determination.  For example, the parties contest whether Defendants paid a discretionary or non-discretionary bonus.  Contrary to Defendants' arguments, however, "Plaintiff[] [is] not required to prove the merits of [her] case-in-chief at the class certification stage." In re TFT-LCD (Flat Panel) Antitrust Litig., 267 F.R.D. 583, 604 (N.D. Cal. 2010) (internal quotation marks omitted), amended in part, No. M 07-1827 SI, 2011 WL 3268649 (N.D. Cal. July 28, 2011).

Second, the Ninth Circuit has held that at the class certification stage, plaintiffs need only propose a valid method for calculating class-wide damages, not an actual calculation of damages.  Leyva v. Medline Indus., Inc., 716 F.3d 510, 514 (9th Cir. 2013).  Defendants have not shown that any of the variables (work day versus work period, Bonus OT versus Bonus OT and Bonus) are foundational to Lietzow's method for calculating damages.  That is, nothing in the papers indicates his damages models depend on certain variables, and most likely other variables could be substituted or added into those models with the purported effect of reducing damages.  Ex. G, at 74:6-8, ECF No. 50-1.  Moreover, any opinion concerning the actual calculation of damages is not "useful in evaluating whether class certification requirements have been met." Dukes, 222 F.R.D. at 191.

Defendants next argue that Plaintiff untimely disclosed Lietzow's declaration under Rule 26.  Lietzow Counter-Mot. 12:10–27.  According to Defendants, Plaintiff possessed Lietzow's declaration as early as April 22, 2016, but did not disclose it until she filed her Motion for Class Certification on May 13, 2016, in violation of her ongoing duty to supplement the discovery responses she made as early as May 19, 2015.  Id. at 12:22–27; Decl. of David L. Cheng ¶ 12, ECF No. 50-1.

Local Rule 302(c)(1) dictates that "[a]ll discovery motions, including [Rule] 37 motions," be decided by a magistrate judge. Defendants rely on Rule 37(c)(1). E.g., Lietzow Counter-Mot. 12:20–21. It follows that the timeliness challenge should more properly have been noticed before the assigned magistrate judge. Given that the motion is procedurally defective for other reasons as well, however, it is nonetheless more efficient for the Court to address it here. More specifically, under Local Rule 251(b), "discovery disputes 'pursuant to Fed. R. Civ. P. 26 through 37' cannot be raised before the Court without the parties meeting and conferring in a good faith effort to resolve the issues." Rosales v. El Rancho Farms, No. 1:09-CV-00707-AWI-JLT, 2011 WL 6153212, at *4 (E.D. Cal. Dec. 12, 2011). Nothing in the record indicates that Defendants attempted to meet and confer with Plaintiff prior to filing its counter-motion. Accordingly, Defendants' motion is procedurally defective as well and is DENIED.

**B.    Defendants' Objections and Counter-Motion Strike Declarations of Aaron Huff and Michael Zachwieja**

Defendants also move to strike the declarations of Plaintiff's declarants Aaron Huff and Michael Zachwieja on grounds that Plaintiff untimely disclosed Huff's and Zachwieja's declarations. Defs.' Objections & Notice of Counter-Mot. & Counter-Mot. to Strike Decls. of Aaron Huff and Michael Zachwieja, ECF No. 50-4. For the reasons just stated, this counter-motion is also DENIED for failure to comply with the requirements of Local Rule 251(b).

**C.    Plaintiff's Objections to Defendants' Evidence**

Plaintiff objects to the declarations of Paula Adams, Danell Dickson, Kelly Renee Newman, Kirk Miller Northrop, Bill Russ and Janie Wavers (the "declarations"), arguing, among other things, that the declarations contradict the Rule 30(b)(6)[4] designee's testimony. Pl.'s Objections to Defs.' Evidence ISO Opp'n to Mot. for Class Certification ("Objections"), ECF No. 53. She requests that the Court strike the declarations in their entirety. Id. at 14:9–12.

---

[4] Rule 30(b)(6) provides for the manner in which a corporation may be deposed.

On a motion for class certification, the Court may consider all material evidence submitted by the parties to determine whether the Rule 23 requirements are satisfied. Blackie v. Barrack, 524 F.2d 891, 900–01 (9th Cir. 1975). "[T]he Court makes no findings of fact and announces no ultimate conclusions on Plaintiff['s] claims," and it "may consider evidence that may not be admissible at trial." Keilholtz v. Lennox Hearth Prods. Inc., 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010).

To the extent the Court considers any statement in the declarations to which Plaintiff objects, Plaintiff has not shown any actual contradictions. Plaintiff's objections are thus OVERRULED. Plaintiff's remaining objections—e.g., lacks foundation, lacks personal knowledge, speculation, vague and ambiguous, and improper legal opinion or conclusion—concern findings of fact, ultimate conclusions on Plaintiff's claims, or admissibility, and these objections are premature at the class certification stage. Lastly, Plaintiff states in passing that Defendants did not provide her with enough time to take the declarants' depositions. Objections 4:1–2 (citing Decl. of Piya Mukherjee ¶ 4, ECF No. 53-1). Plaintiff does not cite legal authority or provide facts sufficient for the Court to evaluate this argument, and her objection on timing grounds is OVERRULED as well.

### D. Plaintiff's Motion for Class Certification

Plaintiff moves the Court to certify the following two classes: (1) all individuals who are or previously were employed by Defendants as nonexempt employees during October 21, 2010, to the present (the "Class Period"), for (a) failure to pay overtime wages under the UCL and California Labor Code section 510 (the "overtime claim"), and (b) "failure to put in place a lawful meal period policy applicable up to the change in policy occurring in October 2014" under the UCL (the "meal period claim"), Pl.'s Mem. of P. & A. ISO Mot. for Class Certification ("Mot.") 11:7–13, ECF No. 44-1; and (2) a subclass of Healthcare Specialist and Service Representative employees for failure to pay reporting time wages under the UCL (the "reporting time claim"), Cal. Code Regs. tit. 8, § 11040, subd. 5(B); Mot. 2:16–18, 7:4–17, 11:4–7. She also seeks certification of derivative claims for waiting time penalties and wage statement penalties based on the

overtime, meal period, and reporting time claims.[5]  Mot. 11:13–18.  The derivative claims can only proceed on a class-wide basis if the Court certifies the underlying overtime, meal period, and reporting time claims.  See Jimenez v. Allstate Ins. Co., No. LA CV10-08486 JAK, 2012 WL 1366052, at *16 (C.D. Cal. Apr. 18, 2012), aff'd (Sept. 3, 2014).

Class certification is governed by Rule 23.  "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)."  Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979–80 (9th Cir. 2011).  Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met Rule 23's prerequisites.  Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir. 1996).

Rule 23(a) provides four criteria that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a).  As to Rule 23(b), in this case, Plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual members . . . and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

### 1. The putative classes meet the requirements of Rule 23(a).

#### a. Numerosity

To meet the numerosity requirement of Rule 23(a), a class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or

---

[5] Although Plaintiff does not clearly state her claim for wage statement penalties is derivative, the Court can only evaluate it to the extent it is derivative because Plaintiff has made no separate showing for this claim's certification.  See Mot. 11:13–18.

more members." Collins v. Cargill Meat Sols. Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011). However, "[t]he numerosity requirement includes no specific numerical threshold." Andrews Farms v. Calcot, Ltd., 258 F.R.D. 640, 651 (E.D. Cal. 2009) order clarified on reconsideration, 268 F.R.D. 380 (E.D. Cal. 2010). Rule 23(a)'s "requirement that the class be so numerous that joinder of all members is impractical does not mean that joinder must be impossible, but rather means only that the court must find that the difficulty or inconvenience of joining all members of the class makes class litigation desirable." In re Itel Sec. Litig., 89 F.R.D. 104, 112 (N.D. Cal. 1981) (citing Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913–14 (9th Cir. 1964)). Courts have been inclined to certify classes of fairly modest size. See, e.g., Jordan v. Los Angeles Cty., 669 F.2d 1311, 1319 (9th Cir. 1982) (willing to find numerosity for classes with thirty-nine, sixty-four, and seventy-one people), vacated on other grounds, 459 U.S. 810 (1982).

Plaintiff asserts numerosity is met because Defendants employed 57 employees during the Class Period and the subclass for the reporting time claim includes 45 employees. Id. at 7:4, 15. Defendants disagree, arguing that numerosity is not met because: "Unpaid bonus overtime premiums were identified for 29 of the 57 Class Members" and "[u]npaid reporting time wages were identified for 23 of the 57 Class Members." Decl. of Eric Lietzow ISO Mot. ("Lietzow Decl.") ¶¶ 12, 14; Defs.' Opp'n to Pl.'s Mot. ("Opp'n") 19:23–28, ECF No. 50. Plaintiff's argument is more persuasive.

Defendants conflate the numerosity requirement with a merits-based argument concerning Defendants' ultimate liability that the Court need not consider at this stage in the litigation. Moreover, Defendants do not challenge numerosity for the meal period claim, although class members of the overtime and reporting time claims are also members of the meal period claim. In sum, the Court finds that the classes are sufficiently numerous such that joinder of all members is impracticable and Plaintiff has shown the requisite numerosity.

///

**b.     Commonality**

Under Rule 23(a)(2), commonality is established if "there are questions of law or fact common to the class." This requirement is construed permissively and can be satisfied upon a finding of "shared legal issues with divergent factual predicates." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). In Wal-Mart Stores, Inc. v. Dukes, the Supreme Court clarified: "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common <u>answers</u> apt to drive the resolution of the litigation." 131 S. Ct. 2541, 2551 (2011) (alteration in original) (internal quotation marks omitted). Even a single common question that meets this criteria satisfies Rule 23(a)(2). Id. at 2556 n.9. Plaintiff has established that there are questions of law and fact common to the classes. She identifies the following common policies and practices: (1) Defendants' policy of failing to include bonuses in the payment of overtime wages; (2) their policy of failing to specify a timing requirement for meal periods and failing to pay premium wages for untimely meal periods, as evidenced in their records; and (3) their policy of failing to pay reporting time wages.

For the overtime claim, Defendants argue that Plaintiff does not have common proof that any bonus policy was uniformly implemented. See Opp'n 18:18–28; 19:9. But Plaintiff counters with evidence that Defendants had a Profit Sharing Plan that provided for quarterly bonuses, and Defendants' Rule 30(b)(6) designee testified that this plan applies to Defendants' California locations. Ex. No. 1, at 83:23–25, ECF No. 44-2; Ex. No. 7. Similarly as to the reporting time claim, Defendants argue that Plaintiff lacks common proof to demonstrate liability. Opp'n 17:7. Proof includes, however, pay records, Defendants' on-call policy, and representative employee declarations describing on-call job duties. Accordingly, the Court finds Plaintiff has established that there are questions of law and fact common to the classes.[6]

---

[6] Defendant raises a number of additional arguments here that are more appropriately discussed when the Court addresses Rule 23(b) below.

### c. Typicality

"The [Rule 23(a)(3)] test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The Ninth Circuit has found typicality if the requisite claims "share a common issue of law or fact and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp., 917 F.2d 1171, 1175 (9th Cir. 1990) (citation and internal quotation marks omitted), amended, 937 F.2d 465 (9th Cir. 1991).

The Court finds, and Defendants do not dispute, that Plaintiff's claims are typical of the proposed class. Plaintiff claims to have personally suffered all of the injuries giving rise to the FAC's causes of action, and she is a member of both the class and the subclass. Mot. 13:13–26. Accordingly, Plaintiff has satisfied this requirement of Rule 23(a)(3).

### d. Adequacy of Representation

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" Hanlon, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." Id. (citing Hansberry v. Lee, 311 U.S. 32, 42–43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiff[] and [her] counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id.

///

1  Defendants do not challenge adequacy of representation, and there is no
2  indication that Plaintiff or her counsel have a conflict of interest.  Plaintiff has committed
3  to seeing the litigation to its conclusion, and Plaintiff's counsel reports the Eastern
4  District and other districts have found it qualified.  Mot. 14:2–21 (citing, e.g., <u>Dobrosky v.</u>
5  <u>Arthur J. Gallagher Serv. Co., LLC</u>, No. EDCV130646JGBSPX, 2014 WL 10988092, at
6  *9 (C.D. Cal. July 30, 2014) ("Plaintiff's counsel, Blumenthal, Nordrehaug & Bhowmik,
7  has experience in California wage-and-hour class actions suits and has been found to
8  be qualified class counsel in prior actions.")).  The Court finds that Plaintiff will fairly and
9  adequately protect the interests of the proposed classes.
10  Accordingly, Plaintiff has satisfied all four elements of Rule 23(a).

**2.  The putative classes meet the requirements of Rule 23(b).**

**a.  Predominance**

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 623 (1997).  "This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case."  <u>Tyson Foods, Inc. v. Bouaphakeo</u>, 136 S. Ct. 1036, 1045 (2016).

> An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof. The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.

<u>Id.</u> (alteration in original) (citation and internal quotation marks omitted).

**i.  Overtime claim**

Plaintiff identifies predominant questions going to her overtime claim, including whether Defendants paid discretionary or non-discretionary bonuses and whether Defendants included such bonuses in overtime pay calculations.  Mot. 3:6–16, 17:15–16.  According to Plaintiff, non-discretionary bonuses were not factored into her "regular rate

11

of pay" for overtime calculations, and she argues her review of payroll records reveals the same practice by Defendants for other employees, with the exception of four employees in October 2015. Mot. 3:12–13, 6:16–20 (citing Lietzow Decl. ¶ 12). Under California law, non-exempt employees are entitled to "no less than one and one-half times the <u>regular</u> rate of pay for an employee" for any work in excess of eight hours in one workday or forty hours in any one workweek. Cal. Lab. Code § 510(a) (emphasis added). Here, Plaintiff declares she received both bonus and overtime pay, but Defendant Lincare Inc. paid overtime compensation at 1 ½ times her <u>hourly</u> rate of pay, instead of her <u>regular</u> rate of pay. See Culley Decl. ¶ 3 (citing Ex. #1, ECF No. 44-4).

Defendants oppose Plaintiff's arguments on two grounds. First, they attempt to argue Defendants paid discretionary as opposed to non-discretionary bonuses, such that they need not be included in the regular rate of pay, but this is one of Plaintiff's common questions. Second, they argue that Plaintiff submitted no evidence that managers uniformly implemented Defendants' bonus policy. Opp'n 19:15–17. As indicated above, however, Plaintiff has offered evidence to the contrary. For purposes of the instant Motion, Defendants thus failed to submit persuasive evidence evincing that the bonus plan was not uniformly applied. Contrary to Defendants' argument, the fact that some employees did not receive a bonus does not defeat predominance because it is possible some employees did not qualify for a bonus under the Center Profit Sharing Plan. See Opp'n 18:25, 19:11–12. In addition, Plaintiff has shown that before October 2015 Defendants had a "practice to pay time-and-a-half at an employee's regular hourly rate, without regard to bonuses that an employee may have earned during the relevant pay period." Chavez v. Lumber Liquidators, Inc., No. CV-09-4812 SC, 2012 WL 1004850, at *6 (N.D. Cal. Mar. 26, 2012) (finding predominance satisfied for this reason). Plaintiff has thus made a sufficient showing for predominance purposes that Defendants failed to include non-discretionary bonuses it its overtime calculations.

///

///

### ii.    Meal Period Claim

Plaintiff argues the common, predominant question as to the meal period UCL claim "is whether Defendant[s'] system unfairly or deceptively failed to pay meal premiums for violations that were documented in the time records."  Mot 19:4–8.  Plaintiff relies on <u>Safeway, Inc. v. Superior Court of Los Angeles County</u>, where the court "conclude[d] that a UCL claim may be predicated on a practice of not paying premium wages for missed, shortened, or delayed meal breaks attributable to the employer's instructions or undue pressure, and unaccompanied by a suitable employee waiver or agreement." 238 Cal. App. 4th 1138, 1155–56 (2015), <u>review denied</u> (Oct. 21, 2015). Also relevant is California Labor Code section 226.7(b), which provides: "An employer shall not require an employee to work during a meal . . . period mandated pursuant to [authorities]."

Plaintiff cites Defendants' meal break policy before October 17, 2014, which requires that non-exempt employees take a meal break <u>after</u> five consecutive hours; Plaintiff alleges this policy violates California law requiring meal breaks before the end of the fifth hour.  <u>See</u> <u>Brinker Rest. Corp. v. Superior Court</u>, 53 Cal. 4th 1004, 1041 (2012) ("[A]bsent waiver, [California Labor Code] section 512 requires a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work."); Ex. #4, ECF No. 44-6.  Plaintiff further contends the "policy also failed to relieve employees of duties for a second meal period."  Mot. 4:15–17.

Defendants counter that Plaintiff's theory seeks to recover meal period penalties, whereas <u>Safeway</u> plaintiffs sought restitution for all class members.  Opp'n 12:13–13:14.  However, as in <u>Safeway</u>, here Plaintiff states she seeks restitution for this claim.  Mot. 11:10–13; <u>see also</u> <u>Cortez v. Purolator Air Filtration Prods. Co.</u>, 23 Cal. 4th 163, 168 (2000) ("Section 17203 [of the UCL] expressly authorizes orders necessary to restore money or property to any person in interest from whom the money or property has been obtained through an unfair business practice," i.e., restitution.).  Moreover, Plaintiff "does

13

1  not ask the Court to find that Defendant[s] violated the meal period laws under the
2  California Labor Code" and they instead argue that Defendants' policies were unfair and
3  deceptive under the UCL.  Mot. 19:4–6.  Accordingly, Defendants have not shown that
4  individual questions will predominate as to "why" employees missed meal breaks.
5      Defendants next contend affirmative defenses raise individual questions, Opp'n
6  14:28, but "[c]ourts traditionally have been reluctant to deny class action status under
7  Rule 23(b)(3) simply because affirmative defenses may be available against individual
8  members."  Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 39 (1st Cir. 2003);
9  Rodman v. Safeway Inc., No. 11-CV-03003-JST, 2015 WL 2265972, at *3 (N.D. Cal.
10  May 14, 2015) (same).
11      Lastly, Defendants argue there is no evidence of the meal break policy's uniform
12  implementation.  Opp'n 16:5–15.  Plaintiff, however, "relies on expert analysis of time
13  punch data to identify which meal periods were omitted, shortened, or delayed."  Mot.
14  3:26–28.
15      Overall, whether Defendants had an unlawful policy or practice of not paying meal
16  period premiums is the common, predominant question for this claim.  Plaintiff's theory of
17  liability rests on Defendants' meal break policy before October 17, 2014, Mot. 9:5–7, and
18  Defendants' payroll records evincing they did not pay premium wages when required.
19  Lietzow Decl. ¶ 10.  Contrary to Defendants' assertion, this analysis does not rely on the
20  existence of a uniform policy to the exclusion of other factors concerning predominance.
21  See Abdullah v. U.S. Sec. Assocs., Inc., 731 F.3d 952, 964 (9th Cir. 2013) ("[I]t is an
22  abuse of discretion for the district court to rely on uniform policies to the near exclusion
23  of other relevant factors touching on predominance." (internal quotation marks omitted)).
24  The Court finds that Plaintiff's "unfair or deceptive failure to pay meal premium" claim
25  satisfies the predominance inquiry.  Mot. 18:25.

### iii.   Reporting time claim

27      Plaintiff contends the predominant, common question for her reporting time claim
28  is whether Defendants unlawfully paid hourly pay instead of the reporting time premium

1 to employees who were called back to work after their shift ended and performed less
2 than two hours of work. Mot. 2:14–16. Wage Order 4, subdivision 5(B), states: "If an
3 employee is required to report for work a second time in any one workday and is
4 furnished less than two (2) hours of work on the second reporting, said employee shall
5 be paid for two (2) hours at the employee's regular rate of pay, which shall not be less
6 than the minimum wage." Cal. Code Regs. tit. 8, § 11040, subd. 5(B).

7 Plaintiff points to Defendants' on-call policy, which is also described by the Rule
8 30(b)(6) designee. Mot. 7:17–8:3 (citing Ex. No. 1; Ex. No. 5, at 48). Plaintiff further
9 cites the following "admission" from Defendants: "we're now aware of the requirement to
10 pay the two hours of call-back [i.e., reporting time] pay, so going forward we're going to
11 implement that and revise the policy." Ex. No. 1, at 66:15–17. Plaintiff contends
12 Defendants still did not have a compliant, on-call policy as of January 2016. Mot. 8:6-11.

13 Defendants counter in part that individual issues, including whether employees
14 physically reported to a worksite and whether Defendants exercised control over the
15 nature and duration of calls, predominate. Opp'n 17:9–11. Plaintiff replies that a
16 "physical reporting" is not required, and her theory includes all calls, even those where
17 class members report from home. Reply 3:18–21. Consistent with Plaintiff's argument,
18 the Court finds "questions of law and the fact that [Defendants] had common policies
19 and procedures concerning [pay for on-call hours worked] persuade the Court that the
20 reporting time pay claim involves predominantly common questions." Kamar v. Radio
21 Shack Corp., 254 F.R.D. 387, 401 (C.D. Cal. 2008), aff'd, 375 F. App'x 734 (9th Cir.
22 2010).

23 **b.     Superiority of Class Action**

24 Plaintiff must also establish that the proposed class action is the superior method
25 of resolving the dispute in comparison to available alternatives. "A class action is the
26 superior method for managing litigation if no realistic alternative exists." Valentino,
27 97 F.3d at 1234–35. The Ninth Circuit has recognized that a class action is a plaintiff's
28 only realistic method for recovery if there are multiple claims against the same defendant

for relatively small sums.  Local Joint Exec. Bd. Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir. 2001).

The Court finds this class action is superior to alternative methods of adjudication because individuals likely have little interest in pursuing litigation themselves, Plaintiff can litigate class members' claims without their involvement, and the class members' claims are relatively small.  Neither the parties nor the Court is aware of any other similar suit.  There appears to be no reason why concentrating the litigation in this Court would be undesirable considering the substance of the challenge under California law.  Overall, the benefits of litigating this action as a class action likely outweigh any difficulties that may arise in managing the litigation.  The proposed class action is thus the superior method of resolving the dispute, and the requirements of Rule 23(b)(3) are met.

### 3. Ascertainability

Finally, Defendants argue the class definition is overbroad for Plaintiff's reporting time and overtime claims because it includes individuals who suffered no injuries.  Opp'n 19:22–28.  They cite Colapinto v. Esquire Deposition Servs., LLC, which held "[p]laintiffs fail to define an ascertainable class because [p]laintiffs' proposed class definition includes members who are unharmed."  No. CV 09-07584 SJO PLAX, 2011 WL 913251, at *4 (C.D. Cal. Mar. 8, 2011).

The Court finds that the proposed classes are sufficiently ascertainable, such that certification is appropriate.  Defendants fail to distinguish "'between class members who were not harmed and those who could not have been harmed.'"  Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 758 (7th Cir. 2014) (quoting Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012)).  Moreover, "[t]he inclusion of uninjured class members does not necessarily render a class unascertainable."  In re NJOY, Inc. Consumer Class Action Litig., 120 F. Supp. 3d 1050, 1094 (C.D. Cal. 2015).  Because the objective class definitions allow prospective plaintiffs to determine whether they are class members with a potential right to recover, the classes are ascertainable.  See also Mot. 11:24–26 (citing Ex. No. 4) (stating class can be ascertained in part from a

document listing employee positions and number of employees in each position). Plaintiff has met all of the requirements of Rule 23, and her motion for class certification is GRANTED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Class Certification (ECF No. 44) is GRANTED. The Court appoints Blumenthal, Nordrehaug & Bhowmik as class counsel and approves the designation of Plaintiff Christina Culley as the class representative. Defendants' Objections and Counter-Motions to Strike the Declarations of Eric Lietzow, Aaron Huff and Michael Zachwieja (ECF Nos. 50-4–5) are DENIED. Plaintiff's Objections to Defendants' Evidence (ECF No. 53) are OVERRULED.

IT IS SO ORDERED.

Dated: August 10, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

17