UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, | No. 2:15-cv-00081-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LINCARE INC.; ALPHA RESPRIATORY INC.; and DOES 1 through 50, | |
| Defendants. | |

In this putative class action, Plaintiff Christina Culley alleges various employment claims under California law against her former employers, Defendants Lincare Inc. and Alpha Respriatory Inc. Apart from her class action claims, Plaintiff also sets forth several claims under California's Private Attorney General Act ("PAGA"). Defendants now move for partial summary judgment, seeking to dispose of some of the causes of action and to circumscribe the relief available to Plaintiff under the relevant statutes. ECF No. 67. As described below, Defendants' motion is GRANTED in part and DENIED in part.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

## BACKGROUND

Defendants employed Plaintiff as a Healthcare Specialist from September 2010 through September 2015. Plaintiff worked as a non-exempt employee and claims she was entitled to overtime pay and meal and rest breaks. Defendant Lincare Inc. paid her on an hourly basis, and she received a bonus as additional compensation. In addition to eight-hour shifts, she was also expected to be on-call certain evenings and weekends to handle customer issues that cropped up outside regular business hours.

Plaintiff originally initiated this action in state court on October 21, 2014, alleging various violations of the California Labor Code, and Defendants subsequently removed the case here. Two months later, on December 15, 2014, Plaintiff sent a letter to California's Labor and Workforce Development Agency ("LWDA"), notifying the LWDA of Alpha's alleged labor violations. That letter set out the purported violations by attaching a copy of Plaintiff's Complaint. On January 21, 2016, Plaintiff filed a First Amended Complaint ("FAC"), ECF No. 43, to include her PAGA claims.

On August 10, 2016, the Court certified Plaintiff's two proposed classes, defined as:

> (1) all individuals who are or previously were employed by Defendants as nonexempt employees during October 21, 2010, to the present (the "Class Period"), for (a) failure to pay overtime wages under the UCL and California Labor Code section 510 (the "overtime claim"), and (b) "failure to put in place a lawful meal period policy applicable up to the change in policy occurring in October 2014" under the UCL (the "meal period claim"), and (2) a subclass of Healthcare Specialist and Service Representative employees for failure to pay reporting time wages under the UCL (the "reporting time claim").

Mem. & Order, ECF No. 59, at 6. Defendants have now moved for partial summary judgment seeking to dispose of several issues, including the scope of the relevant California laws and the calculation of damages under those laws, prior to trial.

///
///

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

1 not establish the absence or presence of a genuine dispute, or that an adverse party
2 cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The
3 opposing party must demonstrate that the fact in contention is material, i.e., a fact that
4 might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby,
5 Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and
6 Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also
7 demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is
8 such that a reasonable jury could return a verdict for the nonmoving party." Anderson,
9 477 U.S. at 248. In other words, the judge needs to answer the preliminary question
10 before the evidence is left to the jury of "not whether there is literally no evidence, but
11 whether there is any upon which a jury could properly proceed to find a verdict for the
12 party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251
13 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court
14 explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its
15 opponent must do more than simply show that there is some metaphysical doubt as to
16 the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as
17 a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
18 'genuine issue for trial.'" Id. 87.
19     In resolving a summary judgment motion, the evidence of the opposing party is to
20 be believed, and all reasonable inferences that may be drawn from the facts placed
21 before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at
22 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
23 obligation to produce a factual predicate from which the inference may be drawn.
24 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd,
25 810 F.2d 898 (9th Cir. 1987).
26 ///
27 ///
28 ///

## ANALYSIS

Defendants' Motion for Partial Summary Judgment addresses a multitude of issues. The Court addresses each in turn.

### A. Scope of Reporting Time Claim

Under California law, an employee is entitled to two hours' pay if she is "required to report to work for a second time in any one workday and is furnished less than two (2) hours of work on the second reporting." Cal. Code Regs. tit. 8, § 11040(5)(B). Plaintiff alleges that, in the times when she was on-call and responded to a customer, she was only paid for the actual time she spent working on that customer's issue instead of receiving two hours' pay. FAC, ¶ 17.

Defendants contend that this reporting time claim is limited to times when she was required to leave her house to perform after-hours work. Defs.' Mot. for Partial Summ. J. ("MPSJ"), at 4–5. That is, Defendants claim that she is not entitled to two hours' pay for working after her regular eight-hour shift if she could resolve the customer's issue over telephone. Because she did not "report to work," they argue, she is only entitled to pay for the time actually worked. Id.

The precise meaning of § 11040(5)(B) in the context of performing work via telephone is a novel question. Defendants argue its position is supported by the plain meaning of the regulation as well as the regulation's stated purpose: "The reporting time premium requirement is designed to discourage employers from having employees report unless there is work available at the time of the reporting and is further designed to reimburse employees for expenses incurred in such situations." Div. of Labor Standards Enf't, The 2002 Update of the DLSE Enforcement Policies and Interpretations Manual (Revised) § 45.1.2.1 (2014), http://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf.

Plaintiff, conversely, supports her position by arguing that regulations "are liberally construed to protect and benefit employees." Id. (citing Mendiola v. CPS Sec. Sols.,

1  Inc., 60 Cal. 4th 833, 840 (2015)).  Plaintiff also relies on the dearth of authority on the
2  matter to suggest that summary judgment is inappropriate:  "There is no authority . . . to
3  suggest that a report to work requires any geographic displacement of the employee."
4  Pl.'s Opp'n to MPSJ, ECF No. 68, at 8 (emphasis removed).  She argues instead that it
5  is a "triable issue of fact . . . whether [employees'] personal time, by being abruptly cut
6  short, is interrupted just as much by work requirements under two . . . hours that take
7  place over the telephone as work requirement under two . . . hours that require
8  geographic displacement."  Id. at 9.  She does not, however, provide any support for her
9  premise that preventing employees' personal time from interruption is in any way the
10 purpose of the regulation.

11      Defendants have the better of the argument.  Though the relevant regulations are
12 to be construed liberally in favor of the employee, Plaintiff's interpretation ignores the
13 plain meaning of § 11040(5)(B) and its stated purpose.  While Plaintiff continually
14 emphasizes the regulation's applicability to when an employee is required to "work," she
15 wholly ignores the requirement that the employee report to work.  Nor has Plaintiff
16 presented an issue of fact for resolution by a jury; the meaning of § 11040(5)(B) is a
17 purely legal question.

18      Thus, the Court holds that § 11040(5)(B) applies only to occasions when Plaintiff
19 and class members were required to physically report to work and not to when they
20 performed work via telephone.  Defendants are entitled to summary judgment on the
21 issue and it is so GRANTED.

22      **B.    When a Second Meal Break Is Owed**

23      Defendants next contend that the second meal break required under California
24 Labor Code § 512(a) when an employee works more than 10 hours per day does not
25 apply if the employee "enjoys a lengthy break in between separate shifts or work
26 periods."  MPSJ, at 5.  Plaintiff does not respond to Defendants' argument, and
27 accordingly, the Court GRANTS Defendants' motion on this issue.
28 ///

**C. Whether Plaintiff's Bonus Was Improperly Excluded from Her Regular Rate of Pay for Calculating Overtime Rate**

The parties dispute whether Plaintiff's bonus should have been included in her regular rate of pay for purposes of calculating her overtime rate. When defining the term "regular rate of pay," California courts look to the FLSA. Advanced-Tech Sec. Servs., Inc. v. Superior Court, 163 Cal. App. 4th 700, 707 (2008). Under the FLSA, an employee's regular rate of pay does not include discretionary bonuses. 29 U.S.C. § 207(e)(3) (excluding bonuses unless made "pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly"). The Code of Federal Regulations clarifies the language of the statute:

> In order for a bonus to qualify for exclusion as a discretionary bonus . . . the employer must retain discretion both as to the fact of payment and as to the amount . . . . Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. . . . [B]onuses for quality and accuracy of work . . . and the like are in this category.

Id. § 778.211(b)–(c).

Defendants contend that the plan was discretionary because it does not set out how the bonuses are allocated to employees, but only how the pot of money available to be paid out as bonuses is allocated as a whole. MPSJ, at 5–6. Furthermore, they point to language in the plan that states management retains the right to "adjust the percentage allocations among the eligible participants." Decl. of Paula K. Adams, Ex. 5, at 4. To rebut the claim that the plan was discretionary, Plaintiff provides testimony that she was under the impression that the bonus was "based off of your performance" and the amount received were based off of "how good you do" as well as testifying that it induced her to take the job and work harder. Dep. of Christina Culley, ECF No. 68-1, Ex. 1, at 126.

Whether the bonus was discretionary presents a genuine issue of fact, making summary judgment inappropriate. The presented evidence demonstrates that the plan

7

was ambiguous, making its resolution properly decided by the trier of fact. See Alexander v. Codemasters Grp. Ltd., 104 Cal. App. 4th 129, 147 (2002) ("[I]f the terms of a contract are ambiguous, determining the contract's terms is a question of fact for the trier of fact, based on 'all credible evidence concerning the parties' intentions.'"); see generally Trident Ctr. v. Conn. Gen. Life Ins. Co., 847 F.2d 564, 568–69 (9th Cir. 1988) (discussing the interplay between extrinsic evidence, contract ambiguity, and the division between questions of law and fact under California contract law). The terms of the plan are ambiguous and Plaintiff has provided testimony that the bonus was "announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm." 29 C.F.R. § 778.211(c). Thus, Defendants' motion is DENIED on this issue.

### D.  Claim Based on California Labor Code § 256

Defendants next seek summary judgment that California Labor Code § 256 is inapplicable to Plaintiff. They are correct in asserting that it only applies to seasonal workers, which Plaintiff does not dispute. Thus, summary judgment is GRANTED on Plaintiff's § 256 claim in favor of Defendants.

### E.  Statute of Limitations and Notice to the LWDA

In addition to Plaintiff's claims made on behalf of the two certified classes, Plaintiff has pled causes of action under PAGA. PAGA allows employees to stand in the shoes of the LWDA and recover civil penalties for labor code violations "on behalf of himself or herself and other current or former employees." Cal. Labor Code § 2699(a). Before filing a PAGA action, a plaintiff must file a notice with the LWDA and can only proceed after the LWDA decides not to prosecute. Id. § 2699.3(a)(2)(B). The statute of limitations on a PAGA claim is one year. See Cal. Civ. Code § 340. However, the statute of limitations is tolled while the LWDA considers whether to prosecute, up to a maximum of 33 days. Cal. Labor Code § 2699.3(a)(2), (d); see also Crosby v. Wells Fargo Bank, N.A., 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014).

///

1    Plaintiff filed her original complaint, which did not include any PAGA claims, on
2 October 21, 2014.  ECF No. 1.  She then sent notice to the LWDA on December 15,
3 2014.  FAC, ¶ 82.  Finally, on January 21, 2016, she filed for leave to amend her
4 complaint to include PAGA claims, ECF No. 36, which was granted, ECF No. 42.
5 Defendants contend that the statute of limitations is calculated from the date Plaintiff
6 amended her complaint, i.e., she can only recover for violations reaching back to
7 January 21, 2015.  Plaintiff contends that the statute of limitations is calculated from the
8 date of the original complaint, based on the doctrine of relation back, i.e., she can
9 recover for violations reaching back to October 21, 2013.
10   The caselaw provides no clear answer, but two lines of cases are particularly
11 instructive.  The first holds that once the LWDA notice requirements are fulfilled, a prior
12 complaint is "cured" and thus an amended complaint that includes PAGA claims would
13 relate back under Rule 15.  See, e.g., Gannett v. ADT LLC, 139 F. Supp. 3d 1121,
14 1126–28 (E.D. Cal. 2015); Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1209–10
15 (N.D. Cal. 2013) ("PAGA's administrative exhaustion requirement is a precondition to
16 suit, but it does not affect the date that a plaintiff's PAGA claim accrues."); Hoang v. Vinh
17 Phat Supermarket, Inc., No. CIV. 213-00724 WBS GGH, 2013 WL 4095042, at *4–8
18 (E.D. Cal. Aug. 13, 2013); Martinez v. Antique & Salvage Liquidators, Inc., 2011 WL
19 500029, at *8–10 (N.D. Cal. Feb. 8, 2011).  The operative issue for the courts in these
20 cases appears to be providing fair notice to the defendants.  It follows from them that
21 PAGA claims relate back to an original complaint, so long as the LWDA notice
22 requirement is fulfilled at some point.  Plaintiff relies on this line of reasoning.
23   However, the second line of cases emphasizes that notice to the LWDA must be
24 provided within a year of an alleged violation or else the case is time-barred.  See, e.g.,
25 Mazzei v. Regal Entm't Grp., No. SACV 13-1284-DOC (AGRx), 2013 WL 6633079, at
26 *4–5 (C.D. Cal. Dec. 13, 2013); Soto v. Castlerock Farming & Transport Inc., No. CIV-F-
27 09-0701 AWI JLT, 2012 WL 1292519, at *5–6 (E.D. Cal. Apr. 16, 2012) ("The courts
28 have found that the LWDA notice must be filed within one year of the violation; the notice

will not relate back to a complaint filed within the one-year limitations period."); Moreno v. Autozone, Inc., No. C05-04432 MJJ, 2007 WL 1650942, at *4–5 (N.D. Cal. June 5, 2007).  If notice must be given to the LWDA within a year of a discrete violation, it follows that the same requirement applies to ongoing violations.  That is, the earliest point an amended complaint could relate back to is the date notice was provided to the LWDA.  Under this line of reasoning, all violations occurring over a year prior to that date would be time-barred.

This Court finds the second line of cases more persuasive.  Allowing an amended complaint to relate back only to the time notice is provided to the LWDA harmonizes the statutory scheme and allows California's one-year statute of limitations on PAGA claims to be applied consistently.  Furthermore, because PAGA allows an individual to stand in the shoes of the LWDA, the individual's ability to pursue PAGA penalties should be coextensive with the LWDA's.  See Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009) ("An employee plaintiff suing . . . under [PAGA], does so as the proxy or agent of the state's labor law enforcement agencies.").  Had the LWDA filed suit in response to Plaintiff's letter during the 33 days it is granted to decide whether to pursue an enforcement action, it would have been limited to only pursuing violations occurring within one year of the date of the letter.

Thus, neither Plaintiff's nor Defendants' calculation of the statute of limitations is correct.  Plaintiff's claims are not limited to one year prior to the filing of her FAC (as Defendants contend), nor do they extend one year back from Plaintiff's original complaint (as Plaintiff contends).  Instead, the statute of limitations bars all of Plaintiff's PAGA claims prior to December 15, 2013, one year prior to the date Plaintiff provided notice to the LWDA.  Thus, on this issue, Defendants' motion is GRANTED in part.

### F. Meal Time PAGA Claims After Policy Change

After Defendants became aware of Plaintiff's intent to file this lawsuit challenging Defendants' meal policy, Defendants amended their meal policy.  SUMF, ¶ 20.  Accordingly, the class certified by the Court for challenging that policy only runs through

that policy change, which occurred in October 2014. Mem. & Order, at 6. Plaintiff, though, alleges that Defendants continued to violate California meal time law after the policy change, but at a lesser rate. Dep. of Christina Culley, at 122–23. Accordingly, though the certified Rule 23 class is expressly limited to pre-October 2014 violations, she is pursuing PAGA claims that continue through to the present.

Defendants argue that Plaintiff has not fulfilled her LWDA notice requirements to pursue such post-October 2014 PAGA claims. MPSJ, at 12–13. Because substance of her notice to the LWDA consisted solely of her original complaint—which only alleges that the pre-October 2014 policy violated California law—they argue she has not provided the LWDA "the facts and theories to support the alleged [post-October 2014] violation[s]." Cal. Labor Code § 2699.3(a)(1)(A).

"PAGA notice must be specific enough such that the LWDA and the defendant can glean the underlying factual basis for the alleged violations." Holak v. K Mart Corp., No. 1:12-cv-00304, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015), superseded by statue on other grounds, Act of Sept. 30, 2012, ch. 844, § 1.3, 2012 Cal. Stat. 6627, 6628–30, as recognized in Orozco v. Ill. Tool Works Inc., No. 14-cv-02113-MCE-EFB, 2016 WL 6768662 (E.D. Cal. Nov. 15, 2016). Thus, whether Plaintiff's LWDA notice was sufficient turns on the precise content of the notice, and the relevant paragraph in Plaintiff's LWDA notice (i.e., her original complaint) follows in full:

> As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are also from time to time unable to take off duty meal and rest breaks and are not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. DEFENDANT has no policy in place to compensate these employees for these missed meal and rest breaks as required by law. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeit meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

Compl., ¶ 16.

Because notice to the LWDA "requires an exceedingly detailed level of specificity," Soto v. Castlerock Farming and Transport Inc., No. CIV-F-09-0701 AWI JLT, 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012), the Court finds Defendants' argument more persuasive.  The LWDA notice requirement "is intended to protect businesses by putting them on notice of violations such that they can remedy those violations without litigation." Hamilton v. Genesis Logistics, No. CV 13-01848 DDP (VBKx), 2013 WL 3168373, at *5 (C.D. Cal. June 20, 2013).  Because Plaintiff's notice only specifically complains about Defendants' "hav[ing] no policy in place to compensate . . . employees for these missed meal and rest breaks as required by law," it is insufficient to satisfy the notice requirement for meal break law violations that are separate and apart from the complained of meal time policy.  That is, the LWDA notice is sufficient only as to alleged meal time violations that occurred before Defendants amended their policy in October 2014.  Thus, summary judgment is GRANTED in Defendants' favor on this issue.

### G.  Civil Penalties Under California Labor Code § 558

Again contesting the sufficiency of Plaintiff's LWDA notice, Defendants argue that it was insufficient to allow her to pursue the civil penalties set out in California Labor Code § 558.  MPSJ, at 13.  This is because Plaintiff's LWDA notice did not mention § 558.  Id.  However, § 558 is not a provision that can be violated, but merely sets out the calculation of penalties for violations of that chapter of the California Labor Code.  Plaintiff provided notice as to alleged violations of § 512—which falls in that chapter— and thus Plaintiff's LWDA notice was sufficient for her to collect the civil penalties set out in § 558 under PAGA.  Summary judgment on this issue is therefore DENIED.

### H.  Penalties Available for Wage Statement Violations

Where a section of the California Labor Code does not provide for civil penalties, PAGA supplies "default" civil penalties.  See Cal. Labor Code § 2699(f).  Wage statement violations are set out in California Labor Code § 226.  The statute also spells out a civil penalty for violations, id. § 226.3, as well as a separate penalty for knowing violations, id. §226(e)(1).  Plaintiff, though, seeks to collect the default § 2699(f) civil

12

penalties for wage statement violations, rather than the civil penalties set out in § 226.3 for such violations.

Plaintiff argues that § 2699(f)'s default civil penalties apply because the penalties under § 226(e)(1) for knowing violations are statutory penalties, not civil penalties. Pl.'s Opp'n to MPSJ, at 17–18 (citing Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 5522142, at *9 (E.D. Cal. Sept. 16, 2015)). However, the status of § 226.3(e)(1) penalties has no impact on the analysis here. Because § 226.3 sets out a civil penalty for all violations of § 226, PAGA's default civil penalties do not apply to wage statement violations. Thus, a PAGA plaintiff can collect civil penalties set out in § 226.3, and, if the wage statement violations create "injury as a result of a knowing and intentional" violation, the statutory penalties set out in § 226(e)(1).

Accordingly, Plaintiff cannot collect PAGA's default civil penalties for wage statement violations, whether or not they are knowing or intentional, and summary judgment is GRANTED on the issue in favor of Defendants.

### I.  PAGA Civil Penalties for Meal Time Violations

The parties similarly dispute the application of PAGA civil penalties under California Labor Code § 558 for meal time violations. California Labor Code § 226.7 requires an employer to pay employees an hour of pay for each required meal period that the employer fails to provide. Defendants argue that this hour of pay is a civil penalty, preempting the civil penalty set out in § 558 labor code violations. MPSJ, at 14–15. In support of their argument, Defendants rely exclusively on Ruelas v. Costco, 67 F. Supp. 3d 1137 (N.D. Cal. 2014). However, Ruelas did not address the California Supreme Court's holding in Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094 (2007). In Murphy, the court held that the amount paid under § 226.7 "is a premium wage intended to compensate employees, not a penalty," id. at 1114, foreclosing Defendants' argument.

Because California law explicitly holds that § 226.7 does not provide a civil penalty, Defendants' motion is DENIED as to this issue. For meal time violations,

Plaintiff can seek both the statutory remedy provided in § 226.7 as an individual and the civil penalties defined in § 558 under PAGA.

### J. Availability of § 203 Penalties

Defendants cite Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1255–56 (2012), for the proposition that failure to pay § 226.7 meal time penalties does not support a claim under § 203 for nonpayment of wages. Plaintiff does not contest this argument, and indeed the California Supreme Court's decision in Kirby—which held that a § 226.7 meal time penalty is not an "'action brought for the nonpayment of wages' within the meaning of" a similar section of the California Labor Code, 53 Cal. 4th at 1254—strongly indicates that failure to pay § 226.7 meal time penalties cannot support a claim for nonpayment of wages. Accordingly, Defendants' motion is GRANTED on this issue.

### K. Whether Missed Meal Periods Can Form the Basis of a Deficient Wage Statement Claim

As previously discussed, California Labor Code § 226 sets out requirements for wage statements, and, along with § 226.3, provides for penalties if those requirements are not met. Defendants contend that failure to pay a missed meal period wage does not contravene § 226's requirement that wage statements accurately set out gross and net wages earned. MPSJ, at 17. Two interpretations of the California Supreme Court's decision in Kirby inform the Court's analysis.

In Kirby, the California Supreme Court held that a § 226.7 meal time penalty is not an "'action brought for the nonpayment of wages' within the meaning of section 218.5." 53 Cal. 4th at 1254. This is because although the amount paid under § 226.7 is a wage, "Section 226.7 is not aimed at protecting or providing employees' wages." Id. "Instead, the statute is primarily concerned with ensuring the health and welfare of employees by requiring that employers provide meal and rest periods . . . ." Id.

Following this logic, at least one court has held that § 226.7's purpose similarly diverges from § 226, and that "the purpose of Section 226 was for transparency, not for

14

double recovery." Jones v. Spherion Staffing LLC, No. LA CV11-06462 JAX (JCx), 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7, 2012). Accordingly, that court held that failure to pay an hour's wage for a missed meal period could not support a cause of action based on a deficient wage statement. Id. Conversely, other courts have held that Kirby did not disturb prior cases that allowed for such claims to be brought. See, e.g., Thomas-Byass v. Michael Kors Stores (Cal.), Inc., Case No. EDCV 15-369 JGB (KKx), 2015 U.S. Dist. LEXIS 164690, at *23 (C.D. Cal. Sept. 16, 2015); Abad v. Gen. Nutrition Ctrs., Inc., No. SACV 09-00190-JVS, 2013 WL 4038617, at *3 n.4 (C.D. Cal. Mar. 7, 2013); Avilev. Pinkerton Gov't Servs., 286 F.R.D. 450, 465 (C.D. Cal. 2012).

Though it appears as though more courts agree that a § 226.7 violation (missed meal period) can support a § 226 claim (deficient wage statement), this Court finds the opposite conclusion better reasoned and more logically consistent with Kirby. Thus, summary judgment is GRANTED for Defendants on this issue.

### L. Whether Missed Meal Periods Can Form the Basis of an Award of Interest

Plaintiff does not contest Defendant's claim that a missed meal period cannot support an award of interest under California Labor Code § 218.6. Indeed, Kirby forecloses opposition to Defendants' argument given that § 218.6 applies only in an "action brought for the nonpayment of wages" and Kirby's holding that a suit premised on missed meal periods is not one for nonpayment of wages as defined in an analogous section. Accordingly, summary judgment is GRANTED to Defendants on this issue.

### M. Recovery of Unpaid Wages Under PAGA

California Labor Code § 558 provides civil penalties for underpaying employees. Those civil penalties also include "an amount sufficient to recover underpaid wages," which "shall be paid to the affected employee." Cal. Civ. Code § 558(a); see also Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112, 1132–33 (2012). Defendants argue that Plaintiff cannot recover underpaid wages as civil penalties and underpaid wages as restitutionary relief. MPSJ, at 18. Plaintiff, conversely, argues she

1  is entitled to both, essentially arguing she can recover unpaid wages twice, despite her
2  assertions otherwise.  Pls.' Opp'n to MPSJ, at 19.

3  The parties provide no authority that adequately addresses either position.
4  Defendants rely on Beebe v. Mobility, Inc., No. 07CV1766 BTM (NLS), 2008 WL
5  474391, at *6 (S.D. Cal. Feb. 20, 2008), for the proposition that underpaid wages are not
6  recovered as civil penalties under PAGA.  Plaintiff, however, correctly points out that
7  Beebe's conclusion is directly undercut by the California Court of Appeal's ruling four
8  years later in Thurman that underpaid wages constitute civil penalties under PAGA.
9  203 Cal. App. 4th at 1132–33.  Regardless, the terms of the statute itself vindicates
10 Defendants' position that underpaid wages cannot be recovered both as civil penalties
11 and as restitutionary relief.

12 Section 558 only allows the collection of civil penalties in "an amount sufficient to
13 recover underpaid wages."  If those wages are recovered by means other than a civil
14 penalty, then any civil penalty premised on underpayment of wages would be exclusive
15 of those underpaid wages.  That is, if underpaid wages have all been recovered by
16 another means, no civil penalty is needed to recover them.  The amount "sufficient to
17 recover" already recovered wages would be $0.  Accordingly, summary judgment is
18 GRANTED in favor of Defendants on this issue.  If Plaintiff successfully recovers
19 underpaid wages through restitutionary relief, any civil penalty based on Defendants'
20 underpayment will be exclusive of the amount of wages underpaid.

21 **N.     Application of California Labor Code § 558 to "Straight Time" Wages**

22 Defendants next contend that PAGA does not allow Plaintiff to recover "straight
23 time" wages that were underpaid.  MPSJ, at 19.  They argue that reporting time pay and
24 meal period premium wages, which are to be paid at an employee's regular rate of pay,
25 cannot be collected as a civil penalty under § 558.  Id.  They support their claim by
26 arguing § 558 is limited only to violations of §§ 500–558.1, and that those sections
27 "govern[] only 'maximum hours' and 'conditions of labor.'"  However, it is § 512 that sets
28 out meal period requirements, and thus § 558 applies.  Accordingly, PAGA allows for

recovery of civil penalties for both kinds of violations and Defendants' motion is DENIED on the issue.

However, as discussed above, Plaintiff is only entitled to recover unpaid wages once. If she is successful in recovering them as a part of restitutionary relief, any civil penalty recovered under PAGA will be exclusive of underpaid wages. If she instead only recovers underpaid wages under PAGA, any civil penalties levied will be in an amount sufficient to recover underpaid wages only once.

### O.   Civil Penalties Under California Labor Code § 1198

Defendants finally challenge Plaintiff's ability to recover another set of penalties under California Labor Code § 1198 for all alleged labor code violations. MPSJ, at 20. Section 11198 states, "[t]he employment of any employee for longer hours than those fixed by the order [of the Industrial Welfare Commission] or under conditions of labor prohibited by the order is unlawful." Plaintiff contends that any violation of any IWC wage order is a violation of § 1198, allowing collection of civil penalties under PAGA. Pl.'s Opp'n to MPSJ, at 20. However, § 1198 only renders unlawful "employment of any employee for longer hours" than allowed by the IWC or "under conditions of labor prohibited by" the IWC. See McKenzie v. Fed. Exp. Corp., 765 F. Supp. 2d 1222, 1235–36 (C.D. Cal. 2011). Plaintiff does not allege claims that fall under these categories, and only baldly claims that "by definition, § 1198 PAGA penalties apply to unpaid wages." Pl.'s Opp'n to MPSJ, at 20. The only case cited by Plaintiff reached the opposite conclusion as the one she advocates. See McKenzie, 765 F. Supp. 2d at 1235 ("FedEx contends that because the requirement to include date ranges on a wage statement does not pertain to 'conditions of labor' or 'hours of work,' as required by Section 1198, this cause of action fails. The Court agrees." (citation omitted)).

Accordingly, Defendants' motion is GRANTED on the issue; Plaintiff has failed to establish that any of her claims constitute violations of § 1198.

///

///

**CONCLUSION**

As described above, Defendants' Motion for Partial Summary Judgment, ECF No. 67, is GRANTED in part and DENIED in part.

1. Defendants' Motion regarding reporting time pay is GRANTED. Plaintiff's claims fail to the extent they allege a provision of two hours' pay is required when an employee does not physically report for work.

2. Defendants' Motion regarding second meal breaks is GRANTED. Plaintiff's claims fail to the extent they allege a second meal break is required separate and apart from a break between two work periods that cumulatively result in a work day of ten or more hours.

3. Defendants' Motion regarding Plaintiff's claim that her regular rate of pay should have included her bonus in calculating overtime pay is DENIED.

4. Defendants' Motion regarding Plaintiff's claims premised on California Labor Code § 256 is GRANTED. Plaintiff's § 256 claims fail.

5. Defendants' Motion regarding PAGA's statute of limitations is GRANTED in part. Plaintiff's PAGA claims are time-barred as to any alleged labor code violations that occurred prior to December 15, 2013.

6. Defendants' Motion regarding Defendants' meal time policy change is GRANTED. Plaintiff may not pursue PAGA claims for meal time violations that occurred after Defendants' October 2014 policy change due to the failure to provide adequate notice under California Labor Code § 2699.3(a)(1)(A).

7. Defendants' Motion challenging the sufficiency of Plaintiff's notice under California Labor Code § 2699.3(a)(1)(A) to pursue the civil penalties set out in California Labor Code § 558 is DENIED.

///
///

1    8.   Defendants' Motion regarding whether Plaintiff can recover civil penalties
2         under California Labor Code § 2699(f) for wage statement violations is
3         GRANTED.  Plaintiff may not recover such civil penalties.
4    9.   Defendants' Motion regarding statutory remedies and civil penalties for
5         meal time violations is DENIED.  For meal time violations, Plaintiff can
6         seek both the statutory remedy provided in § 226.7 as an individual and
7         the civil penalties defined in § 558 under PAGA.
8    10.  Defendants' Motion regarding Plaintiff's claims under California Labor
9         Code § 203 for nonpayment of wages premised on a failure to pay meal
10        time penalties is GRANTED.  Plaintiff may not pursue such claims.
11   11.  Defendants' Motion regarding Plaintiff's claims under California Labor
12        Code § 226 for wage statement violations premised on a failure to pay
13        meal time penalties is GRANTED.  Plaintiff may not pursue such claims.
14   12.  Defendants' Motion regarding Plaintiff's attempt to recover interest under
15        California Labor Code § 218.6 for failure to pay meal time penalties is
16        GRANTED.
17   13.  Defendants' Motion regarding the ability to recover underpaid wages
18        pursuant to PAGA is GRANTED.  Any recovery of underpaid wages
19        pursuant to PAGA shall only be sufficient to recover those wages once,
20        taking into consideration any and all recovery Plaintiff ultimately obtains.
21   14.  Defendants' Motion regarding the availability of civil penalties under § 558
22        is DENIED.  Plaintiff may collect reporting time pay and meal period
23        premium wages as a civil penalty under § 558.
24   ///
25   ///
26   ///
27   ///
28   ///

15. Defendants' Motion regarding Plaintiff's claims under California Labor Code § 1198 is GRANTED.

IT IS SO ORDERED.

Dated: February 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE