UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, | No. 2:15-cv-00081-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LINCARE INC.; ALPHA RESPIRATORY INC.; and DOES 1 through 50, | |
| Defendants. | |

In this putative class action, Plaintiff Christina Culley alleges various employment claims under California law against her former employers, Defendants Lincare Inc. and Alpha Respiratory Inc. Apart from her class action claims, Plaintiff also sets forth several claims under California's Private Attorney General Act ("PAGA"). On October 20, 2016, Defendants filed a Motion for Partial Summary Judgment, ECF No. 67, in which they sought to resolve 15 legal issues. The Court granted that motion in part and denied it in part in its February 21, 2017, Memorandum and Order. ECF No. 75. Now before the Court is Defendants' Motion for Leave to File Second Motion for Summary Judgment, ECF No. 76, and Plaintiff's Ex Parte Application to Strike Defendants' Second Motion for

///

///

Summary Judgment, ECF No. 83. For the reasons that follow, Defendants' Motion is GRANTED and Plaintiff's Ex Parte Application is DENIED.[1]

## BACKGROUND

Defendants employed Plaintiff as a Healthcare Specialist from September 2010 through September 2015. Plaintiff worked as a non-exempt employee and claims she was entitled to overtime pay and meal and rest breaks. Defendant Lincare Inc. paid her on an hourly basis, and she received a bonus as additional compensation. In addition to eight-hour shifts, she was also expected to be on-call certain evenings and weekends to handle customer issues that arose outside regular business hours.

On August 10, 2016, the Court certified Plaintiff's two proposed classes, defined as:

> (1) all individuals who are or previously were employed by Defendants as nonexempt employees during October 21, 2010, to the present (the "Class Period"), for (a) failure to pay overtime wages under the UCL and California Labor Code section 510 (the "overtime claim"), and (b) "failure to put in place a lawful meal period policy applicable up to the change in policy occurring in October 2014" under the UCL (the "meal period claim"), and (2) a subclass of Healthcare Specialist and Service Representative employees for failure to pay reporting time wages under the UCL (the "reporting time claim").

Mem. & Order, ECF No. 59, at 6. The Court's February 21, 2017, Memorandum and Order adjudicating Defendants' original Motion for Summary Judgment disposed of some of Plaintiff's causes of action as legally insufficient and circumscribed the relief available to Plaintiff under the relevant statutes.

///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

**DISCUSSION**

"[D]istrict courts have discretion to entertain successive motions for summary judgment . . . ." Hoffman v. Tonnemacher, 593 F. 908, 911 (9th Cir. 2010). At the same time, "district courts retain discretion to 'weed out frivolous or simply repetitive motions.'" Id. (quoting Knox v. Sw. Airlines, 124 F.3d 1103, 1106 (9th Cir. 1997)). In the Pretrial Scheduling Order, the Court ordered the parties to file only one summary judgment motion or cross-motion, and to seek leave of the Court if they wanted to file additional motions. Pretrial Scheduling Order, ECF No. 52, at 4.

Defendants wish to move for summary judgment on three issues: (1) Plaintiff's unpaid overtime claim; (2) Plaintiff's meal period claim; and (3) the constitutionality of certain penalties sought by Plaintiff. See Defs.' Mem. of P & A in Supp. of Mot. for Leave to File Second Mot. Summ. J. ("Defs.' Mot."), ECF No. 76-1, at 2–4. Defendants claim that new evidence—expert testimony—shows that the Defendants included their quarterly bonus in the calculation of the class members' overtime pay rate. Id. at 2–3. They also contend that, "[n]ow that discovery has closed, . . . it is clear that the class does not have a viable damages model" that would allow Plaintiff's meal period claim to proceed on a class basis. Id. at 3. Finally, Defendants argue that, in light of the Court's ruling on the original Motion for Summary Judgment, the penalties sought for certain violations are unconstitutionally excessive. Id. at 4 ("Plaintiff, for example, is owed only 87 cents in overtime, making her claim for penalties in excess of $6,000 unconstitutionally excessive.").

Plaintiff initially opposes the motion by arguing that there is no expanded factual record to support the filing of a second motion. See Pl.'s Opp'n at 4–5. This is because, she claims, "the sole expansion of the factual record is [an] expert report . . . , but that expert report does not rely on any fact that was unknown to the Defendants when the first Motion for Summary Judgment was filed." Id. at 4. Plaintiff also argues that Defendants' opposition to the meal period claim is both frivolous and repetitive,

3

duplicating their opposition to class certification. See id. at 6–8.

Plaintiff's arguments are unavailing. An expert report certainly constitutes evidence, regardless of the facts relied upon in creating that report. Additionally, Defendants' objection to the meal period claim is not duplicative of prior arguments. Instead, "Defendants intend to challenge the proposed damages model of the class as unworkable." Defs.' Mot., at 3. Defendants claim that Plaintiff has failed to provide sufficient evidence to allow the meal period claim to proceed on a class-wide basis. See id. Furthermore, Plaintiff's expert report on the subject of a damages model was submitted only on March 9, 2017, well after Defendants filed their original motion for summary judgment. Defs.' Reply, ECF No. 79, at 8. Accordingly, the Court finds that Defendants' proposed Second Motion for Summary Judgment ("Second MSJ"), ECF No. 81, is neither frivolous nor repetitive. Instead, it appears likely that allowing a second motion for summary judgment will "foster the 'just, speedy, and inexpensive' resolution' of this suit," Hoffman, 593 F.3d at 911 (quoting Fed. R. Civ. P. 1), by resolving several issues prior to trial. Thus, Defendants' Motion is GRANTED.[2]

///
///
///
///
///
///
///

---

[2] Defendants filed their Second MSJ before the Court ruled on their motion for leave to file such a motion. That motion was filed "out of an abundance of caution," "[s]ince the deadline to file summary judgment motions [was] April 6, 2017." Id. at 2 n.1. Defendants also note in that motion that "[i]if the Court denies the motion for leave, then Defendants will . . . withdraw this motion." Id.
Plaintiff filed an Ex Parte Application to Strike Defendants' Second MSJ, based primarily on "the prejudice of incurring fees and costs in opposing the second motion for summary judgment." Pl.'s Ex Parte Appl., at 2. Plaintiff, however, provides no justification for why the extreme remedy of striking the Second MSJ is appropriate. Given Plaintiff's concerns about the potential of preparing an unnecessary opposition, she could have requested relief from the Pretrial Scheduling Order's briefing schedule or some other less drastic remedy. Additionally, Plaintiff's objection to Defendants' evidence is more properly addressed in an opposition to the Second MSJ itself. Plaintiff's Ex Parte Application is DENIED.

**CONCLUSION**

For the reasons provided, Defendants' Motion for Leave to File Second Motion for Summary Judgment, ECF No. 76, is GRANTED, and Plaintiff's Ex Parte Application to Strike Defendants' Second Motion for Summary Judgment, ECF No. 83, is DENIED.

IT IS SO ORDERED.

Dated: April 24, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE