UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, | No. 2:15-cv-00081-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LINCARE INC.; ALPHA RESPIRATORY INC.; and DOES 1 through 50, | |
| Defendants. | |

In this class action, Plaintiff Christina Culley alleges various employment claims under California law against her former employers, Defendants Lincare Inc. and Alpha Respiratory Inc. Apart from her class claims, Plaintiff also sets forth several claims under California's Private Attorney General Act ("PAGA"). Defendants previously moved for partial summary judgment, seeking to dispose of some of the causes of action and to circumscribe the relief available to Plaintiff under the relevant statutes. ECF No. 67. That motion was granted in part and denied in part. ECF No. 75. In light of the Court's ruling and the evidence available at the close of discovery, Defendants moved for leave to file a second motion for summary judgment, ECF No. 76, which was granted, ECF No. 85. Now before the Court are Defendants' Second Motion for Summary Judgment ("Second MSJ"), Motion to Decertify, Motion to Exclude, and Motion to Strike. ECF

Nos. 81, 87–88, 90. For the reasons provided below, Defendants' Second MSJ is GRANTED IN PART and DENIED IN PART, the Motion to Decertify is GRANTED, while the Motion to Exclude and the Motion to Strike are DENIED.[1]

**BACKGROUND**

Defendants employed Plaintiff as a Healthcare Specialist from September 2010 through September 2015. Plaintiff worked as a non-exempt employee and claims she was entitled to overtime pay and meal and rest breaks. Defendant Lincare Inc. paid her on an hourly basis, and she received a bonus as additional compensation. In addition to eight-hour shifts, she was also expected to be on-call certain evenings and weekends to handle customer issues that cropped up outside regular business hours.

Plaintiff originally initiated this action in state court on October 21, 2014, alleging various violations of the California Labor Code, and Defendants subsequently removed the case here. On January 21, 2016, Plaintiff filed a First Amended Complaint ("FAC"), ECF No. 43, to include her PAGA claims.

On August 10, 2016, the Court certified Plaintiff's two proposed classes, defined as:

> (1) all individuals who are or previously were employed by Defendants as nonexempt employees during October 21, 2010, to the present (the "Class Period"), for (a) failure to pay overtime wages under the UCL and California Labor Code section 510 (the "overtime claim"), and (b) "failure to put in place a lawful meal period policy applicable up to the change in policy occurring in October 2014" under the UCL (the "meal period claim"), and (2) a subclass of Healthcare Specialist and Service Representative employees for failure to pay reporting time wages under the UCL (the "reporting time claim").

Mem. & Order, ECF No. 59, at 6.

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

# DISCUSSION

As the four motions before the Court somewhat overlap, the Court addresses the motions jointly where appropriate.

## A. Reporting Time Claim

Under California law, an employee is entitled to two hours' pay if she is "required to report to work for a second time in any one workday and is furnished less than two (2) hours of work on the second reporting." Cal. Code Regs. tit. 8, § 11040(5)(B). Plaintiff alleges that, in the time when she was on-call and responded to a customer, she was only paid for the actual time she spent working on that customer's issue instead of receiving two hours' pay. Originally, Plaintiff also took the position that she was entitled to two hours' pay for such work regardless of whether she physically reported to work or completed the required work by telephone. However, in adjudicating Defendants' prior motion for partial summary judgment, the Court held that the regulation entitled Plaintiff and the other class members to two hours' pay only when they physically reported to work. Mem. & Order, ECF No. 75, at 6. Defendants now seek to decertify the class with regard to Plaintiffs' reporting time claim, arguing a lack of numerosity and typicality, and that individual issues will now predominate. Mot. to Decertify, at 4–11.

Numerosity requires a showing that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In making such a determination, courts address the following factors:

> (1) the number of individual class members; (2) the ease of identifying and contacting class members; (3) the geographical spread of class members and (4) the ability and willingness of individual members to bring claims, as affected by their financial resources, the size of the claims, and their fear of retaliation in light of an ongoing relationship with the defendant.

Twegbe v. Pharmaca Integrative Pharmacy, Inc., No. CV 12-5080 CRB, 2013 WL 3802807, at *2 (N.D. Cal. July 17, 2013) (citing Greko v. Diesel U.S.A., Inc., 277 F.R.D. 419, 425 (N.D. Cal. 2011); 7A Charles Alan Wright, et al., Federal Practice & Procedure

§ 1762 (3d ed. 2002); Joseph M. McLaughlin, McLaughlin on Class Actions § 4.6 (10th ed. 2013); William B. Rubenstein, Newberg on Class Actions § 3:11 (5th ed. 2011)).

When certifying the class, the Court found sufficient numerosity by including in its analysis all 45 employees that had potential claims.  Mem. & Order, ECF No. 59, at 8.  After the close of discovery, Plaintiff now identifies only 20 members of the class that have potential reporting time claims.[2]  Defendants argue that decertification is appropriate because 20 class members are generally considered insufficient to establish numerosity.  See Twegbe v. Pharmaca Integrative Pharmacy, Inc., No. CT 12-5080 CRB, 2013 WL 3802807, at *2 (N.D. Cal. July 17, 2013) ("[T]he numerosity requirement is usually satisfied where the class comprises 40 or more members, and generally not satisfied when the class comprises 21 or fewer members.").  Furthermore, Defendants argue that joinder is practicable here because "Plaintiff knows each of the 19 absent subclass action, . . . each of them has received notice of this action," and "[a]ll 20 class members live in this district."  Defs.' Mot. to Decertify, at 6–7.  Finally, Defendants point to "Plaintiff's open reliance on live testimony from absent class members to establish liability and collect damages" as indicative of joinder's practicability.  Id. at 7.

The Court agrees that the reporting time claim now lacks numerosity and that joinder is practicable based on the factors Defendants have identified.  Plaintiff does not address these factors, but only baldly contends numerosity continues to exist because "the 20 employees who suffered reporting time damages . . . 'are also members of the meal period claim.'"  Pl.'s Opp'n to Mot. to Decertify, ECF No. 91, at 19.  This is insufficient justification to allow the reporting time claim to proceed as a class claim, given the other factors counseling decertification.  Accordingly, Defendants' Motion to Decertify is GRANTED as to the reporting time claim.[3]

///

---

[2] Plaintiffs initially identified 23 class members with such claims, see Decl. of Eric Lietzow, ECF No. 44-3 Ex. D, but three opted out of the class, see Decl. of David L. Cheng, ECF No. 87-2, Ex. L.

[3] Because the Court finds that numerosity is now lacking, it does not address Defendants' other arguments.

4

**B.     Meal Period Claim**

Defendants move for summary judgment that Plaintiff's damages model for her meal period claim is inadequate and also move to decertify the class on that same basis. Defs.' Second MSJ, at 9–12; Defs.' Mot. to Decertify, at 11–15.

**1.     Summary Judgment Standard**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

///

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

### 2. Analysis

Under California Labor Code § 226.7(c), an employer must pay an hour of pay for "each workday that [a] meal . . . period is not provided." However, employees may choose not to take breaks or to wait before taking them without exposing an employer to liability under § 226.7. See Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1040 (2012). In support of her Motion for Certification, Plaintiff stated that she is not seeking to establish "that Defendant[s] violated the meal period laws;" instead Plaintiff alleges only that Defendants "unfairly or deceptively failed to pay meal premiums" for missed meal breaks. Mem. & Order, ECF No. 59, at 13–14 (alteration in original) (quoting Pl.'s Mem. of P. & A. in Supp. of Mot. for Class Certification ("Pl.'s Mot. to Certify"), ECF No. 44-1, at 19).

Accordingly, Plaintiff brings her claim under California's Unfair Competition Law ("UCL")—not directly under § 226.7—and her UCL theory aligns with the one accepted by the California Court of Appeals in Safeway, Inc. v. Superior Court, 238 Cal. App. 4th 1138 (2015). In that case, the plaintiffs' "theory predicate[d] liability on petitioners' alleged practice of never paying meal break premium wages when required, and s[ought] restitution for the class-wide loss of the statutory benefits implemented by section 226.7, not the premium wages accrued by class members." Id. at 1161. Accepting the theory articulated in Safeway, the Court certified Plaintiff's meal break claim. See Mem. & Order, ECF No. 59, at 13–14.

Pertinent to the instant motion, the Safeway court also addressed the issue of damages under such a theory. In Safeway, the plaintiffs attempted to provide a model for restitution to compensate for the loss of the benefits provided by § 226.7 through a "market value" approach. 238 Cal. App. 4th at 1162. The Court of Appeals did not rule on that model's viability, directing the trial court to do so. Id. The model was ultimately

///

rejected by the trial court.  See Esparza v. Safeway, Inc., No. BC369766 (Super. Ct. L.A. County Sept. 2, 2016).[4]

Plaintiff's model proposed here is fairly simple:  Plaintiff seeks an hour's pay on behalf of the class for each time a meal break was not taken or taken late.  See Pl.'s Opp'n to Second MSJ, at 9.  That is, Plaintiff seeks to recover an hour's pay whether or not Defendants committed a violation, as Plaintiff makes no attempt to distinguish breaks that were missed or delayed due to the employee's own preferences.  This is inconsistent with both Plaintiff's theory of liability and Safeway.

In opposition to the Second MSJ, Plaintiff states she "seek[s] the unpaid accrued meal break premiums."  Id. at 10.  This is plainly inconsistent with her theory of certification in which she explicitly stated that she "does not ask the Court to find that Defendant[s] violated the meal period laws under the California Labor Code."  Pl.'s Mot. to Certify, at 19.  As Plaintiff points out, an employee is entitled to an hour's pay only "[w]hen an employer violates its duty to provide an off-duty meal break."  Pl.'s Opp'n to Second MSJ, at 10.  Plaintiff cannot simultaneously disavow alleging that Defendants violated California meal period law and collect wages that accrue only when California meal period laws are violated.  By doing so, Plaintiff is attempting to collect per-violation damages without having to prove that any violation in fact occurred, which is untenable on its face.

Plaintiff's damages model is also in direct conflict with the accepted theory in Safeway.  The court noted that the plaintiffs in that case sought "restitution for the class-wide loss of the statutory benefits implemented by section 226.7, not the premium wages accrued by class members."  Safeway, 238 Cal. App. 4th at 1161.  While ultimately determined to be inadequate, the Safeway plaintiffs' "market value" approach sought to put a value on that "loss of the 'statutory protections.'"  Id. at 1162.  Here, Plaintiff's proposed damages model is wholly unconnected to such a loss, or to any specific loss resulting from Defendants' allegedly unfair and deceptive treatment of meal breaks.

---

[4] Defendants provide a copy of the order at ECF No. 81-4 on pages 131–40.

Accordingly, Defendants' motion for summary judgment is GRANTED on the issue. Furthermore, because of the incongruence between Plaintiff's theory of liability and her damages model, Defendants' Motion to Decertify is GRANTED regarding the meal break claim. See Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013) ("[A]ny model supporting a 'plaintiff's damages case must be consistent with its liability case . . . .'").

### C.  Overtime Claim

The parties dispute whether Plaintiff's bonus should have been included in her—and the class members'—regular rate of pay for purposes of calculating overtime rates pursuant to California Labor Code § 510(a). When defining the term "regular rate of pay" for such purposes, California courts look to the Fair Labor Standards Act ("FLSA"). Advanced-Tech Sec. Servs., Inc. v. Superior Court, 163 Cal. App. 4th 700, 707 (2008). Under the FLSA, an employee's regular rate of pay does not include discretionary bonuses, but it does include non-discretionary bonuses. See 29 U.S.C. § 207(e)(3) (excluding bonuses from an employee's regular rate of pay unless made "pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly").

Plaintiff claims that the bonus she and the class received was non-discretionary and thus improperly excluded from their regular rate of pay for purposes of calculating overtime. In the prior Memorandum and Order adjudicating Defendant's first motion for summary judgment, the Court held that the bonus plan was ambiguous and that therefore an issue of fact remained, precluding summary judgment on the issue. Mem. & Order, ECF No. 75, at 7–8. In light of that ruling, Defendants now move to decertify the bonus overtime pay claim on the basis that individual issues will predominate any determination as to whether the bonus is discretionary or not. Defs.' Mot. to Decertify, at 18–19.

Defendants contend that individual issues now predominate because the plan was not uniformly applied and because the extrinsic evidence required to determine the

plan's meaning will be specific to each individual employee. Id. at 18. In the Court's prior Memorandum and Order, it noted that the relevant federal regulations provide the following:

> Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. . . . [B]onuses for quality and accuracy of work . . . and the like are in this category.

Mem. & Order, ECF No. 75, at 7 (quoting 29 C.F.R. § 778.211(c)). In light of these regulations, the Court found a genuine issue to exist over the terms of the bonus due to the plan's ambiguity and Plaintiff's "testimony that she was under the impression that the bonus was 'based off of your performance' and the amount received were based off of 'how good you do'" and her testimony that the bonus "induced her to take the job and work harder." Id. In light of this ruling, Defendants contend that adjudication of Plaintiff's overtime bonus claim requires "examining each class member's understanding of the bonus." Defs.' Mot. to Decertify, at 19.

In response, Plaintiff only argues that the bonus plan is non-discretionary on its face. See Pl.'s Opp'n to Mot. to Decertify, at 17–18. However, as described above, the Court already found the bonus plan to be ambiguous on that point. Mem. & Order, ECF No. 75, at 7–8. Because Plaintiff provides no explanation why individual issues will not now predominate in the determination of the plan's discretionary nature, Defendants' Motion to Decertify is GRANTED regarding Plaintiff's overtime bonus claim.

Defendants also move for partial summary judgment on the claim. Despite their claim that the bonus was discretionary, Defendants contend that they nevertheless made payments to their employees that incorporated the bonus into the employees' regular rate of pay for overtime purposes. Defs.' Second MSJ, at 12–14. Specifically, Defendants contend that "all but 12 of [the class members] have been paid any and all additional overtime that would have been owed as a result of the payment of quarterly bonuses if it were determined to be non-discretionary." Id. at 12–13. Because the class is decertified regarding the overtime bonus claim, and Plaintiff is not among those

1 Defendants claim to have adequately paid the disputed overtime bonus, Defendants'
2 Second MSJ is DENIED AS MOOT on the issue.[5]

### D.  Waiting Time Penalties

Plaintiff seeks waiting time penalties under California Labor Code § 203, which provides:

> If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Labor Code. § 203(a).  The parties dispute the application of this statute to class actions.  Because waiting time penalties accrue until suit is filed to recovery unpaid wages, Defendants argue that this suit's filing date of October 21, 2014, is the cutoff date for all class members' waiting time penalties.

Because the class is now decertified, however, the Court need not reach the issue.  At the same time, Plaintiff does not dispute that her waiting time penalties were cut off by the filing of her suit.  Accordingly, Defendants' Second MSJ is GRANTED IN PART on the issue—the filing of this suit in the Sacramento County Superior Court on October 21, 2014, cut off Plaintiff's ability to obtain waiting time penalties for herself as of that date.

### E.  Constitutionality of Waiting Time Penalties

Defendants also claim that the waiting time penalties sought by Plaintiff are unconstitutionally excessive.  Defs.' Second MSJ, at 15.  They claim, as an example, that Plaintiff was only underpaid by $4.06, but is seeking "over $6,000 in waiting time penalties."  Id. at 16.  In response, Plaintiff argues that addressing the constitutionality of such penalties would be "premature."  Pl.'s Opp'n to Second MSJ, at 15; see also

---

[5] Because the overtime bonus claim is decertified on the basis that individual issues will predominate, the Court similarly does not address Defendants' numerosity argument that the 12 class members whom Defendants do not claim to have adequately paid are insufficiently numerous to maintain class status.  See Defs.' Mot. to Decertify, at 20.

11

Provine v. Office Depot, Inc., No. C-11-00903 SI, 2012 WL 2711085, at *7 (N.D. Cal. July 6, 2012) ("Prior to a determination of defendant's liability, it is premature to analyze whether the potential penalty owed is unconstitutional."). The Court agrees that addressing the constitutionality of any waiting time penalties awarded to Plaintiff at this time is premature. Since the parties have not established the amount of waiting time penalties, if any, Plaintiff is statutorily entitled to, the Court declines to address the constitutionality of those amounts. Defendants' Second MSJ is DENIED on this issue.

### F.     Section 226.3 Penalties

Plaintiff originally calculated the civil penalties sought pursuant to PAGA for wage statement violations using the default civil penalty provided in California Labor Code § 2699(f). Mem. & Order, ECF No. 75, at 12–13. When addressing Defendants' original motion for summary judgment, the Court held that the proper penalty for such violations was the penalty set out in § 226.3, not the one set out in § 2699(f). Id. at 13. Accordingly, Plaintiff amended her penalty calculations to use § 226.3's penalties. See Pl.'s Opp'n to Second MSJ, at 18. Defendants now move to preclude her from doing so, arguing that she must first move to amend her complaint to add an explicit reference to § 226.3. Defs.' Second MSJ, at 17–18.

Defendants, however, provide no authority in support of the proposition that the exact measure of damages must be pleaded. Defendants have been put on notice that Plaintiff seeks PAGA civil penalties for wage statement violations, and in response to Defendants' first motion for summary judgment, the Court determined the proper measure of those damages. Defendants' Second MSJ is DENIED on this point.

### G.     Motion to Strike

Defendants seek to strike the following paragraph from the statement of Plaintiff's attorney Aparajit Bhowmik on the basis that it improperly offers an expert opinion:

///

///

///

> Based on Defendants' records provided to Plaintiff, there are twenty-two (22) Class Members, excluding Plaintiff, who were called back for a second shift in a work day and had fewer than two hours in the second clock in.  For each of these individuals, the amount of time by which the hours worked during the second reporting shift was less than two hours can be calculated.  This difference is then multiplied by each employee's respective hourly rate for the respective pay period in which the violation took place.  Defendants' time records do not denote whether the on-call work performed was telephonic or non-telephonic.  For purposes of trial, Plaintiff will call the Class Members to testify regarding the number of times the Class Members responded to calls while on-call such that they were required to physically report to work and how many of those incidents were under two (2) hours in length. Based on the simple nature of these calculations, an expert is not required to establish damages at trial.

Decl. of Aparajit Bhowmik, ECF No. 86-1, ¶ 9.  Defendants contend that this paragraph "is submitted as expert opinion analyzing the class member records."  Defs.' Mot. to Strike, at 3.

In support of their contention that the challenged paragraph constitutes an expert opinion, Defendants rely on Smith v. Ceva Logistics U.S., Inc., No. CV 09-4957 CAS (RCx), 2011 WL 3204682 (C.D. Cal. July 25, 2011).  In that case, the court addressed a challenge to an expert's opinion based primarily on the contention that the opinion's analysis of the relevant employee time records consisted merely of "simple arithmetic." Id. at *7.  The court, however, found the expert's testimony helpful because it "demonstrate[d] how the data may be used to establish a class-wide method of proof." Id.  Defendants take Ceva Logistics to stand for the proposition that "analyzing employee time records to determine wage and hour claims on [a] classwide basis constitutes expert testimony."  Defs.' Mot. to Strike, at 3.  However, simply because "simple arithmetic" analysis of employee time records can constitute helpful expert testimony, it does not necessary follow that all "simple arithmetic" analysis of employee time records constitutes expert testimony subject to the dictates of Federal Rule of Evidence 702.

The Court, instead, finds that the challenged paragraph—which merely explains Plaintiff's trial plan for establishing the amount of damages for her reporting time claim—

does not contain the kind of "scientific, technical, or other specialized knowledge" contemplated by Federal Rule of Evidence 702.  Defendants' Motion to Strike is accordingly DENIED.

**H.     Motion to Exclude**

Lastly, Defendants seek to exclude portions of Plaintiff's expert's opinions on the basis that they are "unreliable, fatally flawed, and/or improper legal opinions."  Defs.' Mot. to Exclude, at 1.  Specifically, Defendants challenge Eric Lietzow's calculation of the class members' regular rate of pay by incorporating the bonus payments described above in Section C and Eric Lietzow's rebuttal opinions.  See id. at 8–12.  Defendants' motion, however, is premature.  And to the extent Defendants filed the Motion to Exclude in support of their Second MSJ and Motion to Decertify, the Motion is DENIED AS MOOT since the challenged opinions have no impact on the Court's analysis.

**CONCLUSION**

For the foregoing reasons, the Court holds as follows:

1. Defendants' Motion to Decertify, ECF No. 87, is GRANTED.  The suit will proceed on Plaintiff's remaining claims on an individual basis only.
2. Defendants' Second MSJ, ECF No. 81, is GRANTED regarding Plaintiff's damages model for her meal period claim.  Plaintiff's damages model is insufficient to proceed on her meal period claim on a classwide basis.
3. Defendants' Second MSJ, ECF No. 81, is DENIED AS MOOT regarding Plaintiff's overtime claim.  In light of decertification, Court does not address the adequacy of wages paid to employees other than Plaintiff.
4. Defendants' Second MSJ, ECF No. 81, is GRANTED IN PART regarding waiting time penalties.  In light of decertification, Court does not address whether this suit cut off the waiting time penalties available to the absent class members.  However, Plaintiff's filing of this suit in state court on

October 21, 2014, cut off Plaintiff's ability to obtain waiting time penalties for herself as of that date.

5. Defendants' Second MSJ, ECF No. 81, is DENIED as premature regarding to the constitutionality of any waiting time penalties Plaintiff may be entitled to.

6. Defendants' Motion to Exclude, ECF No. 88, is DENIED as premature.

7. Defendants' Motion to Strike, ECF No. 90, is DENIED.

IT IS SO ORDERED.

Dated: August 2, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE