BLUMENTHAL NORDREHAUG & BHOWMIK
Norman B. Blumenthal (Bar No. 068687)
Kyle R. Nordrehaug (Bar No. 205975)
Aparajit Bhowmik (Bar No. 248066)
Piya Mukherjee (Bar No. 274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
norm@bamlawca.com

Attorneys for Plaintiff
CHRISTINA CULLEY

FORDHARRISON LLP
Daniel Chammas (Bar No. 204825)
dchammas@fordharrison.com
David L. Cheng (Bar No. 240926)
dcheng@fordharrison.com
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

FORDHARRISON LLP
Todd S. Aidman (*Pro Hac Vice*)
taidman@fordharrison.com
101 E. Kennedy Boulevard, Suite 900
Tampa, FL 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendants
LINCARE INC. and ALPHA RESPIRATORY INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINCARE INC., a Corporation; ALPHA RESPIRATORY INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-00081-MCE-CMK<br><br><u>CLASS ACTION</u><br><br>**JOINT NOTICE OF TRIAL READINESS**<br><br><br>Complaint Filed: October 21, 2014<br>Date of Removal: January 12, 2015<br>Trial Date: None Set |

The parties, Plaintiff Christina Culley ("Plaintiff") and Defendants Lincare Inc. ("Lincare") and Alpha Respiratory Inc. ("Alpha") (collectively "Defendants"), to the above-entitled action have conferred and hereby jointly submit this Joint Notice of Trial Readiness in accordance with the Court's Pretrial Scheduling Order dated June 22, 2016.

## I. Procedural Status

Plaintiff filed this action in state court on October 21, 2014, which Defendants subsequently removed to this Court on January 21, 2015. In her Complaint, Plaintiff brought various causes of action under the California Labor Code and Business & Professions Code, principally alleging failures to pay: overtime wages; meal break penalties; and reporting time pay. Plaintiff later amended her complaint to add a claim under the California Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA").

Both fact and expert discovery phases are now closed. Previously, the Court granted class certification of certain classes of non-exempt employees of Alpha, which the Court later decertified on August 2, 2017. (*See* Dkt. No. 99.) The Court has also issued partial summary judgment rulings on certain issues in two separate orders. (*See* Dkt. Nos. 75, 99.)

## II. Special Procedures

### A. Plaintiff's Position

Plaintiff proposes that in lieu of a live bench trial, that the matter be tried on all remaining claims based on written briefing and a documentary trial record (inclusive of any administrative record already lodged with the Court) submitted by the Parties. Accordingly, the Parties would submit a joint appendix of exhibits and deposition testimony, along with competing opening and rebuttal briefs, after which, the matter would be considered fully submitted and decided by the Court. Any evidentiary objections to the trial record of any type would be considered waived.

To the extent the Court needs to hear any live testimony following the submission of the papers, this testimony can be provided for only the witnesses the Court needs to hear once the issues are narrowed by the submission of briefs.

To the extent the Court concurs with Defendant's proposal, below, regarding a bench

trial, Plaintiff asks that the Court order the Parties to present the Court with a stipulation setting forth the dates of all submissions and filings, including the briefing schedules for any motions in limine and the submission of trial briefs, witness lists, exhibit lists. Defendant has all of the information which Defendant has requested to consider Plaintiff's proposal.

### B. Defendants' Position

Defendants are still meeting and conferring with Plaintiff on the feasibility of her proposal, and have requested additional information from Plaintiff to evaluate her request. At this time, however, Plaintiff has not provided this information. To date, Plaintiff has only submitted a previously disclosed report from her expert and has asked Defendants to guess what is still at issue based on the Court's previous rulings. Nevertheless, Defendants are skeptical of Plaintiff's proposal. It does not permit a full and sufficient consideration of the merits of Plaintiff's claims, including assessment of any fact or expert witness' credibility. Plaintiff's counter-proposal to supplement any submission through live testimony (thus, making her proposal no different than a live bench trial) only confirms that a live bench trial is the appropriate procedure for adjudicating Plaintiff's remaining claims.[1] Further, evidentiary issues still remain outstanding, including the admissibility of certain testimony promulgated by Plaintiff's expert; any evidence (testimony or otherwise) concerning the number of service call-related events occurring with the relevant time period; and the characterization of certain record evidence as meeting Plaintiff's *prima facie* burden as to certain claims.

## III. Related Cases

The Parties are not aware of any related cases pending in the Eastern District of California.

## IV. Prospects for Settlement

### A. Plaintiff's Position

Plaintiff is not amenable to resolving Plaintiff's claims on an individual basis.

---

[1] Additionally, and contrary to Plaintiff's mistaken belief, it is not the Court who makes the decision on which witnesses to call to testify. That is the Parties' decision, for which the Court may decide whether such testimony may be admitted into evidence.

### B. Defendants' Position

Defendants are amenable to resolving Plaintiff's claims on an individual basis. Plaintiff has informed Defendants that she has no interest in settlement at this time.

## V. Jury Request

### A. Plaintiff's Position

Plaintiff proposes a trial by submission in lieu of a bench trial (*see* Section I, *supra*), but in any event, is amenable to trying Plaintiff's remaining claims via a live bench trial.

### B. Defendants' Position

Defendants are amenable to trying Plaintiff's remaining claims via a live bench trial.

## VI. Estimated Trial Length

### A. Plaintiff's Position

Pursuant to Plaintiff's proposal of a trial by submission to narrow the issues followed by live testimony of any witnesses requested by the Court, to the extent necessary, the estimated length of witness testimony is not known at this time as it will be determined following the submission of briefs. Plaintiff, however, does not believe such testimony would require more than 1-2 days.

To the extent the Court orders a bench trial, based on the scope of this case, Plaintiff estimates that the entire trial can be completed within 3 days and that Plaintiff's case presentation will be 1 to 1.5 days.

### B. Defendant's Position

As previously stated, Defendants contend a bench trial is necessary. (*See supra,* Section II.B.) Plaintiff has informed Defendants that she intends on calling one fact witness and one expert witness, and estimates her case presentation to be approximately 1-2 days. Depending on the scope and content of Plaintiff's case presentation, Defendants estimate they could have at least eight fact witnesses (including three corporate witnesses and five employee witnesses) and one expert witness, and estimates their case presentation to be 4-5 days. Assuming all witnesses appear, Defendants estimate at least one week (5-7 days) will be required to conduct a bench trial.

**VII. Availability for Trial**

    **A. Plaintiff's Position**

Plaintiff's proposal for a trial by submission would not necessitate the setting of any trial dates. Plaintiff's proposal, however, also includes the appearance and examination of any witnesses the Court requests after the submission of briefs to narrow the issues. This testimony can be scheduled after the submission of Parties' papers.

To the extent the Court wishes to proceed with a bench trial, Plaintiff is agreeable to the dates proposed by Defendant, below but respectfully requests that all trial related submissions and filings be submitted to the Court pursuant to a joint stipulation by the Parties for the Court's review.

    **B. Defendants' Position**

As previously stated, Defendants contend a bench trial is necessary. (*See supra,* Section II.B.) The Parties have conferred, and generally agree that there will likely be evidentiary issues that will need to be briefed and decided prior to the commencement of trial. Given the estimated trial lengths reported by the Parties and their available dates for a 1-week trial, Defendants propose, subject to the Court's availability, that trial commence on February 12 or February 26. Should the Court require further information in order to select a trial date for the Parties or should the Court be unavailable to hear the trial on consecutive days, Defendants propose that the Court set a telephone conference so that the Parties may work with the Court in selecting mutually agreeable dates for trial.

DATED: September 5, 2017    BLUMENTHAL, NORDREHAUG & BHOWMIK

By: /s/ Piya Mukherjee
    PIYA MUKHERJEE
    Attorney for Plaintiff

DATED: September 5, 2017    FORDHARRISON LLP

By: /s/ David L. Cheng
    DAVID L. CHENG
    Attorney for Defendants

**PROOF OF SERVICE**

I, **EVELYN COOPWOOD**, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On **September 5, 2017**, I served a copy of the within document(s):

**JOINT NOTICE OF READINESS**

☒ ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

| | |
|---|---|
| Norman B. Blumenthal, Esq.<br>Kyle R. Nordrehaug, Esq.<br>Aparajit Bhowmik, Esq.<br>Piya Mukherjee, Esq.<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Tel: (858) 551-1223<br>Fax: (858) 551-1232 | Attorneys for Plaintiff CHRISTINA CULLEY |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 5, 2017**, at Los Angeles, California.

_____
EVELYN COOPWOOD