UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CULLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCARE INC.; ALPHA RESPIRATORY INC.; and DOES 1 through 50,<br><br>    Defendants. | No. 2:15-cv-00081-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Through the present motion, Plaintiff Christina Culley ("Plaintiff") seeks attorneys' fees and costs she incurred in litigating violations of California Labor Code §§ 226 and 510 and Business and Professions Code §§17200 by Defendants Lincare Inc. and Alpha Respiratory Inc. ("Defendants"). Plaintiff alleged both putative class claims and individual claims based on Defendants' purported failure to pay overtime wages, meal break penalties, and reporting time pay. Plaintiff ultimately prevailed on her individual claims after an offer of judgment was accepted, but she was unsuccessful on her class claims. Presently before the Court are Plaintiff's resulting Motion for Attorneys' Fees (ECF No. 104) and Bill of Costs (ECF No. 103), both of which Defendants oppose. As set forth below, Plaintiff's requests are GRANTED in part.[1]

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this

1

**BACKGROUND**

Plaintiff initiated this action in state court on October 21, 2014, alleging various violations of the California Labor Code and Business & Professions Code. Defendants successfully removed the matter to this Court on January 12, 2015. On May 2, 2016, after the Court granted her motion for leave to amend, Plaintiff filed a First Amended Complaint ("FAC"), alleging failures to pay overtimes wages; meal break penalties; and reporting time; and adding a claim under the California Private Attorneys General Act, California Labor Code §§ 2698, et seq. ("PAGA").

On August 10, 2016, the Court granted Plaintiff's motion for class certification, after which Defendants moved for partial summary judgment, seeking to dispose of some of the causes of action and to circumscribe the relief available to Plaintiff under the relevant statutes. ECF No. 67. Defendants' motion was granted in part and denied in part. ECF No. 75. Plaintiff was precluded from recovering civil penalties under California Labor Code §§ 218.6, 2699(f), and her California Labor Code §§ 203, 226, 256(b), PAGA claims and related violations were dismissed.

In light of the Court's ruling and the evidence available at the close of discovery, Defendants moved for leave to file a second motion for partial summary judgment, ECF No. 76, which request was granted, ECF No. 85. Defendants then filed a Second Motion for Summary Judgment, Motion to Decertify, Motion to Exclude, and Motion to Strike. ECF No. 81, 87-88, 90. Those motions were also granted in part and denied in part. ECF No. 99. The Court granted Defendants partial summary judgment as to Plaintiff's meal break claim and precluded Plaintiff from individually seeking waiting time penalties, decertified the classes, and denied the latter two motions as premature.

Plaintiff thereafter continued to pursue her individual claims, and, on October 13, 2017, Defendants made an Offer of Judgment for $10,000 which Plaintiff accepted. Given this $10,000 recovery, Plaintiff now seeks to recover her fees and costs as a

matter be submitted on briefing in accordance with E.D. Local Rule 230(g).

2

prevailing party.  Specifically, Plaintiff, who is represented by Blumenthal, Nordrehaug, and Bhowmik, seeks to recover an adjusted $450.00 per hour for work performed by Norman Blumenthal, a $400.00 hourly figure for Kyle Nordrehaug and AJ Bhowmik, $200.00 per hour for work performed by Piya Muckherjee, Nick DeBlouw, and Victoria Rivapalacio, and a $100.00 hourly figure for paralegal work performed by Frederick Goldman and Chrystal Johnson.  ECF. No. 108.

## ANALYSIS

A plaintiff is entitled as matter of law to an award of attorneys' fees and costs under California Labor Code § 218.5 and/or § 1194. Specifically, the statutes provide:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

California Labor Code § 218.5.

> Any employee receiving less that the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

California Labor Code § 1194.

A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).  Moreover, Section 55 of the California Civil Code provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees."  Cal. Civ. Code § 55.  A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128, 1134 (2002).

3

Attorneys' fees are calculated using the lodestar method, under which "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may then be adjusted based on an analysis of twelve factors as outlined by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430, n.3. Plaintiff has the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Plaintiff contends that she is the prevailing party based on her $10,000 recovery on her individual claims. She thus seeks to recover $174,028.50 in fees, $19,155.76 in legal research costs, and $5,506.72 in other costs.

According to Defendants, however, the Court should deny Plaintiff's request for attorneys' fees and costs in their entirety because Plaintiff's $10,000 judgment on her individual claims was relatively insignificant. Alternatively, Defendants argue, Plaintiff's fees should be reduced substantially given the fact that Plaintiff achieved such limited success. Indeed, Defendants submitted two partial summary judgment motions which were largely resolved in their favor and which resulted in the termination of each of Plaintiff's class claims.

The Court agrees that under Labor Code §§ 218.5 and/or 1194, Plaintiff is technically entitled to an award of attorneys' fees and costs. The Court nonetheless also

///

4

agrees with Defendants that they were, from a practical perspective, perhaps even more successful than Plaintiff when it came to defendant against her claims.

Accordingly, after carefully reviewing the nature of the litigation and the results obtained, the record in its entirety, and each of the factors articulated in Hensley, the Court finds Plaintiff's requested fees and costs to be unreasonable. The Court concludes instead that the reasonable fees and costs attributable to her successful individual claims only, as opposed to her unsuccessful class claims, is $10,000.

## CONCLUSION

For the above reasons, Plaintiff's Motion for Attorneys' Fees (ECF No. 104) and her Bill of Costs (ECF No. 103) are hereby GRANTED in part and DENIED in part. The Court awards Plaintiff $10,000 in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: September 25, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE